2408-09-001452

# ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION

CAMSOFT DATA SYSTEMS INC
(Plaintiff)

vs.

SOUTHERN ELECTRONICS SUPPLY INC
ET AL
(Defendant)

NUMBER C582741 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**FILED**

NOV 16 2009

BARBARA THOMASSIE
E.B.R. CLERK OF COURT

TO:     CIBER, INC.
        THROUGH C T CORPORATION SYSTEM
        5615 CORPORATION SYSTEM
        BATON ROUGE, LA. 70808

Attached to this citation are certified copies of the Original and Supplemental and Amended Petitions*. The petitions tell you what you are being sued for.

You must EITHER do what the petitions asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana.

If you do not do what the petitions asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for the East Baton Rouge Parish on 10-NOV-2009.

Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

Requesting Attorney: JASON L MELANCON

*Also attached are the following documents:
FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DECLARATORY JUDGMENT AND DAMAGES, AND
ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20___ and on the _____ day of _____, 20___, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, the _____ day of _____, 20___

SERVICE:      $_____
MILEAGE:      $_____          Deputy Sheriff
TOTAL:        $_____          Parish of East Baton Rouge

ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION (OOP)-2308

CERTIFIED
TRUE COPY

DEC 11 2009

BY _____
DEPUTY CLERK

EXHIBIT
A

2308-09-000576

# ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION

**CAMSOFT DATA SYSTEMS INC**
(Plaintiff)

**vs.**

**SOUTHERN ELECTRONICS SUPPLY INC
ET AL**
(Defendant)

**NUMBER C582741 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   ACTIVE SOLUTIONS, LLC
      THORUGH JEFF BURKHARDT
      6134 VICKSBURG
      NEW ORLEANS, LA 70124

      Attached to this citation are certified copies of the Original and Supplemental and Amended Petitions.  The petitions tell you what you are being sued for.

      You must EITHER do what the petitions asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at the Governmental Building, 222 St Louis Street, Baton Rouge, Louisiana.

      If you do not do what the petitions asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

      This citation was issued by the Clerk of Court for the East Baton Rouge Parish, on 10-NOV-2009.

                                *Deputy Clerk of Court for*
                                **Doug Welborn, Clerk of Court**

Requesting Attorney: JASON L MELANCON

*Also attached are the following documents:
FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DECLARATORY JUDGMENT AND DAMAGES, AND
ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

---

## SERVICE INFORMATION:

Received on the ___17___ day of ___Nov___, 20_09_ and on the ___17___ day of ___Nov___, 20_07_, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named ___Samanthia = Wife___, by leaving the same at his domicile in this parish in the hands of _____ a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of ~~East Baton Rouge~~, this ___17___ day of ___Nov___, 20_09_.
        Orleans

| | | |
|---|---|---|
| SERVICE: | $_____ | |
| MILEAGE | $_____ | |
| TOTAL: | $_____ | |

                        Denna 148
                       Deputy Sheriff
              Parish of ~~East Baton Rouge~~
                  Orleans

**CERTIFIED TRUE COPY**

DEC 1 1 2009

**DEPUTY CLERK**

ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION (OOP) -2308

BY _____

11:10 Am

2308-09-000579

# ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION

CAMSOFT DATA SYSTEMS INC
(Plaintiff)

vs.

SOUTHERN ELECTRONICS SUPPLY INC
ET AL
(Defendant)

NUMBER  C582741 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   JEFF BURKHARDT
      6134 VICKSBURG STREET
      NEW ORLEANS, LA 70124

Attached to this citation are certified copies of the Original and Supplemental and Amended Petitions* The petitions tell you what you are being sued for.

You must EITHER do what the petitions asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana.

If you do not do what the petitions asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for the East Baton Rouge Parish, on 10-NOV-2009.

Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: JASON L MELANCON

*Also attached are the following documents:
FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DECLARATORY JUDGMENT AND DAMAGES, AND
ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

## SERVICE INFORMATION:

Received on the _17_ day of _Nov_, 20_09_ and on the _17_ day of _Nov_, 20_09_, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _Samanthia = Wife_ a person of suitable age and discretion residing in the said domicile at

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of ~~East Baton Rouge~~ this _17_ day of _Nov_, 20_09_.
                    Orleans

| | | |
|---|---|---|
| SERVICE: | $_____ | |
| MILEAGE | $_____ | Deputy Sheriff |
| TOTAL: | $_____ | Parish of ~~East Baton Rouge~~ |
| | | Orleans |

CERTIFIED TRUE COPY

DEC 1 1 2009

BY _____
DEPUTY CLERK

ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION (OOP) -2308

11:10 am

ENTERED
PAPER ___ RETURN ___
SERIAL NO. ___ DEPUTY ___ PARISH ___

2308-09-000581

# ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION

**CAMSOFT DATA SYSTEMS INC**
(Plaintiff)

vs.

**SOUTHERN ELECTRONICS SUPPLY INC
ET AL**
(Defendant)

NUMBER  C582741 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**FILED**

NOV 2 3 2009

BARBARA THOMASSIE
E.B.R. CLERK OF COURT

TO:   METHOD INVESTMENTS, LLC
      THROUGH MARK ST. PIERRE
      1515 POYDRAS STREET, STE. 2340
      NEW ORLEANS, LA 70112

Attached to this citation are certified copies of the Original and Supplemental and Amended Petitions*.  The petitions tell you what you are being sued for.

You must EITHER do what the petitions asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana.

If you do not do what the petitions asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for the East Baton Rouge Parish, on 10 NOV 2009.

_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: JASON L MELANCON**

*Also attached are the following documents:
FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DECLARATORY JUDGMENT AND DAMAGES, AND
ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____ , served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____.

| | |
|---|---|
| SERVICE: | $_____ |
| MILEAGE | $_____ |
| TOTAL: | $_____ |

_____
Deputy Sheriff
Parish of East Baton Rouge

CERTIFIED
TRUE COPY

DEC 1 1 2009

BY _____
DEPUTY CLERK

ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION (OOP) -2308

2308-09-000578

# ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION

| | |
|---|---|
| **CAMSOFT DATA SYSTEMS INC**<br>**(Plaintiff)** | **NUMBER  C582741 Division D** |
| | **19TH JUDICIAL DISTRICT COURT** |
| **vs.** | **PARISH OF EAST BATON ROUGE** |
| **SOUTHERN ELECTRONICS SUPPLY INC**<br>**ET AL**<br>**(Defendant)** | **STATE OF LOUISIANA** |

TO:   **BRIAN FITZPATRICK**
**1211 8TH STREET**
**NEW ORLEANS, LA 70115**

Attached to this citation are certified copies of the Original and Supplemental and Amended Petitions*.  The petitions tell you what you are being sued for.

You must EITHER do what the petitions asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana.

If you do not do what the petitions asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for the East Baton Rouge Parish on 10-NOV-2009.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

Requesting Attorney: JASON L MELANCON

*Also attached are the following documents:
FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DECLARATORY JUDGMENT AND DAMAGES, AND ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

## SERVICE INFORMATION:

Received on the 16 day of _November_ 20 09 and on the 18 day of _Nov_, 20 09, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named _Brian Fitzpatrick_

**DOMICILIARY SERVICE:** On the within named _____ by leaving the same at his domicile in this parish in the hands of _____ a person of suitable age and discretion residing in the said domicile at

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this 18 day of _Nov_, 20 09.

_Keith Spindel 372_
Deputy Sheriff
Parish of East Baton Rouge

SERVICE:
MILEAGE:
TOTAL:

**CERTIFIED TRUE COPY**

DEC 1 1 2009

DEPUTY CLERK

ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION (OOP) 2308

2308-09-000588

# ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION

**CAMSOFT DATA SYSTEMS INC**
(Plaintiff)

vs.

**SOUTHERN ELECTRONICS SUPPLY INC ET AL**
(Defendant)

**NUMBER  C582741 Division D**

**19ᵗʰ JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:  **GREGORY MEFFERT**
**24 PARK ISLAND DR.**
**NEW ORLEANS, LA. 70122**
**OR**
**1515 POYDRAS STREET, STE. 2060**
**NEW ORLEANS, LA. 70112**

Attached to this citation are certified copies of the Original and Supplemental and Amended Petitions*.  The petitions tell you what you are being sued for.

You must EITHER do what the petitions asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana.

If you do not do what the petitions asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for the East Baton Rouge Parish, on 10-NOV-2009.

_____
*Deputy Clerk of Court for*
Doug Welborn, Clerk of Court

Requesting Attorney: **JASON L MELANCON**

*Also attached are the following documents:
FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DECLARATORY JUDGMENT AND DAMAGES, AND
ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

## SERVICE INFORMATION:

Received on the ____ day of ___NOV___, 20 09 and on the ___18___ day of ___NOV.___, 20 09, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named X Linda Meffert (wife), by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _18_ day of _NOV._, 20 09

SERVICE:   $_____
MILEAGE  $_____
TOTAL:     $_____

_____  #434
Deputy Sheriff
Parish of East Baton Rouge
ORLEANS

CERTIFIED TRUE COPY
DEC 11 2009
BY _____
DEPUTY CLERK

ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION (COPY)

ENTERED RETURN
PAPER
SERIAL NO.   DEPUTY   PARISH

9302.

2308-09-000589

# ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION

**CAMSOFT DATA SYSTEMS INC**
(Plaintiff)

VS.

**SOUTHERN ELECTRONICS SUPPLY INC
ET AL**
(Defendant)

NUMBER  C582741 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   **MARK KURT
5425 PRYTANIA STREET
NEW ORLEANS, LA. 70115**

Attached to this citation are certified copies of the Original and Supplemental and Amended Petitions*. The petitions tell you what you are being sued for.

You must EITHER do what the petitions asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana.

If you do not do what the petitions asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for the East Baton Rouge Parish, on 10-NOV-2009.

_____
Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

Requesting Attorney: JASON L MELANCON

*Also attached are the following documents:
FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DECLARATORY JUDGMENT AND DAMAGES, AND
ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

_____

**SERVICE INFORMATION:**

Received on the 17 day of November 20 09 and on the 18 day of November 20 09, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _Mark Kurt_

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:** By tendering same to the within named; by handing same to _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20 _____.

SERVICE     $
MILEAGE     $
TOTAL       $

_____
Deputy Sheriff
Parish of East Baton Rouge

CERTIFIED
TRUE COPY

DEC 1 1 2009

BY _____
DEPUTY CLERK

ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION (OOP) -2308

2308-09-000575

# ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION

| | |
|---|---|
| **CAMSOFT DATA SYSTEMS INC**<br>**(Plaintiff)** | **NUMBER  C582741 Division D** |
| | **19th JUDICIAL DISTRICT COURT** |
| **vs.** | |
| | **PARISH OF EAST BATON ROUGE** |
| **SOUTHERN ELECTRONICS SUPPLY INC**<br>**ET AL**<br>**(Defendant)** | **STATE OF LOUISIANA** |

TO:   **SOUTHERN ELECTRONICS SUPPLY INC**
      **THRU ELMIRA S PERRIN**
      **1909 TULANE AVE**
      **NEW ORLEANS, LA 70112**

Attached to this citation are certified copies of the Original and Supplemental and Amended Petitions*. The petitions tell you what you are being sued for.

You must EITHER do what the petitions asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana.

If you do not do what the petitions asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for the East Baton Rouge Parish, on 10-NOV-2009.

<span style="float:right">Deputy Clerk of Court for<br>**Doug Welborn, Clerk of Court**</span>

**Requesting Attorney: JASON L MELANCON**

*Also attached are the following documents:
FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DECLARATORY JUDGMENT AND DAMAGES, AND
ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

---

### SERVICE INFORMATION:

Received on the _17_ day of _Nov_ , 20 _09_ and on the _18_ day of _Nov_ , 20 _09_ , served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _Connie_

**DOMICILIARY SERVICE:** On the within named _____ , by leaving the same at his domicile in this parish in the hands of _____ a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____ , 20 ___ .

SERVICE:
MILEAGE:
TOTAL:

_____ 512
Deputy Sheriff
Parish of East Baton Rouge

ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION (OOP) -2308

CERTIFIED TRUE COPY<br>DEC 1 1 2009<br>BY _____<br>DEPUTY CLERK

2308-09-000582

# ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION

CAMSOFT DATA SYSTEMS INC
(Plaintiff)

vs.

SOUTHERN ELECTRONICS SUPPLY INC
ET AL
(Defendant)

NUMBER  C582741 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  VERACENT, LLC
THROUGH KENT LAMBERT
210 ST. CHARLES AVE., STE. 3600
NEW ORLEANS, LA 70170

Attached to this citation are certified copies of the Original and Supplemental and Amended Petitions*.  The petitions tell you what you are being sued for.

You must EITHER do what the petitions asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana.

If you do not do what this petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for the East Baton Rouge Parish, on 10-NOV-2009.

_____
Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: JASON L MELANCON

*Also attached are the following documents:
FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DECLARATORY JUDGMENT AND DAMAGES, AND
ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

SERVICE INFORMATION:

Received on the _____ day of _N NOV_ 20___ and on the _18_ day of _N Nov_ 20_09_, served on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____ a person of suitable age and discretion residing in the said domicile at _____

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20____

SERVICE _____
MILEAGE _____
TOTAL: _____

_____
Deputy Sheriff
Parish of East Baton Rouge

CERTIFIED
TRUE COPY

DEC 1 1 2009

BY _____
DEPUTY CLERK

ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION (OOP) -2308

2308-09-000577

# ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION

**CAMSOFT DATA SYSTEMS INC**
**(Plaintiff)**

**vs.**

**SOUTHERN ELECTRONICS SUPPLY INC**
**ET AL**
**(Defendant)**

NUMBER  C582741 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   **IGNACIOUS PERRIN**
      **1990 TULANE AVE.**
      **NEW ORLEANS, LA 70112**

Attached to this citation are certified copies of the Original and Supplemental and Amended Petitions*. The petitions tell you what you are being sued for.

You must EITHER do what the petitions asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana.

If you do not do what the petitions asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for the East Baton Rouge Parish, on 10-NOV-2009.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

**Requesting Attorney: JASON L MELANCON**

*Also attached are the following documents:
FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DECLARATORY JUDGMENT AND DAMAGES, AND
ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

**SERVICE INFORMATION:**

Received on the 17 day of Nov 2009 and on the 18 day of Nov 2009, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named

**DOMICILIARY SERVICE:** On the within named _____ by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____

SERVICE:          $
MILEAGE           $
TOTAL             $

_____ Deputy Sheriff
Parish of East Baton Rouge

ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION (OOP)

CERTIFIED
TRUE COPY

DEC 1 1 2009

BY _____
DEPUTY CLERK

2308-09-000580

# ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION

CAMSOFT DATA SYSTEMS INC
(Plaintiff)

NUMBER  C582741 Division D

19th JUDICIAL DISTRICT COURT

vs.

PARISH OF EAST BATON ROUGE

SOUTHERN ELECTRONICS SUPPLY INC
ET AL
(Defendant)

STATE OF LOUISIANA

TO:   NETMTHODS, LLC
      THROUGH KENT LAMBERT
      201 ST. CHARLES AVE., STE. 3600
      NEW ORLEANS, LA 70170

Attached to this citation are certified copies of the Original and Supplemental and Amended Petitions*.  The petitions tell you what you are being sued for.

You must EITHER do what the petitions asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana.

If you do not do what the petitions asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for the East Baton Rouge Parish, on 30-NOV-2009.

_____
Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: JASON L MELANCON

*Also attached are the following documents:
FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DECLARATORY JUDGMENT AND DAMAGES, AND
ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

SERVICE INFORMATION:

Received on the ____ day of ___Nov___, 20_09_ and on the _18_ day of __Nov__, 20_09_, served on the above named party as follows:

PERSONAL SERVICE: On the party herein named at ___Kent___

DOMICILIARY SERVICE: On the within named _____ by leaving the same at his domicile in this parish in the hands of _____ a person of suitable age and discretion residing in the said domicile at

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20____

SERVICE _____
MILEAGE _____
TOTAL _____

_____
Deputy Sheriff
Parish of East Baton Rouge

CERTIFIED
TRUE COPY

DEC 1 1 2009

BY _____
DEPUTY CLERK

ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION (OOP) -2308

2408-09-001452

# ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION

**CAMSOFT DATA SYSTEMS INC**
(Plaintiff)

vs.

**SOUTHERN ELECTRONICS SUPPLY INC**
**ET AL**
(Defendant)

NUMBER  C582741 Division D

19ᵗʰ JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

# FILED

NOV 1 6 2009

BARBARA THOMASSIE
E.B.R. CLERK OF COURT

TO:   CIBER, INC.
      THROUGH C T CORPORATION SYSTEM
      5615 CORPORATION SYSTEM
      BATON ROUGE, LA.  70808

Attached to this citation are certified copies of the Original and Supplemental and Amended Petitions*.  The petitions tell you what you are being sued for.

You must EITHER do what the petitions asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana.

If you do not do what the petitions asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for the East Baton Rouge Parish, on 10-NOV-2009.

_____
Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

**Requesting Attorney: JASON L MELANCON**

*Also attached are the following documents:
FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DECLARATORY JUDGMENT AND DAMAGES, AND
ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

## SERVICE INFORMATION:

Received on the _____ day of _____, 20 ____ and on the _____ day of _____, 20 ____, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____ a person of suitable age and discretion residing in the said domicile at
_____

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20 ____

SERVICE:   $ _____
MILEAGE:   $ _____
TOTAL:     $ _____

_____
Deputy Sheriff
Parish of East Baton Rouge

ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION (OOP-230)

**CERTIFIED TRUE COPY**

DEC 1 1 2009

BY _____
DEPUTY CLERK

CAMSOFT DATA SYSTEMS, INC.                    DOCKET NO: 582,741    DIV: "D"

VERSUS                                        19TH JUDICIAL DISTRICT COURT

SOUTHERN ELECTRONICS                          PARISH OF EAST BATON ROUGE
SUPPLY, INC. and ACTIVE
SOLUTIONS, LLC, ET AL.                        STATE OF LOUISIANA

## MOTION ON CONSENT FOR EXTENSION OF TIME
## TO FILE RESPONSIVE PLEADINGS

COST OK TO Amt _50_
85798
NOV 2 4 2009
BY ____
DY. CLERK OF COURT

CIBER, Inc. (CIBER) respectfully moves as follows:

1.

CIBER was served, through its agent for service of process, with citation and the Original

and First  Supplemental and Amended Petitions for Declaratory Judgment and Damages on

November 13, 2009.  Presently, CIBER must answer or otherwise respond no later than

November 30, 2009.

2.

CIBER requests an additional 30 days, to and including December 30, 2009, within

which to complete an investigation of plaintiff's allegations and within which to answer or

otherwise respond to the Original and First Supplemental and Amended Petitions for Declaratory

Judgment and Damages, specifically reserving its rights to file pre-answer exceptions and

motions and specifically reserving all of its defenses in the matter.

3.

CIBER's counsel has consulted with plaintiff's counsel, who consents to this extension

request.

4.

This is CIBER's first request for an extension of time within which to plead.

Wherefore, CIBER, Inc. respectfully prays for an extension of 30 days, to and including

December 30, 2009, within which to answer or otherwise respond to the petition.

REC'D C.P.

NOV 3 0 2009

343790.1

912020501001

Respectfully submitted:

**McGLINCHEY STAFFORD, PLLC**

*Willa LeBlanc Smith*

Christine Lipsey, LA Bar Roll #1182
Willa L. Smith, LA Bar Roll #26966
Dylan Tuggle, LA Bar Roll # 31995
Brook Thibodeaux, LA Bar Roll #31988
One American Place, 14th Floor
301 Main Street
Baton Rouge, Louisiana  70825
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

*Attorneys for CIBER, Inc.*

CERTIFIED TRUE COPY

117815

19th JUDICIAL DISTRICT
EAST BATON ROUGE PARISH, LA
FILED

09 NOV 24  PM 3:50

DEPUTY CLERK OF COURT

DEPUTY CLERK & RECORDER FOR
DOUG WELBORN
CLERK OF COURT E B R PARISH

CERTIFIED
TRUE COPY

DEC 1 1 2009

BY

DEPUTY CLERK

343790.1

912020501002

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served  by United States Mail, proper postage prepaid, on:

Marx D. Stercow
Sterbcow Law Group, LLC
1734 Prytania Street
New Orleans, LA  70130

Jason L. Melancon
Robert C. Rimes
Melancon Rimes
8706 Jefferson Highway, Suite B
Baton Rouge, LA  70809

Frank Tomeny, III
Tomeny & Fisher
8706 Jefferson Highway, Suite B
Baton Rouge, LA  70809

Baton Rouge, Louisiana this _24_ day of _November_, 2009.

*Willa L. Smith*

**WILLA L. SMITH**

CERTIFIED TRUE COPY

117816

DEPUTY CLERK OF COURT

19TH JUDICIAL DISTRICT
EAST BATON ROUGE PARISH, LA
FILED

09 NOV 24  PM 3: 50

DEPUTY CLERK & RECORDER FOR
DOUG WELBORN
CLERK OF COURT E B R PARISH

343790.1

CAMSOFT DATA SYSTEMS, INC.

VERSUS

SOUTHERN ELECTRONICS
SUPPLY, INC. and ACTIVE
SOLUTIONS, LLC, ET AL.

DOCKET NO: 582,741    DIV: "D"

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## ORDER

Considering the foregoing Motion on Consent for Extension of Time to File Responsive Pleadings, it is ordered that CIBER, Inc. is hereby granted an extension of time of 30 15 days, to and including December 30, 2009, within which to answer or otherwise respond to the petition, with movant specifically reserving its right to file pre-answer exceptions and motions and specifically reserving all of its defenses in this matter.

Baton Rouge, Louisiana, this ___25___ day of ___Nov___, 2009.

_Janice Clark_
JUDGE JANICE CLARK

CERTIFIED TRUE COPY

117817

DEPUTY CLERK OF COURT

19TH JUDICIAL DISTRICT
EAST BATON ROUGE PARISH, LA
FILED

09 NOV 24 PM 3:50

DEPUTY CLERK & RECORDER FOR
DOUG WELBORN
CLERK OF COURT E.B.R. PARISH

CERTIFIED
TRUE COPY

DEC 11 2009

BY _____
DEPUTY CLERK

343790.1

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

| | | | |
|---|---|---|---|
| LEOPOLD Z. SHER [1] | ALVIN C. MIESTER, III | MELISSA M. ROME | [1] LAW CORPORATION |
| JAMES M. GARNER [2] | HOWARD T. BOYD, III [2] | RAYMOND C. LEWIS | [2] MEMBER OF LOUISIANA AND TEXAS BARS |
| ELWOOD F. CAHILL, JR. | CHRISTOPHER T. CHOCHELES | ANDREW R. CAPITELLI | [3] MEMBER OF LOUISIANA AND ALABAMA BARS |
| RICHARD P. RICHTER | SHARONDA R. WILLIAMS [9,10] | CHARLES E. TABOR | [4] MEMBER OF LOUISIANA AND CALIFORNIA BARS |
| STEVEN I. KLEIN [1,5] | KAREN T. HOLZENTHAL | MARY BETH AKIN | [5] MEMBER OF LOUISIANA AND GEORGIA BARS |
| PETER L. HILBERT, JR. | RYAN D. ADAMS | EMMA E. DASCHBACH [7,8] | [6] MEMBER OF LOUISIANA AND MISSISSIPPI BARS |
| MARIE A. MOORE [3] | THOMAS J. MADIGAN, II [6] | ANDREA M. ALBRIGHT | [7] MEMBER OF LOUISIANA AND NEW YORK BARS |
| DEBRA J. FISCHMAN | KEVIN M. McGLONE | JENNIFER M. HOFFMAN | [8] MEMBER OF LOUISIANA AND DISTRICT OF |
| ROBERT P. THIBEAUX | CHAD P. MORROW | PAUL R. TRAPANI, III | COLUMBIA BARS |
| DARNELL BLUDWORTH [3] | JEFFREY D. KESSLER [7] | | [9] BOARD CERTIFIED TAX ATTORNEY LOUISIANA |
| MARTHA Y. CURTIS [2] | JONATHAN B. CERISE | | BOARD OF LEGAL SPECIALIZATION |
| NEAL J. KLING | ASHLEY G. COKER | | [10] REGISTERED TO PRACTICE BEFORE THE |
| JOSHUA S. FORCE [2,4] | AMANDA RUSSO SCHENCK | | UNITED STATES PATENT AND TRADEMARK |
| DEBORAH J. MOENCH | RYAN O. LUMINAIS [3] | OF COUNSEL: | OFFICE |
| DOROTHY S. WATKINS LAWRENCE [2] | MATTHEW C. CLARK | TIMOTHY B. FRANCIS | |
| JOHN T. BALHOFF, II | | DAVID A. MARCELLO | ALL OTHERS LOUISIANA BAR |

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

swilliams@shergarner.com
Direct Dial: (504) 299-2135
Direct Fax: (504) 299-2335

aschenck@shergarner.com
Direct Dial: (504) 299-2119
Direct Fax: (504) 299-2319

(504) 299-2100
FAX (504) 299-2300

November 25, 2009

POSTED
NOV 30 2009

**Via Facsimile (225) 389-3392 and U.S. Mail**

Doug Welborn
East Baton Rouge Parish Clerk of Court
P.O. Box 1991
Baton Rouge, LA 70821-1991

Re:    *Camsoft Data Systems, Inc. v. Southern Electronics and Active Solutions, L.L.C.*
       19th Judicial District Court, Parish of Baton Rouge
       Case No. 582, 741, Section D
       Our File No. 21302.0001

Dear Mr. Welborn:

Please find enclosed an original and two copies of the Motion for a New Trial, or in the Alternative, to Dissolve the Writ of Sequestration and/or Attachment and for Damages Pursuant to Article 3506 and Incorporated Memorandum in Support and Rule to Show Cause, which we are filing on behalf of Defendants, Southern Electronics Supply, Inc. and Active Solutions, LLC.

Please note that undersigned counsel are not counsel of record in this case, but are making a limited appearance for purposes of filing this motion on behalf of Southern and Active, which parties are represented by undersigned counsel in related litigation in New Orleans, entitled *Active Solutions LLC and Southern Electronics Supply, Inc. v. Dell Inc. et. al.*, Civil Action No. 2007-3665 in the Civil District Court for the Parish of Orleans.

REC'D C.P.
DEC 3 2009

REC'D C.P.
DEC 01 2009

91207027500 0
LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

Doug Welborn
November 25, 2009
Page - 2 -

Also, please note that counsel of record for Southern Electronics, Supply, Inc. and Active Solutions, LLC in this suit pending in the 19th Judicial District Court have filed exceptions for each defendant earlier today.

We would appreciate it if you could file the original in the record, forward a copy to Judge Janice Clark for her signature on the Rule to Show Case, send a conformed copy in the self-addressed stamped envelope, and advise us of the filing fees associated with the filing.

Thanks in advance for your assistance with this matter.

Cordially,

James M. Garner
Sharonda R. Williams
Amanda R. Schenck

Enclosure

cc:     (Via U.S. Mail)
        Edmond C. Haase', III
        Mark Cunningham
        Gladstone N. Jones, III/Lynn E. Swanson/Catherine E. Lasky
        Marx C. Stercow
        Jason Melancon
        Frank Tomeny III
        Ignace Perrin
        Brian Fitzpatrick
        Jeff Burkhardt
        Dell Inc.
        Tropos Networks, Inc. through Mike Bailey
        NetMethods, LLC through its registered agent, Kent Lambert, Esq.
        Veracent, LLC through its registered agent, Kent Lambert, Esq.
        Method Investments, LLC through its registered agent, Mark St. Pierre
        Ciber, Inc. through its registered agent, CT Corporation System

912070275001

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

Doug Welborn
November 25, 2009
Page - 3 -

       Logistix, LLC through its registered agent, Seth A. Levine
       Imagine Software, LLC through its registered agent, Dante V. Maraldo c/o Blue Williams
       AMI Consulting, LLC through its registered agent, Chris Drake
       Mark St. Pierre
       Christopher Drake
       Gregory Meffert
       Ellen Kirk
       Mark Kurt

912070275002

CAMSOFT DATA SYSTEMS INC.

VERSUS

SOUTHERN ELECTRONICS SUPPLY, INC.
ET AL.

DOCKET NO. 582.741  SEC.  D

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

COST OK Amt. 325
133.56
NOV 30 2009
BY _____ OF COURT

ACTIVE SOLUTIONS, L.L.C. AND SOUTHERN ELECTRONICS SUPPLY, INC.'S
MOTION FOR A NEW TRIAL, OR IN THE ALTERNATIVE,
TO DISSOLVE THE WRIT OF SEQUESTRATION AND/OR ATTACHMENT
AND FOR DAMAGES PURSUANT TO ARTICLE 3506

NOW INTO COURT, through undersigned counsel, come Defendants Southern Electronics,

Inc. ("Southern") and Active Solutions, LLC ("Active"), who respectfully move this Court for a new

trial pursuant to Articles 1972 and 1973 of the Code of Civil Procedure with regards to the order

signed *ex parte* by this Court on October 29, 2009 ("Order").[1]  The Order was improperly signed by

this Court without notice to Active or Southern and without any proper legal basis.  As more fully

detailed in the attached memorandum in support, a new trial should be awarded for the following

reasons:

- The Order was improperly presented to this Court by Plaintiff CamSoft Data

  Systems, Inc. ("CamSoft") on an *ex parte* basis without notice to Active or Southern

  of either the relief sought in the Order or even service of CamSoft's Petition for

  Declaratory Judgment and Damages ("Petition") or First Supplemental and Amended

  Petition for Declaratory Judgment and Damages ("Amended Petition").

- This Court's entry of the Order is a prejudgment seizure of Active and Southern's

  property and violates established precedent.

- This Court's entry of the Order that effectively enjoins Active and Southern from the

  use of their property prior to any judgment rendered in favor of CamSoft and against

  Active and Southern is not supported by any procedural vehicles available under

  Louisiana law, including attachment, sequestration, executory or summary

  proceedings, or a temporary restraining order or injunction.

REC'D C.P.
DEC 01 2009

---

[1]  The Order is attached to the Memorandum in Support as Exhibit "A."

REC'D C.P.
DEC 3 2009

FAX COPY FILED  11-20-09
ORIGINAL FILED  11-30-09

912070275003

In the alternative, to the extent that the Order can be interpreted as a writ of attachment or sequestration, the Order should be dissolved pursuant to Article 3506 of the Code of Civil Procedure and Active and Southern should be awarded damages including attorneys' fees as a result of CamSoft's pursuit of the entry of the Order.

For these reasons and the additional reasons set forth in the accompanying Memorandum in Support, defendants Southern Electronics Supply, Inc. and Active Solutions, LLC respectfully submit that sufficient grounds exist for this Court to order a new trial pursuant to Article 1972 and 1973 with regards to the order signed on October 29, 2009. In the alternative, Southern and Active seek a dissolution of the Order pursuant to Article 3506 and related damages and such other and further relief to which Southern and Active may be entitled.

Respectfully submitted,

GLADSTONE N. JONES, III (#22221)
LYNN E. SWANSON (#22650)
H.S. BARTLETT III (#26795)
CATHERINE E. LASKY (#28652)
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Telecopier: (504) 523-2508

and

JAMES M. GARNER (#19589)
PETER L. HILBERT, JR. (#6875)
TIMOTHY B. FRANCIS (#14973)
SHARONDA R. WILLIAMS (#28809)
AMANDA RUSSO SCHENCK (#30706)
EMMA ELIZABETH DASCHBACH (#27358)
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
ATTORNEYS FOR PLAINTIFFS

CERTIFIED TRUE COPY

000199

DEPUTY CLERK OF COURT

19TH JUDICIAL DISTRICT
EAST BATON ROUGE PARISH, LA.
FILED

2009 NOV 30 PM 1:49

DOUG WELBORN
CLERK OF COURT E B R PARISH

CERTIFIED
TRUE COPY

DEC 1 1 2009

BY _____
DEPUTY CLERK

-2-

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 25th day of November, 2009 served a copy of the foregoing upon the following parties and counsel of record by electronic mail, facsimile and/or U.S. Mail:

Marx D. Sterbcow
Sterbcow Law Group, LLC
1734 Prytania Street
New Orleans, LA 70130

Jason L. Melancon
Robert C. Rimes
Melancon/Rimes
8706 Jefferson Hwy, Suite B
Baton Rouge, LA 70809
Attorneys for CamSoft Data Systems Inc.

Frank Tomeny, III
Tomeny & Fisher
8706 Jefferson Hwy, Suite B
Baton Rouge, LA 70808
Attorneys for CamSoft Data Systems Inc.

Ignace Perrin
1909 Tulane Ave.
New Orleans, LA 70115

Brian Fitzpatrick
1211 8th St.
New Orleans, LA 70115

Jeff Burkhardt
6134 Vicksburg St.
New Orleans, LA 70124

Dell Inc.
One Dell Way
Round Rock, TX 78682

Tropos Networks, Inc.
Mike Bailey
11600 Spur Road
Monterey, CA 93940

NetMethods, LLC
Through its registered agent
Kent Lambert, Esq.
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170



Method Investments, LLC
Through its registered agent
Mark St. Pierre
1515 Poydras St., Suite 2340
New Orleans, LA 70112

Veracent, LLC
Through its registered agent
Kent Lambert, Esq.
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170

Ciber, Inc.
Through its registered agent
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

Logistix, LLC
Through its registered agent
Seth A. Levine
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170

Imagine Software, LLC
Through its registered agent
Dante V. Maraldo
c/o Blue Williams, LLP
3421 North Causeway Blvd., 9th Floor
Metairie, LA 70002

AMI Consulting, LLC
Through its registered agent
Chris Drake
127 Highway 22E, Suite E11
Madisonville, LA 70447

Mark St. Pierre
1514 S. Shirley Ave
Gonzales, LA 70737; or

18211 E. Petroleum Drive
Baton Rouge, LA 70809

Christopher Drake
127 Highway 22 E, Suite E11
Madisonville, LA 70447

Gregory Meffert
24 Park Island Dr.
New Orleans, LA 70122; or
1515 Poydras Street, Suite 2060
New Orleans, LA 70112

912070275006

Ellen Kirk
4435 Caminito Tecera
Del Mar, CA 94403

Mark Kurt
5425 Prytania Street
New Orleans, LA 70115

_____
JAMES M. GARNER

912070 276000

CAMSOFT DATA SYSTEMS INC.                    DOCKET NO. 582.741   SEC.   D

                                             19TH JUDICIAL DISTRICT COURT

VERSUS                                       PARISH OF EAST BATON ROUGE

SOUTHERN ELECTRONICS SUPPLY, INC.            STATE OF LOUISIANA
        ET AL.

### RULE TO SHOW CAUSE

CONSIDERING the foregoing Motion for a New Trial, or in the Alternative, to Dissolve

the Writ of Sequestration and/or Attachment and for Damages pursuant to Article 3506 ("Motion"),

filed on behalf of Defendants, Southern Electronics, Inc. ("Southern") and Active Solutions, LLC

("Active");

IT IS ORDERED that Plaintiff, CamSoft Data Systems Inc., show cause on the 25 day

of ____Jan____, 2010 at 9:30 o'clock A.m. why Southern and Active's Motion should not

be granted.

Baton Rouge, Louisiana, this 2 day of Dec, 2009.


                                        _____
                                        JUDGE JANICE CLARK


Please return executed Rule to
counsel for Southern Electronics Supply, Inc.
and Active Solutions, LLC
to effect service on plaintiff pursuant to
Louisiana Code of Civil Procedure article 1313

CERTIFIED TRUE COPY

000199

CLERK OF COURT

19th JUDICIAL DISTRICT
EAST BATON ROUGE PARISH, LA.
FILED

2009 NOV 30 PM 1: 50

DUES WELBORN
CLK & RECORDER OF COURT
CIVIL COURT E.B.R. PARISH

CERTIFIED
TRUE COPY

DEC 1 1 2009

BY_____
        DEPUTY CLERK

CAMSOFT DATA SYSTEMS INC.

VERSUS

SOUTHERN ELECTRONICS SUPPLY, INC.
ET AL.

DOCKET NO. 582.741   SEC.  D

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

ACTIVE SOLUTIONS, L.L.C. AND SOUTHERN ELECTRONICS
SUPPLY, INC.'S MEMORANDUM IN SUPPORT OF
MOTION FOR A NEW TRIAL, OR IN THE ALTERNATIVE,
TO DISSOLVE THE WRIT OF SEQUESTRATION AND/OR ATTACHMENT
AND FOR DAMAGES PURSUANT TO ARTICLE 3506

MAY IT PLEASE THE COURT:

Defendants Southern Electronics, Inc. ("Southern") and Active Solutions, LLC ("Active"),

hereby submit this memorandum in support of their Motion for a New Trial, or in the Alternative,

to Dissolve the Writ of Sequestration and/or Attachment and for Damages Pursuant to Article 3506

of the Code of Civil Procedure.  Southern and Active's Motion seeks a new trial with regards to the

order signed *ex parte* by this Court on October 29, 2009 ("Order").[1]  The Order was improperly

signed by this Court without notice to Active or Southern and without any proper legal basis.  A new

trial should be awarded for the following reasons:

- The Order was improperly presented to this Court by Plaintiff CamSoft Data
  Systems, Inc. ("CamSoft") on an *ex parte* basis without notice to Active or Southern
  of either the relief sought in the Order or even service of CamSoft's Petition for
  Declaratory Judgment and Damages ("Petition") or First Supplemental and Amended
  Petition for Declaratory Judgment and Damages ("Amended Petition").

- This Court's entry of the Order is a prejudgment seizure of Active and Southern's
  property and violates established precedent.

- This Court's entry of the Order that effectively enjoins Active and Southern from the
  use of their property prior to any judgment rendered in favor of CamSoft and against
  Active and Southern is not supported by any procedural vehicles available under

---

[1]     A copy of the Order is attached hereto as Exhibit "A."

Louisiana law, including attachment, sequestration, executory or summary proceedings, or a temporary restraining order or injunction.

Finally, to the extent that the Order can be interpreted as a writ of attachment or sequestration, the Order should be dissolved pursuant to Article 3506 of the Code of Civil Procedure and Active and Southern should be awarded damages including attorneys' fees as a result of CamSoft's pursuit of the entry of the Order.

## I.   Standard for New Trial

Peremptory grounds for new trial are provided for under Code of Civil Procedure article 1972 and include when the "judgment appears clearly contrary to the law and the evidence." La. Code Civ. Pro art. 1972(1). This Court also has discretionary grounds to grant a new trial "if there is good ground therefor." La. Code Civ. Pro. art. 1973. The First Circuit recognizes that a "motion for a new trial should be granted when the verdict is clearly contrary to the law and evidence and, in any case, if there is good ground therefor. Louisiana jurisprudence is clear that a new trial should be ordered when the trial judge, exercising his or her discretion, is convinced by his or her examination of the facts that judgment would result in miscarriage of justice." *Bush v. Cannata's Supermarket, Inc.*, 612 So.2d 794, 797 (La.App. 1 Cir.,1992)(citing La. Code Civ. Pro. articles 1972 and 1973 and *Tudela v. Broussard*, 581 So.2d 1068, 1069-70 (La.App. 5 Cir.1991)).[2] Active and Southern respectfully submit that allowing the Order to stand "would result in miscarriage of justice."

## II.   Factual Background

In order for this Court to have a complete understanding of the instant proceedings, Active and Southern submit that a brief recitation of the history of the related litigation is necessary. On April 20, 2007, Active and Southern filed a lawsuit in the Civil District Court for the Parish of Orleans styled *Active Solutions LLC and Southern Electronics Supply, Inc. v. Dell Inc. et. al.*, Civil Action No. 2007-3665, asserting claims against certain defendants also named in the instant

---

[2] This Motion is timely pursuant to Article 1974 as Active Solutions was served with both the Petition and Amended Petition on November 16, 2009. Service of the original Petition was withheld and service of the Order was made simultaneously with service of the Amended Petition.

litigation including Dell Inc., CIBER Inc., NetMethods LLC, Veracent LLC, Imagine Software LLC, Mark St. Pierre and Gregory Meffert for *inter alia* breach of contract, violations of the Louisiana Unfair Trade Practices Act, violations of the Louisiana Trade Secrets Act, civil conspiracy, promissory estoppel/detrimental reliance and unjust enrichment (the "New Orleans Litigation"). Those claims were tried to a jury beginning on September 14, 2009 and culminating in a verdict which was entered on November 2, 2009. Although the principal of CamSoft, Carlo MacDonald, was aware of New Orleans Litigation soon after it was filed, not until the literal eve of trial did CamSoft attempt to assert any rights or interest in the Litigation. CamSoft filed a Petition for Intervention on September 11, 2009 and filed a First Supplemental and Amended Petition for Intervention on September 16, 2009. After oral argument on September 17, 2009 during which the Honorable Rose Ledet indicated that the intervention was procedurally deficient, CamSoft withdrew those Petitions and one day later on September 18, 2009, filed its Petition in this Court. CamSoft then filed its Amended Petition on October 23, 2009, after trial in the New Orleans Litigation was virtually complete and this Court signed the Order that is the subject of this Motion on October 29, 2009. On November 2, 2009, the jury in the New Orleans Litigation found in favor of Active and Southern on certain of their claims including civil conspiracy, detrimental reliance and unfair trade practices; found for the defendants on Active and Southern's trade secret and breach of contract claims and awarded Active and Southern damages. The New Orleans court entered a partial final judgment on November 13, 2009 and motions for new trial and related post-judgment relief are pending. Service of CamSoft's Petitions and the signed Order were made on Active Solutions on November 16, 2009 and on Southern Electronics on November 18, 2009.

**III.    The Order is Clearly Contrary to Law and Manifestly Erroneous**

Because CamSoft has no legal authority or factual basis for the extraordinary and *ex parte* relief sought in the Order, a motion for new trial is warranted. The Order entered by this Court requires Active and Southern to deposit any proceeds from any settlements or judgments in the New

Orleans Litigation into the registry of the Clerk of Court for the Parish of East Baton Rouge Parish.[3] This Order effectively deprives Active and Southern of the use of their property prior to the adjudication of any of the claims asserted by CamSoft and any determination of whether CamSoft is entitled to those or any other funds. Because CamSoft failed to meet the legal and procedural requirements for such extraordinary relief, a new trial should be granted pursuant to Articles 1972 and 1973 and in the alternative, the Order should be dissolved pursuant to Article 3506 and appropriate damages should be awarded to Active and Southern.

### A.    The Order should not have been issued *ex parte*.

Article 963 of the Code of Civil Procedure outlines the limited circumstances in which an order may be granted *ex parte* and without hearing for the adverse party. "If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order *ex parte* and without hearing the adverse party. If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party." La. Code Civ. Pro. art. 963. As a preliminary matter, CamSoft did not file a written motion seeking entry of the Order entered by this Court. It is also clear that CamSoft was not "clearly entitled" to the relief it sought requiring the prejudgment seizure of Active and Southern's property and that such a remedy "requires supporting proof" under Louisiana law. Consequently, it was contrary to the express provisions of Article 963 for this Court to enter the Order *ex parte*.

Further, the Uniform Rules of the District Courts for the State of Louisiana provide that "[a]ll exceptions and motions...must be accompanied by a proposed order requesting the exception or motion be set for hearing." Rule 9.8(a). Rule 9.8(c) sets forth a limited exception to the hearing requirement for *ex parte* motions which include "unopposed motions, motions in which all affected parties have joined; or motions permitted by law or by these rules to be decided *ex parte*." Rule 9.8(c). It is clear that the Order entered by this Court fits none of these requirements. Because it

---

[3] As evidenced by the Exceptions filed today by Active and Southern, it is disputed whether this Court is a proper venue for this proceeding.

-4-

912070277004

was not served upon Active or Southern, they were not given the opportunity to inform the Court that such relief was opposed.  However, it was clear on the face of the relief sought in the Order that all "affected parties" had not joined in the relief sought.  Because the Order does not meet any of the requirements of the Code of Civil Procedure or the Uniform Rules for an *ex parte* order, it was contrary to law and manifestly erroneous for this Court to enter the Order without notice to Active and Southern or an opportunity for them to be heard.

**B.      There is no factual, legal or procedural foundation for the relief granted by this Court in the Order.**

Not only was the Order to properly obtained *ex parte*, there are no factual, legal or procedural grounds pursuant to which this Court could enter such  extraordinary relief.  CamSoft did not and cannot meet the factual or procedural requirements for this Order to be entered as a summary proceeding, an executory proceeding, a temporary restraining order or injunctive relief or pursuant to a writ of attachment or sequestration.

**1.      Summary Proceeding**

The Code of Civil Procedure is clear that this Order could not have been granted through the use of a summary proceeding.  As a preliminary matter, even a summary proceeding requires any motions or other pleadings be set for trial and served on the defendant.  *See* La. Code Civ. Pro. art. 2593, 2594 and 2595.  As stated, neither the Petition, Amended Petition nor the Order were served on Active or Southern prior to the entry of the Order and clearly they were not given any opportunity to be heard.  Furthermore, Article 2592 limits the use of summary proceedings to certain matters specifically listed in that Article, none of which include a pre-judgment seizure of assets.  Although CamSoft did not attempt to follow the requirements for a summary proceeding in order to obtain the Order, it is clear that the requirements are not met and do not provide a legal basis for the relief granted in the Order.[4]

---

[4]  Executory proceedings are limited to "those which are used to effect the seizure and sale of property...to enforce a mortgage or privilege thereon evidence by an authentic act importing a confession of judgment, and in order cases allowed by law."  La. Code Civ. Pro. art. 2631.  The Order could not have properly issued pursuant to an executory proceedings because CamSoft has not alleged any mortgage or privilege evidenced by an authentic act that would provide the basis for such relief.  *See also* La. Code Civ. Pro. art. 2634 through 2636.

### 2. Injunctive Relief

Again, CamSoft has not and cannot allege that it meets the requirements for injunctive relief as a legal basis for the Order. First, CamSoft has not and cannot show that "irreparable injury, loss, or damage" may result to it. *See* La. Code Civ. Pro. art. 3601. "To prevail in an action for injunction, plaintiff must show that irreparable injury, loss or damage will ensue if an injunction is not granted." *Arevalo v. Menville*, 2009 WL 387169, *2 (La.App. 1 Cir. 2009)(citing *Conway v. Stratton*, 434 So.2d 1197, 1199 (La.App. 1 Cir.1983)). The First Circuit has also specifically defined irreparable injury "as injury for which an injured party cannot be compensated adequately in money damages, or for which damages cannot be measured by a monetary or pecuniary standard." *Id.* (citing *Conway*, 434 So.2d at 1199). However, monetary damages are precisely what CamSoft is seeking in its Petitions and which are provided for in the Order. Furthermore, CamSoft again failed to meet the procedural requirements for a preliminary injunction including notice to Active and Southern and an opportunity for a hearing pursuant to Article 3602 or a temporary restraining order because CamSoft did not follow the basic procedures of Article 3603 including the submission of a verified petition or supporting affidavit. Although the Order is effectively a permanent injunction impeding Active and Southern's use of their current and future property, CamSoft did not meet the specific requirements for such injunctive relief and this Court was legally erroneous in granting the Order.

### 3. Attachment or Sequestration

CamSoft also failed to meet the legal requirements for the extraordinary relief of attachment or sequestration. The Supreme Court has recognized that these "extremely harsh" remedies are "only extended where the formalities of the law have been strictly and literally complied with." *Hancock Bank v. Alexander*, 256 La. 643, 652, 237 So.2d 669, 672 (La. 1970). First, CamSoft's Petition and Amended Petition on their face do not claim to seek either a writ or sequestration or attachment, yet the remedies provided in the Order are similarly harsh.

However, CamSoft's Petitions do not include information required for the issuance of such writs, including the "amount" of the claim and "the grounds relied upon for the issuance of the writ."

-6-

912070277006

La. Code Civ. Pro. art. 3501. CamSoft also failed to verify its petition or provide a separate affidavit as Article 3501 requires. Furthermore, CamSoft does not meet the substantive requirements of either attachment or sequestration.

In order for a writ of attachment to issue, a defendant must have "concealed himself to avoid service of citation"; granted a security interest in or otherwise mortgaged, disposed of the property at issue; converted or attempted to convert the property into money "with intent to place it beyond the reach of his creditors"; left or attempted to leave the state permanently; or be a nonresident. *See* La. Code Civ. Pro. art. 3541. CamSoft's Petitions do not allege that Active or Southern meet any of these requirements, and they do not. Both Active and Southern were served with the Petition and Amended Petition without difficulty once CamSoft actually attempted to have them served. It is CamSoft that is to blame for the failure to serve Active and Southern prior to the entry of the Order, since it is CamSoft that never attempted to serve either party prior to obtaining the Order. Neither Active nor Southern is attempting to dispose or abscond with any property. Finally, both Active and Southern are Louisiana entities domiciled in Orleans Parish, and CamSoft has made no showing that either has any intentions of leaving the State.

In order to obtain a writ of sequestration, CamSoft's Petitions must demonstrate that "it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action." La. Code Civ. Pro. art. 3571. CamSoft's Petitions make no such allegations and therefore fail on their face to establish grounds for a writ of sequestration.

Finally, even assuming that CamSoft could meet the threshold requirements for a writ of attachment or sequestration, which it cannot, the Order was contrary to law because CamSoft did not "furnish security" as required by the Code. *See* La. Code Civ. Pro. articles 3501, 3544 and 3574. Because CamSoft failed to meet the procedural and substantive requirements for the "extremely harsh" remedies of attachment and sequestration, any reliance upon those doctrines as the basis for this Court's Order is erroneous and contrary to law.

912070277007

C.    **The Order violates established United States Supreme Court precedent.**

The United States Supreme Court in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, held that when a plaintiff cannot claim a lien or equitable interest in a defendant's assets, courts have no authority to enjoin the defendant's use of its assets prior to the plaintiff obtaining a judgment in its favor. 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999). CamSoft cannot and has not alleged a lien or equitable interest in Active or Southern's property generally nor the proceeds that the Order affects specifically. Because CamSoft does not have this equitable interest, the Order, which is a prejudgment seizure of Active and Southern's assets, runs afoul of *Grupo Mexicano* and its progeny.[5]

IV.    **Active and Southern are Entitled to Dissolution of the Order as a Wrongfully Ordered Writ of Attachment or Sequestration and Damages Pursuant to Article 3506 of the Code of Civil Procedure**

Article 3506 provides that this Court may award damages to Active and Southern for the "wrongful issuance of a writ of attachment or of sequestration." Once the defendant files a motion for dissolution, "the burden is shifted to plaintiff to establish the facts constituting grounds for issuance of the writ." *Alessi v. Belanger*, 93-2047 (La.App. 1 Cir. 10/7/94) 644 So.2d 778, 784 (citing *Yorkwood Savings and Loan Association v. Thomas*, 379 So.2d 798, 799 (La.App. 4 Cir.1980)). As discussed herein, neither of CamSoft's Petitions seeks a writ of attachment or sequestration by name and the Order is not styled as such. However, to the extent that the Order provides an extraordinary remedy similar to such a writ, Active and Southern are entitled to dissolution of the Order unless CamSoft can prove "the grounds upon which the writ was issued." La. Code Civ. Pro. art. 3506.

The Supreme Court has held that a plaintiff is limited to what has been alleged in his pleadings when contesting dissolution of a writ of attachment or sequestration. When, as in the instant case, "the writ of sequestration issues *ex parte* upon the sworn allegations of the applicant,

---

[5] Although the *Grupo Mexicano* case on its face only applies to federal courts, the reasoning and rationale have been adopted by several states including Alabama. *See e.g., Norman v. Occupational Safety Assoc. of Alabama Workmen's Compensation Fund*, 811 So.2d 492 (Ala. 2001).

seizure of defendant's property takes place immediately without any advance notice to him. Since he is unaware of the proceedings until after the seizure, he is totally without power to prevent its accomplishment. If the seizure is unlawful all defendant can do is retain counsel and move for its dissolution and seek damages and attorneys' fees. Thus when the seizure takes place and the defendant employs counsel and moves to dissolve the sequestration his damage is already incurred. It is too late to 'cure' these defects after the fact." *Hancock Bank*, 237 So.2d at 672. Because CamSoft's Petitions fail to allege the requirements necessary for either a writ of sequestration or attachment and because CamSoft also failed to meet the required procedural requirements including a verified petition and security, this Court must dissolve the Order.

Active and Southern respectfully submit that the Order was not properly issued as either a writ of sequestration or a writ of attachment for the reasons further detailed herein and seek a contradictory hearing on the matter. In the event that this Court dissolves the Order pursuant to Article 3506, Active and Southern specifically reserve their rights to seek damages from CamSoft including but not limited to attorneys' fees "for the services rendered in connection with the dissolution of the writ." *Id.*

## V.    Conclusion

For the foregoing reasons, defendants Southern Electronics Supply, Inc. and Active Solutions, LLC respectfully submit that sufficient grounds exist for this Court to order a new trial pursuant to Article 1972 and 1973 with regards to the order signed on October 29, 2009. In the alternative, Southern and Active seek a dissolution of the Order pursuant to Article 3506 and related damages and such other and further relief to which Southern and Active may be entitled.

Respectfully submitted,

GLADSTONE N. JONES, III (#22221)
LYNN E. SWANSON (#22650)
H.S. BARTLETT III (#26795)
CATHERINE E. LASKY (#28652)
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Telecopier: (504) 523-2508

-9-

CERTIFIED
TRUE COPY

DEC 1 1 2009

BY _____
DEPUTY CLERK

and

JAMES M. GARNER (#19589)
PETER L. HILBERT, JR. (#6875)
TIMOTHY B. FRANCIS (#14973)
SHARONDA R. WILLIAMS (#28809)
AMANDA RUSSO SCHENCK (#30706)
EMMA ELIZABETH DASCHBACH (#27358)
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 25th day of November, 2009 served a copy of the foregoing upon the following parties and counsel of record by electronic mail, facsimile and/or U.S. Mail:

Marx D. Sterbcow
Sterbcow Law Group, LLC
1734 Prytania Street
New Orleans, LA 70130

Jason L. Melancon
Robert C. Rimes
Melancon/Rimes
8706 Jefferson Hwy, Suite B
Baton Rouge, LA 70809
Attorneys for CamSoft Data Systems Inc.

Frank Tomeny, III
Tomeny & Fisher
8706 Jefferson Hwy, Suite B
Baton Rouge, LA 70808
Attorneys for CamSoft Data Systems Inc.

Ignace Perrin
1909 Tulane Ave.
New Orleans, LA 70115

Brian Fitzpatrick
1211 8th St.
New Orleans, LA 70115

Jeff Burkhardt
6134 Vicksburg St.
New Orleans, LA 70124

912070277010

Dell Inc.
One Dell Way
Round Rock, TX 78682

Tropos Networks, Inc.
Mike Bailey
11600 Spur Road
Monterey, CA 93940

NetMethods, LLC
Through its registered agent
Kent Lambert, Esq.
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170

Method Investments, LLC
Through its registered agent
Mark St. Pierre
1515 Poydras St., Suite 2340
New Orleans, LA 70112

Veracent, LLC
Through its registered agent
Kent Lambert, Esq.
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170

Ciber, Inc.
Through its registered agent
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

Logistix, LLC
Through its registered agent
Seth A. Levine
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170

Imagine Software, LLC
Through its registered agent
Dante V. Maraldo
c/o Blue Williams, LLP
3421 North Causeway Blvd., 9th Floor
Metairie, LA 70002

AMI Consulting, LLC
Through its registered agent
Chris Drake
127 Highway 22E, Suite E11
Madisonville, LA 70447

Mark St. Pierre
1514 S. Shirley Ave
Gonzales, LA 70737; or
18211 E. Petroleum Drive
Baton Rouge, LA 70809

Christopher Drake
127 Highway 22 E, Suite E11
Madisonville, LA 70447

Gregory Meffert
24 Park Island Dr.
New Orleans, LA 70122; or

1515 Poydras Street, Suite 2060
New Orleans, LA 70112

Ellen Kirk
4435 Caminito Tecera
Del Mar, CA 94403

Mark Kurt
5425 Prytania Street
New Orleans, LA 70115

_____
JAMES M. GARNER

-12-

912070278000

CAMSOFT DATA SYSTEMS, INC.

VERSUS

SOUTHERN ELECTRONICS SUPPLY, INC.
AND ACTIVE SOLUTIONS, LLC

DOCKET NO. 582,741  SEC. "D"

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## ORDER

CONSIDERING THE ABOVE AND FOREGOING:

IT IS HEREBY ORDERED that Southern Electronics Supply, Inc. and Active Solutions, LLC deposit into the registry of the Clerk of Court for the Parish of East Baton Rouge all monetary proceeds received in connection with the matter entitled *Active Solutions, et al. v. Dell, Inc.*, Docket No. Docket No. 2007-3665 Div.: "B", Orleans Civil District Court, State of Louisiana, including but not limited to:

Monetary proceeds received from the Ciber, Inc. settlement;

Monetary proceeds received from any other past or future settlement; and/or

3. Monetary proceeds paid as part of any judgment rendered in favor of Active Solutions, LLC and Southern Electronics Supply, Inc.

Signed this 2 day of Oct, 2009 at Baton Rouge, Louisiana.

*Janice Clark*

Honorable Janice Clark
19th Judicial District Court

Respectfully submitted,

*Marx D. Sterbcow*

Marx D. Sterbcow, La. Bar No. 28425
Sterbcow Law Group, LLC
1734 Prytania Street
New Orleans, Louisiana 70130
Telephone: (504) 523-4930
Fax: (888) 241-6248
Email: marx@sterbcowlaw.com

*Jason L. Melancon*

Jason L. Melancon, La. Bar No. 28152
Robert C. Rimes, La. Bar No. 28740
Melancon | Rimes
8706 Jefferson Hwy., Ste. B
Baton Rouge, LA 70809
Telephone: (225) 303-0455
Fax: (225) 303-0456
Email: jason@melanconrimes.com

Frank Tomeny III, La. Bar No. 18031
Tomeny & Fisher
8706 Jefferson Hwy., Ste. B
Baton Rouge, LA 70808
Telephone: (225) 767-8333
Fax: (225) 767-5947
Email: frank@tomenyandfisher.com

CERTIFIED
TRUE COPY

NOV 10 2009

BY _____
DEPUTY CLERK

EXHIBIT
A

* * * COM*  ICATION RES*******01  NOV. 25. 2.   3:56PM ) * * *

FAX HEADER:  CLERK OF COURT

TRANSMITTED/STORED : NOV. 25. 2009  3:55PM

| FILE | MODE | OPTION | ADDRESS | RESULT | PAGE |
|------|------|--------|---------|--------|------|
| 460 | MEMORY TX | | 915045232508 | OK | 1/1 |

*504 299-2300*

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL          E-2) BUSY
E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION



# DOUG WELBORN
## CLERK OF COURT

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

Date: 25-NOV-2009

NUMBER C582741 Division D
CAMSOFT DATA SYSTEMS INC
VS
SOUTHERN ELECTRONICS SUPPLY INC ET AL

To:  JAMES MICHAEL GARNER
SHER GARNER CAHILL ET AL
909 POYDRAS ST STE 2800
NEW ORLEANS LA 70112

Item(s) Received: MOTION FOR NEW TRIAL

Amount Due (includes $5.00 Fax Fee) $ 325.00
The Clerk of Court's office has received, by facsimile transmission, documents in the above referenced case.  It has been filed as of this date.  In accordance with R.S. 13:850 (B), the original and applicable fees should be forwarded to this office within five (5) days.

In accordance with 13:850 (B) (3), a transmission fee of $5.00 should be forwarded to the Clerk of Court with the original document.  The fax filing fee is necessary even if filing in forma pauperis.

**NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT
UNTIL THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED
IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX-
ISSUANCE BY ORIGINAL REQUESTS ONLY!**

**PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL.
IF FILING IN PERSON, NOTIFY FILING CLERK OF PREVIOUS FAX.**

JES
*Deputy Clerk of Court for
Doug Welborn, Clerk of Court*

5249 – LTR / FAX RECT



# DOUG WELBORN
## CLERK OF COURT

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

## FAX RECEIPT

Date: 25-NOV-2009

NUMBER C582741 Division D
CAMSOFT DATA SYSTEMS INC
VS
SOUTHERN ELECTRONICS SUPPLY INC ET AL

*Attn: Karen Williams*

To:    JAMES MICHAEL GARNER
       SHER GARNER CAHILL ET AL
       909 POYDRAS ST STE 2800
       NEW ORLEANS LA 70112

Item(s) Received: MOTION FOR NEW TRIAL

Amount Due (includes $5.00 Fax Fee) **$ 325.00**
The Clerk of Court's office has received, by facsimile transmission, documents in the above referenced case. It has been filed as of this date. In accordance with R.S. 13:850 (B), the original and applicable fees should be forwarded to this office within five (5) days.

In accordance with 13:850 (B) (3), a transmission fee of $5.00 should be forwarded to the Clerk of Court with the original document. The fax filing fee is necessary even if filing in forma pauperis.

### NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT
### UNTIL THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED
### IN THIS OFFICE.

---

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX-
### ISSUANCE BY ORIGINAL REQUESTS ONLY!

---

### PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL.
### IF FILING IN PERSON, NOTIFY FILING CLERK OF PREVIOUS FAX.

JES
*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

5249 – LTR / FAX RECT



# DOUG WELBORN
## CLERK OF COURT

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

Date: 25-NOV-2009

NUMBER C582741 Division D
CAMSOFT DATA SYSTEMS INC
VS
SOUTHERN ELECTRONICS SUPPLY INC ET AL

*Attn: Karen Williams*

To:  JAMES MICHAEL GARNER
SHER GARNER CAHILL ET AL
909 POYDRAS ST STE 2800
NEW ORLEANS LA 70112

Item(s) Received: MOTION FOR NEW TRIAL

Amount Due (includes $5.00 Fax Fee) $ 325.00
The Clerk of Court's office has received, by facsimile transmission, documents in the above referenced case. It has been filed as of this date. In accordance with R.S. 13:850 (B), the original and applicable fees should be forwarded to this office within five (5) days.

In accordance with 13:850 (B) (3), a transmission fee of $5.00 should be forwarded to the Clerk of Court with the original document. The fax filing fee is necessary even if filing in forma pauperis.

**NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT
UNTIL THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED
IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX-
ISSUANCE BY ORIGINAL REQUESTS ONLY!**

**PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL.
IF FILING IN PERSON, NOTIFY FILING CLERK OF PREVIOUS FAX.**

JES
*Deputy Clerk of Court for
Doug Welborn, Clerk of Court*

5249 – LTR / FAX RECT

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
## KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

### Date: November 25, 2009

**TO:**     **Doug Welborn**
            **19th JDC, East Baton Rouge Parish Clerk of Court**
            **(225) 389-3392**

**CC:**  **ALL COUNSEL (Via E-Mail)**

**FROM:**  **James M. Garner/Sharonda R. Williams/Amanda Schenck**

**RE:**  *Active Solutions et al. V. Dell, Inc., et al.*
         Civil District Court, Parish of Orleans, State of Louisiana
         Case No. 07-3665
         Our File No.: 21302.0001

**MESSAGES, NOTES, COMMENTS:**

Attached please find Active Solutions, L.L.C. and Southern Electronics Supply, Inc.'s Motion for
a New Trial, or in the Alternative, to Dissolve the Writ of Sequestration and/or Attachment and for
Damages Pursuant to Article 3506 and Incorporated Memorandum in Support and Rule to Show
Cause on behalf of Defendants, Southern Electronics Supply, Inc. and Active Solutions, LLC. which
we would appreciate your filing into the court record and advising of the fees associated with
filing same and we will forward an original and two (2) copies of the above pleading along with
our check. Your assistance and cooperation in this matter are greatly appreciated.

**NO. OF PAGES (Including Cover):** _____

**IF YOU EXPERIENCE DIFFICULTIES IN TRANSMISSION, OR DO NOT RECEIVE
ALL PAGES INDICATED, PLEASE CONTACT** *Amanda Schenck (299-2119) or
Karen Williams* **(299-2231).**

**Confidentiality Statement**

"The information contained in this facsimile message is attorney privilege and confidential information intended only for the
use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or
copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately notify
us by telephone and return the original message to us at the above address via the United State s Postal Service."

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
## KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [1]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN [1]
PETER L. HILBERT, JR.
MARIE A. MOORE [1]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH [1]
MARTHA Y. CURTIS [1]
NEAL J. KLING
JOSHUA S. FORCE [1] [I]
DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [1]
JOHN T. BALHOFF, II

ALVIN C. MIESTER, III
HOWARD T. BOYD, III [1]
CHRISTOPHER T. CHOCHELES
SHARONDA R. WILLIAMS [1] [II]
KAREN T. HOLZENTHAL
RYAN D. ADAMS
THOMAS J. MADIGAN, II [1]
KEVIN M. MOGLONE
CHAD P. MORROW
JEFFREY D. KESSLER [1]
JONATHAN B. CERISE
ASHLEY G. COKER
AMANDA RUSSO SCHENCK
RYAN O. LUMINAIS [1]
MATTHEW C. CLARK

MELISSA M. ROME
RAYMOND C. LEWIS
ANDREW R. CAPITELLI
CHARLES E. TABOR
MARY BETH AKIN
EMMA E. DASCHBACH [1] [I]
ANDREA M. ALBRIGHT
JENNIFER M. HOFFMAN
PAUL R. TRAPANI, III

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1] LAW CORPORATION
[I] MEMBER OF LOUISIANA AND TEXAS BARS
[a] MEMBER OF LOUISIANA AND ALABAMA BARS
[b] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[c] MEMBER OF LOUISIANA AND GEORGIA BARS
[d] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[e] MEMBER OF LOUISIANA AND NEW YORK BARS
[f] MEMBER OF LOUISIANA AND DISTRICT OF
COLUMBIA BARS
[g] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
BOARD OF LEGAL SPECIALIZATION
[II] REGISTERED TO PRACTICE BEFORE THE
UNITED STATES PATENT AND TRADEMARK
OFFICE

ALL OTHERS LOUISIANA BAR

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

swilliams@shergarner.com
Direct Dial: (504) 299-2135
Direct Fax: (504) 299-2335

aschenck@shergarner.com
Direct Dial: (504) 299-2119
Direct Fax: (504) 299-2319

(504) 299-2100
FAX (504) 299-2300

November 25, 2009

_Via Facsimile (225) 389-3392 and U.S. Mail_

Doug Welborn
East Baton Rouge Parish Clerk of Court
P.O. Box 1991
Baton Rouge, LA 70821-1991

Re:     _Camsoft Data Systems, Inc. v. Southern Electronics and Active Solutions, L.LC._
        19th Judicial District Court, Parish of Baton Rouge
        Case No. 582, 741, Section D
        Our File No. 21302.0001

Dear Mr. Welborn:

Please find enclosed an original and two copies of the Motion for a New Trial, or in the Alternative, to Dissolve the Writ of Sequestration and/or Attachment and for Damages Pursuant to Article 3506 and Incorporated Memorandum in Support and Rule to Show Cause, which we are filing on behalf of Defendants, Southern Electronics Supply, Inc. and Active Solutions, LLC.

Please note that undersigned counsel are not counsel of record in this case, but are making a limited appearance for purposes of filing this motion on behalf of Southern and Active, which parties are represented by undersigned counsel in related litigation in New Orleans, entitled _Active Solutions LLC and Southern Electronics Supply, Inc. v. Dell Inc. et. al._, Civil Action No. 2007-3665 in the Civil District Court for the Parish of Orleans.

LAW OFFICES OF

## SHER GARNER CAHILL RICHTER
## KLEIN & HILBERT, L.L.C.

912070278006

Doug Welborn
November 25, 2009
Page - 2 -

    Also, please note that counsel of record for Southern Electronics, Supply, Inc. and Active Solutions, LLC in this suit pending in the 19th Judicial District Court have filed exceptions for each defendant earlier today.

    We would appreciate it if you could file the original in the record, forward a copy to Judge Janice Clark for her signature on the Rule to Show Case, send a conformed copy in the self-addressed stamped envelope, and advise us of the filing fees associated with the filing.

    Thanks in advance for your assistance with this matter.

                            Cordially,

                            James M. Garner
                            Sharonda R. Williams
                            Amanda R. Schenck

Enclosure

cc:    (Via U.S. Mail)
      Edmond C. Haase', III
      Mark Cunningham
      Gladstone N. Jones, III/Lynn E. Swanson/Catherine E. Lasky
      Marx C. Stercow
      Jason Melancon
      Frank Tomeny III
      Ignace Perrin
      Brian Fitzpatrick
      Jeff Burkhardt
      Dell Inc.
      Tropos Networks, Inc. through Mike Bailey
      NetMethods, LLC through its registered agent, Kent Lambert, Esq.
      Veracent, LLC through its registered agent, Kent Lambert, Esq.
      Method Investments, LLC through its registered agent, Mark St. Pierre
      Ciber, Inc. through its registered agent, CT Corporation System

Method Investments, LLC
Through its registered agent
Mark St. Pierre
1515 Poydras St., Suite 2340
New Orleans, LA 70112

Veracent, LLC
Through its registered agent
Kent Lambert, Esq.
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170

Ciber, Inc.
Through its registered agent
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

Logistix, LLC
Through its registered agent
Seth A. Levine
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170

Imagine Software, LLC
Through its registered agent
Dante V. Maraldo
c/o Blue Williams, LLP
3421 North Causeway Blvd., 9th Floor
Metairie, LA 70002

AMI Consulting, LLC
Through its registered agent
Chris Drake
127 Highway 22E, Suite E11
Madisonville, LA 70447

Mark St. Pierre
1514 S. Shirley Ave
Gonzales, LA 70737; or

18211 E. Petroleum Drive
Baton Rouge, LA 70809

Christopher Drake
127 Highway 22 E, Suite E11
Madisonville, LA 70447

Gregory Meffert
24 Park Island Dr.
New Orleans, LA 70122; or
1515 Poydras Street, Suite 2060
New Orleans, LA 70112

-4-

Ellen Kirk
4435 Caminito Tecera
Del Mar, CA 94403

Mark Kurt
5425 Prytania Street
New Orleans, LA 70115

_____
JAMES M. GARNER

CAMSOFT DATA SYSTEMS INC.                    DOCKET NO. 582.741  SEC.  D

VERSUS                                       19TH JUDICIAL DISTRICT COURT

                                             PARISH OF EAST BATON ROUGE

SOUTHERN ELECTRONICS SUPPLY, INC.            STATE OF LOUISIANA
          ET AL.

<u>RULE TO SHOW CAUSE</u>

CONSIDERING the foregoing Motion for a New Trial, or in the Alternative, to Dissolve

the Writ of Sequestration and/or Attachment and for Damages pursuant to Article 3506 ("Motion"),

filed on behalf of Defendants, Southern Electronics, Inc. ("Southern") and Active Solutions, LLC

("Active");

IT IS ORDERED that Plaintiff, CamSoft Data Systems Inc., show cause on the_____ day

of _____, 2009, at _____ o'clock ___.m. why Southern and Active's Motion should not

be granted.

Baton Rouge, Louisiana, this _____ day of _____, 2009.


_____
JUDGE JANICE CLARK


<u>Please return executed Rule to
counsel for Southern Electronics Supply, Inc.
 and Active Solutions, LLC
to effect service on plaintiff pursuant to
Louisiana Code of Civil Procedure article 1313</u>

11-25-'09 16:31 FROM-Sher Garner Law Firm 5042998300 T-358 P011/023 F-443

CAMSOFT DATA SYSTEMS INC.

VERSUS

SOUTHERN ELECTRONICS SUPPLY, INC.
ET AL.

DOCKET NO. 582.741 SEC. D

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

### ACTIVE SOLUTIONS, L.L.C. AND SOUTHERN ELECTRONICS SUPPLY, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR A NEW TRIAL, OR IN THE ALTERNATIVE, TO DISSOLVE THE WRIT OF SEQUESTRATION AND/OR ATTACHMENT AND FOR DAMAGES PURSUANT TO ARTICLE 3506

MAY IT PLEASE THE COURT:

Defendants Southern Electronics, Inc. ("Southern") and Active Solutions, LLC ("Active"), hereby submit this memorandum in support of their Motion for a New Trial, or in the Alternative, to Dissolve the Writ of Sequestration and/or Attachment and for Damages Pursuant to Article 3506 of the Code of Civil Procedure. Southern and Active's Motion seeks a new trial with regards to the order signed *ex parte* by this Court on October 29, 2009 ("Order").[1] The Order was improperly signed by this Court without notice to Active or Southern and without any proper legal basis. A new trial should be awarded for the following reasons:

- The Order was improperly presented to this Court by Plaintiff CamSoft Data Systems, Inc. ("CamSoft") on an *ex parte* basis without notice to Active or Southern of either the relief sought in the Order or even service of CamSoft's Petition for Declaratory Judgment and Damages ("Petition") or First Supplemental and Amended Petition for Declaratory Judgment and Damages ("Amended Petition").

- This Court's entry of the Order is a prejudgment seizure of Active and Southern's property and violates established precedent.

- This Court's entry of the Order that effectively enjoins Active and Southern from the use of their property prior to any judgment rendered in favor of CamSoft and against Active and Southern is not supported by any procedural vehicles available under

_____

[1]      A copy of the Order is attached hereto as Exhibit "A."

Louisiana law, including attachment, sequestration, executory or summary proceedings, or a temporary restraining order or injunction.

Finally, to the extent that the Order can be interpreted as a writ of attachment or sequestration, the Order should be dissolved pursuant to Article 3506 of the Code of Civil Procedure and Active and Southern should be awarded damages including attorneys' fees as a result of CamSoft's pursuit of the entry of the Order.

**I.      Standard for New Trial**

Peremptory grounds for new trial are provided for under Code of Civil Procedure article 1972 and include when the "judgment appears clearly contrary to the law and the evidence." La. Code Civ. Pro art. 1972(1). This Court also has discretionary grounds to grant a new trial "if there is good ground therefor." La. Code Civ. Pro. art. 1973. The First Circuit recognizes that a "motion for a new trial should be granted when the verdict is clearly contrary to the law and evidence and, in any case, if there is good ground therefor. Louisiana jurisprudence is clear that a new trial should be ordered when the trial judge, exercising his or her discretion, is convinced by his or her examination of the facts that judgment would result in miscarriage of justice." *Bush v. Cannata's Supermarket, Inc.*, 612 So.2d 794, 797 (La.App. 1 Cir.,1992)(citing La. Code Civ. Pro. articles 1972 and 1973 and *Tudela v. Broussard*, 581 So.2d 1068, 1069-70 (La.App. 5 Cir.1991)).[2] Active and Southern respectfully submit that allowing the Order to stand "would result in miscarriage of justice."

**II.     Factual Background**

In order for this Court to have a complete understanding of the instant proceedings, Active and Southern submit that a brief recitation of the history of the related litigation is necessary. On April 20, 2007, Active and Southern filed a lawsuit in the Civil District Court for the Parish of Orleans styled *Active Solutions LLC and Southern Electronics Supply, Inc. v. Dell Inc. et. al.*, Civil Action No. 2007-3665, asserting claims against certain defendants also named in the instant

---

[2] This Motion is timely pursuant to Article 1974 as Active Solutions was served with both the Petition and Amended Petition on November 16, 2009. Service of the original Petition was withheld and service of the Order was made simultaneously with service of the Amended Petition.

11-25-'09 16:32   FROM-Shes Garner Law Firm   5042992300   Nov 25 2009 03:38pm   P013/023 F-443

litigation including Dell Inc., CIBER Inc., NetMethods LLC, Veracent LLC, Imagine Software LLC, Mark St. Pierre and Gregory Meffert for *inter alia* breach of contract, violations of the Louisiana Unfair Trade Practices Act, violations of the Louisiana Trade Secrets Act, civil conspiracy, promissory estoppel/detrimental reliance and unjust enrichment (the "New Orleans Litigation"). Those claims were tried to a jury beginning on September 14, 2009 and culminating in a verdict which was entered on November 2, 2009. Although the principal of CamSoft, Carlo MacDonald, was aware of New Orleans Litigation soon after it was filed, not until the literal eve of trial did CamSoft attempt to assert any rights or interest in the Litigation. CamSoft filed a Petition for Intervention on September 11, 2009 and filed a First Supplemental and Amended Petition for Intervention on September 16, 2009. After oral argument on September 17, 2009 during which the Honorable Rose Ledet indicated that the intervention was procedurally deficient, CamSoft withdrew those Petitions and one day later on September 18, 2009, filed its Petition in this Court. CamSoft then filed its Amended Petition on October 23, 2009, after trial in the New Orleans Litigation was virtually complete and this Court signed the Order that is the subject of this Motion on October 29, 2009. On November 2, 2009, the jury in the New Orleans Litigation found in favor of Active and Southern on certain of their claims including civil conspiracy, detrimental reliance and unfair trade practices; found for the defendants on Active and Southern's trade secret and breach of contract claims and awarded Active and Southern damages. The New Orleans court entered a partial final judgment on November 13, 2009 and motions for new trial and related post-judgment relief are pending. Service of CamSoft's Petitions and the signed Order were made on Active Solutions on November 16, 2009 and on Southern Electronics on November 18, 2009.

## III.   The Order is Clearly Contrary to Law and Manifestly Erroneous

Because CamSoft has no legal authority or factual basis for the extraordinary and *ex parte* relief sought in the Order, a motion for new trial is warranted. The Order entered by this Court requires Active and Southern to deposit any proceeds from any settlements or judgments in the New

Orleans Litigation into the registry of the Clerk of Court for the Parish of East Baton Rouge Parish.[3] This Order effectively deprives Active and Southern of the use of their property prior to the adjudication of any of the claims asserted by CamSoft and any determination of whether CamSoft is entitled to those or any other funds. Because CamSoft failed to meet the legal and procedural requirements for such extraordinary relief, a new trial should be granted pursuant to Articles 1972 and 1973 and in the alternative, the Order should be dissolved pursuant to Article 3506 and appropriate damages should be awarded to Active and Southern.

A.    **The Order should not have been issued *ex parte*.**

Article 963 of the Code of Civil Procedure outlines the limited circumstances in which an order may be granted *ex parte* and without hearing for the adverse party. "If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order *ex parte* and without hearing the adverse party. If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party." La. Code Civ. Pro. art. 963. As a preliminary matter, CamSoft did not file a written motion seeking entry of the Order entered by this Court. It is also clear that CamSoft was not "clearly entitled" to the relief it sought requiring the prejudgment seizure of Active and Southern's property and that such a remedy "requires supporting proof" under Louisiana law. Consequently, it was contrary to the express provisions of Article 963 for this Court to enter the Order *ex parte*.

Further, the Uniform Rules of the District Courts for the State of Louisiana provide that "[a]ll exceptions and motions...must be accompanied by a proposed order requesting the exception or motion be set for hearing." Rule 9.8(a). Rule 9.8(c) sets forth a limited exception to the hearing requirement for *ex parte* motions which include "unopposed motions, motions in which all affected parties have joined; or motions permitted by law or by these rules to be decided *ex parte*." Rule 9.8(c). It is clear that the Order entered by this Court fits none of these requirements. Because it

---

[3] As evidenced by the Exceptions filed today by Active and Southern, it is disputed whether this Court is a proper venue for this proceeding.

-4-

was not served upon Active or Southern, they were not given the opportunity to inform the Court that such relief was opposed. However, it was clear on the face of the relief sought in the Order that all "affected parties" had not joined in the relief sought. Because the Order does not meet any of the requirements of the Code of Civil Procedure or the Uniform Rules for an *ex parte* order, it was contrary to law and manifestly erroneous for this Court to enter the Order without notice to Active and Southern or an opportunity for them to be heard.

**B.**      **There is no factual, legal or procedural foundation for the relief granted by this Court in the Order.**

Not only was the Order to properly obtained *ex parte*, there are no factual, legal or procedural grounds pursuant to which this Court could enter such extraordinary relief. CamSoft did not and cannot meet the factual or procedural requirements for this Order to be entered as a summary proceeding, an executory proceeding, a temporary restraining order or injunctive relief or pursuant to a writ of attachment or sequestration.

     **1.**      **Summary Proceeding**

The Code of Civil Procedure is clear that this Order could not have been granted through the use of a summary proceeding. As a preliminary matter, even a summary proceeding requires any motions or other pleadings be set for trial and served on the defendant. *See* La. Code Civ. Pro. art. 2593, 2594 and 2595. As stated, neither the Petition, Amended Petition nor the Order were served on Active or Southern prior to the entry of the Order and clearly they were not given any opportunity to be heard. Furthermore, Article 2592 limits the use of summary proceedings to certain matters specifically listed in that Article, none of which include a pre-judgment seizure of assets. Although CamSoft did not attempt to follow the requirements for a summary proceeding in order to obtain the Order, it is clear that the requirements are not met and do not provide a legal basis for the relief granted in the Order.[4]

---

[4] Executory proceedings are limited to "those which are used to effect the seizure and sale of property...to enforce a mortgage or privilege thereon evidence by an authentic act importing a confession of judgment, and in order cases allowed by law." La. Code Civ. Pro. art. 2631. The Order could not have properly issued pursuant to an executory proceedings because CamSoft has not alleged any mortgage or privilege evidenced by an authentic act that would provide the basis for such relief. *See also* La. Code Civ. Pro. art. 2634 through 2636.

2.     **Injunctive Relief**

Again, CamSoft has not and cannot allege that it meets the requirements for injunctive relief as a legal basis for the Order. First, CamSoft has not and cannot show that "irreparable injury, loss, or damage" may result to it. *See* La. Code Civ. Pro. art. 3601. "To prevail in an action for injunction, plaintiff must show that irreparable injury, loss or damage will ensue if an injunction is not granted." *Arevalo v. Menville*, 2009 WL 387169, *2 (La.App. 1 Cir. 2009)(citing *Conway v. Stratton*, 434 So.2d 1197, 1199 (La.App. 1 Cir.1983)). The First Circuit has also specifically defined irreparable injury "as injury for which an injured party cannot be compensated adequately in money damages, or for which damages cannot be measured by a monetary or pecuniary standard." *Id.* (citing *Conway*, 434 So.2d at 1199). However, monetary damages are precisely what CamSoft is seeking in its Petitions and which are provided for in the Order. Furthermore, CamSoft again failed to meet the procedural requirements for a preliminary injunction including notice to Active and Southern and an opportunity for a hearing pursuant to Article 3602 or a temporary restraining order because CamSoft did not follow the basic procedures of Article 3603 including the submission of a verified petition or supporting affidavit. Although the Order is effectively a permanent injunction impeding Active and Southern's use of their current and future property, CamSoft did not meet the specific requirements for such injunctive relief and this Court was legally erroneous in granting the Order.

3.     **Attachment or Sequestration**

CamSoft also failed to meet the legal requirements for the extraordinary relief of attachment or sequestration. The Supreme Court has recognized that these "extremely harsh" remedies are "only extended where the formalities of the law have been strictly and literally complied with." *Hancock Bank v. Alexander*, 256 La. 643, 652, 237 So.2d 669, 672 (La. 1970). First, CamSoft's Petition and Amended Petition on their face do not claim to seek either a writ or sequestration or attachment, yet the remedies provided in the Order are similarly harsh.

However, CamSoft's Petitions do not include information required for the issuance of such writs, including the "amount" of the claim and "the grounds relied upon for the issuance of the writ."

La. Code Civ. Pro. art. 3501. CamSoft also failed to verify its petition or provide a separate affidavit as Article 3501 requires. Furthermore, CamSoft does not meet the substantive requirements of either attachment or sequestration.

In order for a writ of attachment to issue, a defendant must have "concealed himself to avoid service of citation"; granted a security interest in or otherwise mortgaged, disposed of the property at issue; converted or attempted to convert the property into money "with intent to place it beyond the reach of his creditors"; left or attempted to leave the state permanently; or be a nonresident. *See* La. Code Civ. Pro. art. 3541. CamSoft's Petitions do not allege that Active or Southern meet any of these requirements, and they do not. Both Active and Southern were served with the Petition and Amended Petition without difficulty once CamSoft actually attempted to have them served. It is CamSoft that is to blame for the failure to serve Active and Southern prior to the entry of the Order, since it is CamSoft that never attempted to serve either party prior to obtaining the Order. Neither Active nor Southern is attempting to dispose or abscond with any property. Finally, both Active and Southern are Louisiana entities domiciled in Orleans Parish, and CamSoft has made no showing that either has any intentions of leaving the State.

In order to obtain a writ of sequestration, CamSoft's Petitions must demonstrate that "it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action." La. Code Civ. Pro. art. 3571. CamSoft's Petitions make no such allegations and therefore fail on their face to establish grounds for a writ of sequestration.

Finally, even assuming that CamSoft could meet the threshold requirements for a writ of attachment or sequestration, which it cannot, the Order was contrary to law because CamSoft did not "furnish security" as required by the Code. *See* La. Code Civ. Pro. articles 3501, 3544 and 3574. Because CamSoft failed to meet the procedural and substantive requirements for the "extremely harsh" remedies of attachment and sequestration, any reliance upon those doctrines as the basis for this Court's Order is erroneous and contrary to law.

C.    The Order violates established United States Supreme Court precedent.

The United States Supreme Court in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, held that when a plaintiff cannot claim a lien or equitable interest in a defendant's assets, courts have no authority to enjoin the defendant's use of its assets prior to the plaintiff obtaining a judgment in its favor. 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999). CamSoft cannot and has not alleged a lien or equitable interest in Active or Southern's property generally nor the proceeds that the Order affects specifically. Because CamSoft does not have this equitable interest, the Order, which is a prejudgment seizure of Active and Southern's assets, runs afoul of *Grupo Mexicano* and its progeny.[5]

IV.    **Active and Southern are Entitled to Dissolution of the Order as a Wrongfully Ordered Writ of Attachment or Sequestration and Damages Pursuant to Article 3506 of the Code of Civil Procedure**

Article 3506 provides that this Court may award damages to Active and Southern for the "wrongful issuance of a writ of attachment or of sequestration." Once the defendant files a motion for dissolution, "the burden is shifted to plaintiff to establish the facts constituting grounds for issuance of the writ." *Alessi v. Belanger*, 93-2047 (La.App. 1 Cir. 10/7/94) 644 So.2d 778, 784 (citing *Yorkwood Savings and Loan Association v. Thomas*, 379 So.2d 798, 799 (La.App. 4 Cir.1980)). As discussed herein, neither of CamSoft's Petitions seeks a writ of attachment or sequestration by name and the Order is not styled as such. However, to the extent that the Order provides an extraordinary remedy similar to such a writ, Active and Southern are entitled to dissolution of the Order unless CamSoft can prove "the grounds upon which the writ was issued." La. Code Civ. Pro. art. 3506.

The Supreme Court has held that a plaintiff is limited to what has been alleged in his pleadings when contesting dissolution of a writ of attachment or sequestration. When, as in the instant case, "the writ of sequestration issues *ex parte* upon the sworn allegations of the applicant,

_____

[5] Although the *Grupo Mexicano* case on its face only applies to federal courts, the reasoning and rationale have been adopted by several states including Alabama. *See e.g.*, *Norman v. Occupational Safety Assoc. of Alabama Workmen's Compensation Fund*, 811 So.2d 492 (Ala. 2001).

seizure of defendant's property takes place immediately without any advance notice to him. Since he is unaware of the proceedings until after the seizure, he is totally without power to prevent its accomplishment. If the seizure is unlawful all defendant can do is retain counsel and move for its dissolution and seek damages and attorneys' fees. Thus when the seizure takes place and the defendant employs counsel and moves to dissolve the sequestration his damage is already incurred. It is too late to 'cure' these defects after the fact." *Hancock Bank*, 237 So.2d at 672. Because CamSoft's Petitions fail to allege the requirements necessary for either a writ of sequestration or attachment and because CamSoft also failed to meet the required procedural requirements including a verified petition and security, this Court must dissolve the Order.

Active and Southern respectfully submit that the Order was not properly issued as either a writ of sequestration or a writ of attachment for the reasons further detailed herein and seek a contradictory hearing on the matter. In the event that this Court dissolves the Order pursuant to Article 3506, Active and Southern specifically reserve their rights to seek damages from CamSoft including but not limited to attorneys' fees "for the services rendered in connection with the dissolution of the writ." *Id.*

**V.    Conclusion**

For the foregoing reasons, defendants Southern Electronics Supply, Inc. and Active Solutions, LLC respectfully submit that sufficient grounds exist for this Court to order a new trial pursuant to Article 1972 and 1973 with regards to the order signed on October 29, 2009. In the alternative, Southern and Active seek a dissolution of the Order pursuant to Article 3506 and related damages and such other and further relief to which Southern and Active may be entitled.

Respectfully submitted,

GLADSTONE N. JONES, III (#22221)
LYNN E. SWANSON (#22650)
H.S. BARTLETT III (#26795)
CATHERINE E. LASKY (#28652)
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Telecopier: (504) 523-2508

-9-

and

JAMES M. GARNER (#19589)
PETER L. HILBERT, JR. (#6875)
TIMOTHY B. FRANCIS (#14973)
SHARONDA R. WILLIAMS (#28809)
AMANDA RUSSO SCHENCK (#30706)
EMMA ELIZABETH DASCHBACH (#27358)
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 25th day of November, 2009 served a copy of the foregoing upon the following parties and counsel of record by electronic mail, facsimile and/or U.S. Mail:

Marx D. Sterbcow
Sterbcow Law Group, LLC
1734 Prytania Street
New Orleans, LA 70130

Jason L. Melancon
Robert C. Rimes
Melancon/Rimes
8706 Jefferson Hwy, Suite B
Baton Rouge, LA 70809
Attorneys for CamSoft Data Systems Inc.

Frank Tomeny, III
Tomeny & Fisher
8706 Jefferson Hwy, Suite B
Baton Rouge, LA 70808
Attorneys for CamSoft Data Systems Inc.

Ignace Perrin
1909 Tulane Ave.
New Orleans, LA 70115

Brian Fitzpatrick
1211 8th St.
New Orleans, LA 70115

Jeff Burkhardt
6134 Vicksburg St.
New Orleans, LA 70124

-10-

Received:
Nov 25 2009 03:39pm
Case 3:09-cv-01047-JJB-SCR   Document   912070278024   12/14/09   Page 58 of 101

Dell Inc.
One Dell Way
Round Rock, TX 78682

Tropos Networks, Inc.
Mike Bailey
11600 Spur Road
Monterey, CA 93940

NetMethods, LLC
Through its registered agent
Kent Lambert, Esq.
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170

Method Investments, LLC
Through its registered agent
Mark St. Pierre
1515 Poydras St., Suite 2340
New Orleans, LA 70112

Veracent, LLC
Through its registered agent
Kent Lambert, Esq.
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170

Ciber, Inc.
Through its registered agent
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

Logistix, LLC
Through its registered agent
Seth A. Levine
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170

Imagine Software, LLC
Through its registered agent
Dante V. Maraldo
c/o Blue Williams, LLP
3421 North Causeway Blvd., 9th Floor
Metairie, LA 70002

AMI Consulting, LLC
Through its registered agent
Chris Drake
127 Highway 22E, Suite E11
Madisonville, LA 70447

Mark St. Pierre
1514 S. Shirley Ave
Gonzales, LA 70737; or
18211 E. Petroleum Drive
Baton Rouge, LA 70809

Christopher Drake
127 Highway 22 E, Suite E11
Madisonville, LA 70447

Gregory Meffert
24 Park Island Dr.
New Orleans, LA 70122; or

1515 Poydras Street, Suite 2060
New Orleans, LA 70112

Ellen Kirk
4435 Caminito Tecera
Del Mar, CA 94403

Mark Kurt
5425 Prytania Street
New Orleans, LA 70115

JAMES M. GARNER

CAMSOFT DATA SYSTEMS, INC.

VERSUS

SOUTHERN ELECTRONICS SUPPLY, INC.
AND ACTIVE SOLUTIONS, LLC

DOCKET NO. 582,741 SEC. "D"

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## ORDER

CONSIDERING THE ABOVE AND FOREGOING:

IT IS HEREBY ORDERED that Southern Electronics Supply, Inc. and Active Solutions, LLC deposit into the registry of the Clerk of Court for the Parish of East Baton Rouge all monetary proceeds received in connection with the matter entitled *Active Solutions, et al. v. Dell, Inc.*, Docket No. Docket No. 2007-3665 Div.: "B", Orleans Civil District Court, State of Louisiana, including but not limited to:

1. Monetary proceeds received from the Ciber, Inc. settlement;

2. Monetary proceeds received from any other past or future settlement; and/or

3. Monetary proceeds paid as part of any judgment rendered in favor of Active Solutions, LLC and Southern Electronics Supply, Inc.

Signed this 23 day of Oct, 2009 at Baton Rouge, Louisiana.

*Janice Clark*

Honorable Janice Clark
19th Judicial District Court

Respectfully submitted,

Mark D. Stercow, La. Bar No. 28425
Stercow Law Group, LLC
1734 Prytania Street
New Orleans, Louisiana 70130
Telephone: (504) 523-4930
Fax: (888) 241-6248
Email: marx@sterbowlaw.com

Jason L. Melancon, La. Bar No. 28152
Robert C. Rimes, La. Bar No. 28740
Melancon | Rimes
8706 Jefferson Hwy., Ste. B
Baton Rouge, LA 70809
Telephone: (225) 303-0455
Fax: (225) 303-0456
Email: jason@melanconrimes.com

Frank Tomeny III, La. Bar No. 18031
Tomeny & Fisher
8706 Jefferson Hwy., Ste. B
Baton Rouge, LA 70808
Telephone: (225) 767-8333
Fax: (225) 767-5947
Email: frank@tomenyandfisher.com

CERTIFIED
TRUE COPY

NOV 1 0 2009

BY: _____
DEPUTY CLERK

EXHIBIT
A

LAW OFFICES OF
# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

Doug Welborn
November 25, 2009
Page - 3 -

      Logistix, LLC through its registered agent, Seth A. Levine
      Imagine Software, LLC through its registered agent, Dante V. Maraldo c/o Blue Williams
      AMI Consulting, LLC through its registered agent, Chris Drake
      Mark St. Pierre
      Christopher Drake
      Gregory Meffert
      Ellen Kirk
      Mark Kurt

CAMSOFT DATA SYSTEMS INC.

VERSUS

SOUTHERN ELECTRONICS SUPPLY, INC.
ET AL.

DOCKET NO. 582.741 SEC. D

19ᵀᴴ JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## ACTIVE SOLUTIONS, L.L.C. AND SOUTHERN ELECTRONICS SUPPLY, INC.'S MOTION FOR A NEW TRIAL, OR IN THE ALTERNATIVE, TO DISSOLVE THE WRIT OF SEQUESTRATION AND/OR ATTACHMENT AND FOR DAMAGES PURSUANT TO ARTICLE 3506

NOW INTO COURT, through undersigned counsel, come Defendants Southern Electronics, Inc. ("Southern") and Active Solutions, LLC ("Active"), who respectfully move this Court for a new trial pursuant to Articles 1972 and 1973 of the Code of Civil Procedure with regards to the order signed *ex parte* by this Court on October 29, 2009 ("Order").[1]  The Order was improperly signed by this Court without notice to Active or Southern and without any proper legal basis.  As more fully detailed in the attached memorandum in support, a new trial should be awarded for the following reasons:

- The Order was improperly presented to this Court by Plaintiff CamSoft Data Systems, Inc. ("CamSoft") on an *ex parte* basis without notice to Active or Southern of either the relief sought in the Order or even service of CamSoft's Petition for Declaratory Judgment and Damages ("Petition") or First Supplemental and Amended Petition for Declaratory Judgment and Damages ("Amended Petition").

- This Court's entry of the Order is a prejudgment seizure of Active and Southern's property and violates established precedent.

- This Court's entry of the Order that effectively enjoins Active and Southern from the use of their property prior to any judgment rendered in favor of CamSoft and against Active and Southern is not supported by any procedural vehicles available under Louisiana law, including attachment, sequestration, executory or summary proceedings, or a temporary restraining order or injunction.

---

[1]  A copy of the Order is attached to the Memorandum in Support as Exhibit "A."

11-25-'09 16:31 FROM-Sher Garner  Firm 5042992300    Nov 25 2009 03:37pm
Case 3:09-cv-01047-JJB-SCR   Document 3    12/14/09   Page 63 of 101

91207Q278009

In the alternative, to the extent that the Order can be interpreted as a writ of attachment or sequestration, the Order should be dissolved pursuant to Article 3506 of the Code of Civil Procedure and Active and Southern should be awarded damages including attorneys' fees as a result of CamSoft's pursuit of the entry of the Order.

For these reasons and the additional reasons set forth in the accompanying Memorandum in Support, defendants Southern Electronics Supply, Inc. and Active Solutions, LLC respectfully submit that sufficient grounds exist for this Court to order a new trial pursuant to Article 1972 and 1973 with regards to the order signed on October 29, 2009. In the alternative, Southern and Active seek a dissolution of the Order pursuant to Article 3506 and related damages and such other and further relief to which Southern and Active may be entitled.

Respectfully submitted,

GLADSTONE N. JONES, III (#22221)
LYNN E. SWANSON (#22650)
H. S. BARTLETT III (#26795)
CATHERINE E. LASKY (#28652)
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Telecopier: (504) 523-2508

and

JAMES M. GARNER (#19589)
PETER L. HILBERT, JR. (#6875)
TIMOTHY B. FRANCIS (#14973)
SHARONDA R. WILLIAMS (#28809)
AMANDA RUSSO SCHENCK (#30706)
EMMA ELIZABETH DASCHBACH (#27358)
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
ATTORNEYS FOR PLAINTIFFS

-2-

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 25th day of November, 2009 served a copy of the foregoing upon the following parties and counsel of record by electronic mail, facsimile and/or U.S. Mail:

Marx D. Sterbcow
Sterbcow Law Group, LLC
1734 Prytania Street
New Orleans, LA 70130

Jason L. Melancon
Robert C. Rimes
Melancon/Rimes
8706 Jefferson Hwy, Suite B
Baton Rouge, LA 70809
Attorneys for CamSoft Data Systems Inc.

Frank Tomeny, III
Tomeny & Fisher
8706 Jefferson Hwy, Suite B
Baton Rouge, LA 70808
Attorneys for CamSoft Data Systems Inc.

Ignace Perrin
1909 Tulane Ave.
New Orleans, LA 70115

Brian Fitzpatrick
1211 8th St.
New Orleans, LA 70115

Jeff Burkhardt
6134 Vicksburg St.
New Orleans, LA 70124

Dell Inc.
One Dell Way
Round Rock, TX 78682

Tropos Networks, Inc.
Mike Bailey
11600 Spur Road
Monterey, CA 93940

NetMethods, LLC
Through its registered agent
Kent Lambert, Esq.
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170

-3-

812070279000

# RULE NISI
## Issued in accordance with CCP 1313

CAMSOFT DATA SYSTEMS INC
(Plaintiff)

NUMBER  C582741 Division D

19th JUDICIAL DISTRICT COURT

vs.

PARISH OF EAST BATON ROUGE

SOUTHERN ELECTRONICS SUPPLY INC
ET AL
(Defendant)

STATE OF LOUISIANA

TO:     PLAINTIFFS

The Mover in this case filed a ACTIVE SOLUTIONS, LLC AND SOUTHERN ELECTRONICS SUPPLY INC.S MOTION FOR A NEW TRIAL , OR IN THE ALTERNATIVE, TO DISSOLVE THE WRIT OF SEQUESTRATION AND/OR ATTACHMENT AND FORDAMAGES PURSUANT TO ARTICLE 3506  which the Court granted.  Certified copies of this document and the Court's Order are attached.

You MUST come to Court at 9:30 AM on JANUARY 25, 2010  in Room 806 in the Governmental Building, 222 St. Louis Street, and show cause why:

* * * * * SEE ATTACHED ORDER * * * * *.

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on 03-DEC-2009.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

Requesting Attorney: JAMES MICHAEL GARNER

RULE NISI – 6813



# DOUG WELBORN
## CLERK OF COURT
19TH JUDICIAL DISTRICT
PARISH OF EAST BATON ROUGE

P.O. Box 1991
Baton Rouge, LA 70821-1991

**Phone**
**(225) 389-3982**

---

Camisoft Data Systems, Inc.   Date: 9-21-09

vs. Southern Elec. Supply, Inc.   Number: 568741

Jason L. Melancen , Attorneys

We have received your _Pet. Damages_ in the above matter but are unable to process the pleading(s) due to lack of funds (see below):

(   ) the pauper motion was denied by the Judge.

( X ) required funds not provided at time of filing.

( X ) jury fee not received (the amount of $200.00 has been included in the amount below)

The pleading(s) is being forwarded to the Civil Suit Records Department and will not be processed until we receive the amount of $ _200.00_ . **IT IS IMPERATIVE** that a copy of this notice be returned with your payment so that we may expedite service.

---

In accordance with LSA R.S. 13:992.1 and the Local Rules of the 19th Judicial District Court, the jury fee should be paid upon request for trial by jury. **Your case will not be placed on jury trial docket until the amount of $200.00 has been received in this office.**

Thank you,

L. Jones

Deputy Clerk of Court

For information call:
Accounting Department
389-3982

Civil No. 130 Rev. 07/07
Clerk of Court / Accounting

| | |
|---|---|
| CAMSOFT DATA SYSTEMS, INC. | DOCKET NO. _____ SEC. _____ |
| | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF EAST BATON ROUGE |
| SOUTHERN ELECTRONICS SUPPLY, INC. AND ACTIVE SOLUTIONS, LLC | STATE OF LOUISIANA |

## PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **CAMSOFT DATA SYSTEMS, INC.** ("CamSoft"), a Louisiana business corporation domiciled in East Baton Rouge Parish, State of Louisiana, who respectfully files its Petition for Declaratory Judgment and Damages, and avers as follows:

1.

Made Defendants herein are:

A. **SOUTHERN ELECTRONICS SUPPLY, INC.,** a Louisiana corporation domiciled in Orleans Parish, State of Louisiana, whose registered agent for service of process is Elmira S. Perrin, 1909 Tulane Ave., New Orleans, LA 70112; and

B. **ACTIVE SOLUTIONS, LLC,** a Louisiana limited liability company domiciled in Orleans Parish, State of Louisiana, whose registered agent for service of process is Jeff Burkhardt, 6134 Vicksburg, New Orleans, LA 70124.

2.

Venue is proper in East Baton Rouge Parish pursuant to La. C.C.P. arts. 76.1, 78, 79 and 83.

## FACTUAL BACKGROUND

A.     CamSoft Provides Free Wireless Internet Access to Downtown Baton Rouge With Tropos' Wireless MESH Internet Technology

3.

Carlo MacDonald ("MacDonald") is the owner and President of CamSoft Data Systems, Inc. ("CamSoft").

4.

In the early part of 2003, MacDonald began discussions with officials of FHP Wireless, Inc., which ultimately changed its name to Tropos Networks, Inc. ("Tropos"), to become a

1

licensed provider of the company's newly developed wireless MESH internet technology ("Wireless Internet Technology").

5.

The Tropos Wireless Internet Technology was unique at the time because it permitted seamless internet access on a municipal or county-wide scale.

6.

During these discussions, CamSoft received widespread news coverage for its interest in providing free wireless internet access to downtown Baton Rouge via this Wireless Internet Technology, specifically in Baton Rouge's Daily Business Report.

7.

Approximately August 3, 2003, CamSoft became only the second licensed provider of the Tropos Wireless Internet Technology.  As a licensed provider of said equipment, CamSoft was required "maintain a staff of trained technicians to provide technical support and service" for the Wireless Internet Technology.

8.

In approximately September of 2003, CamSoft installed the first working Tropos Wireless Internet Technology in downtown Baton Rouge, which provided free internet access to all persons possessing a computer with wireless internet capability.

9.

The Tropos Wireless Internet Techology installed in downtown Baton Rouge exhibited design flaws in the Tropos outer coverings which permitted seepage of rainwater.  CamSoft intimately worked with Tropos during the redesign of its Tropos units to withstand the serve rain and thunderstorms faced by Baton Rouge.

10.

The success of CamSoft's free wireless internet access to downtown Baton Rouge was featured on local news channels, local newspaper publications and national media outlets.

11.

Due solely to CamSoft's wireless internet access efforts in downtown Baton Rouge, in 2003 and 2004, Baton Rouge, Louisiana was identified as the second fastest growing city to provide free wireless internet access.

**B.    CamSoft and MacDonald Design, Test and Install The World's First Wireless Video Surveillance System on Tropos' Wireless Internet Technology in the City of New Orleans**

12.

In June of 2003, Carlo MacDonald ("MacDonald") wrote an email to Brian Fitzpatrick ("Fitzpatrick"), owner of Active Solutions, LLC ("Active Solutions") notifying everyone of CamSoft's press coverage in the Baton Rouge online magazine www.daily-report.com, and stated, "Wi-Fi coming to a street corner in your town!"

13.

In June of 2003, City of New Orleans Mayor Ray Nagin also publicly announced his desire for a city-wide video surveillance system, and that a Request for Proposal to the private sector would issue for the system.

14.

In an email dated June 18, 2003, Fitzpatrick replied to MacDonald's email congratulating him on the Baton Rouge internet access press coverage and asked MacDonald to "call me."

15.

During a subsequent telephone conversation, Fitzpatrick informed MacDonald about Mayor Ray Nagin's interest in the city-wide video surveillance system and wanted to know more about how the CamSoft's Wireless Internet Technology could work with a wireless Sony surveillance camera and software operating system.

16.

Neither Fitzpatrick nor Active Solutions were involved in the installation of Baton Rouge's Wireless Internet Technology.

17.

On August 21, 2003, Fitzpatrick emailed Mr. Greg Meffert ("Meffert"), Chief Technology Officer for the City of New Orleans. In this email, Fitzpatrick expressly identified Carlo MacDonald and CamSoft as part of a team "working together to present the most effective solution for the city's camera system." Fitzpatrick stated that CamSoft was "working on *evaluation of a WiFi data infrastructure* for the CBD and the French Quarter that will allow secure internet access to the cameras. A side benefit of this system would be to provide a fairly ubiquitous footprint of WiFi hotspots throughout that area for public use. CamSoft is the

3

company installing the WiFi system in Baton Rouge's downtown area that got all of the press a few months ago."

18.

In a reply email, Meffert wanted to, "Make sure Mark St. Pierre, Chris Drake…have access to the info and plan in all of these areas."

19.

In an email dated August 23, 2003, Fitzpatrick asked MacDonald, "[W]ould you prefer taller hotels?"   In his reply email dated August 23, 2003, MacDonald explained that the "antennas need to be as close to the ground as possible" because "the users are on the ground." MacDonald then explained his consideration of a backhaul to support hotzones and MESH networks in an around the city.

20.

This email indicates that Fitzpatrick did not have a basic, fundamental knowledge of the protocal for the Tropos Wireless Internet Technology, much less access to information relative to operating the newly developed Wireless Internet Technology.

21.

In a reply email, Fitzpatrick acknowledged that he told Sony's camera representative that MacDonald "would _play_ with one of the cameras and work on getting it _**to talk to a wifi network**_ prior to any live testing."

22.

MacDonald subsequently purchased a Sony SNC-RZ30N camera to determine its function, feasibility and communication with the Wireless Internet Technology.  This testing resulted in the first working wireless video camera with the Tropos Wireless Internet Technology.

23.

In an email dated November 24, 2003, MacDonald notes that the NOPD wants to get up a few Tropos antennas for internet testing.  MacDonald expressly acknowledged that "CamSoft will need to assist them in setting up and configuring those antennas to make sure that they work exactly how they want them."

4

24.

As the licensed provider of the Wireless Internet Technology, CamSoft was solely responsible for designing, planning, installing, configuring, testing and maintaining this technology.

25.

In a reply email to MacDonald dated November 24, 2003, Fitzpatrick writes, "We will certainly involve you in the *__planning__* and *__installation__* of the system...Then we will be ready to sit down with you to *__plan__* the RF part of the system."

26.

In an email dated November 25, 2003, Chris Drake ("Drake"), an employee with the Mayor's Office of Technology, wrote, "As we discussed, we would like to look at the Verge/Tropos system as part of our pilot for the New Orleans Surveillance Camera project...Prior to that, we are trying to establish a pilot site where we can test technologies that we might use for the larger project. The pilot site will let us do some good PR for the larger project as well as serve as a test bed. Because funding is limited, we are asking that vendor provide us with comp hardware." "We are conducting the Pilot in the New Orleans Police Department (NOPD) First District. We are focusing an initial 6 cameras on an area around the Iberville Housing Development." "We plan to put 6 cameras within less than a half mile of the NOPD First District Station...The cameras are the Sony SNC-RZ30N cameras...Let me know if there are any more details I can provide." Notably, neither Iggie Perrin ("Perrin"), President of Southern Electronics, nor Fitzpatrick were carbon copied on the email.

27.

This email is significant because it memorializes the City of New Orleans' plans to permit the development of a wireless video surveillance project on a pilot project basis in the Iberville Projects.

28.

In an email dated December 8, 2003 from Fitzpatrick to MacDonald, Fitzpatrick writes, "Carlo, How many systems have we decided to install the 100mw Tropos units in?" Fitzpatrick wrote this email because his original idea was to include Tropos technology inside of each "box"

5

housing the wireless electronic component parts connected to the Sony video surveillance camera.

29.

In his reply email, MacDonald rejected Fitzpatrick's idea by noting that Fitzpatrick's proposed solution to include Tropos technology was cost prohibitive. MacDonald proposed better, less expensive solutions for the design and development of the camera system:

Here is my reply, Brian, and you may not like it.

It is a waste of the cities money to put a tropos antenna inside your box. I can not support putting a tropos indoor antenna inside your box, it just does not make sense." "If you want to build out the camera network, then you place a tropos antenna high up and then point the camera box with a zycomax bridge towards the tropos antenna. You should build your boxes with a wi-fi card and external antenna or Zycomax antenna, which would only require a cat file cable connection to the antenna. Any place that needs a tropos antenna and a camera, should use the outdoor antenna placed on top of your box with a POE cable going into the box and plugged into your power source.

I cannot support any other type of configuration. I have been saying this from day one, but you guys keep wanting to put a $3000 antenna in the camera unit, which will drive the price up. The zycomax antenna is under $400. At this time I would build all your units with a hole to supply a CAT5 cable connection to the camera or an external antenna for the wi-fi card. In other word, plug a cat5 cable into the camera with enough room to plug somewhere inside your box. I will then plug a Power Over Ethernet Injector into that cat5 cable and then run another cat5 cable to my outdoor antenna that will sit on top of you (sic) box, or a Zycomax antenna that will also sit on top of you (sic) box. We need at least 3 boxes like this. The other boxes will need a Cisco WI-FI card plugged into it. Your best bet is have at least 4 Wi-Fi cards ready to go,.....when we go out to install, if the cameras can see the tropos antennas with Wi-Fi cards, then we will use them instead of a zycomax or tropos antenna.

Hope that answers your question.

30.

On December 8, 2003, Fitzpatrick replied, "Carlo, I see your point. There really is no need to have a mesh device in our cabinet for this configuration."

31.

In a reply email, MacDonald wrote, "Tropos is not a solution if you are only going to have one antenna and then some wi-fi card enabled cameras...there are much less costly antennas. You want to use Tropos when you are having difficulty getting broadband to an area and want to completely cover it with Wi-Fi.....That also begs to say that if you have an etherbridge connected to a 100mw tropos...then why not use a 1watt to get a better signal to the

6

other antennas in the area that will be pushing other cameras…..the goal is to get the most powerful signal out there…."

32.

This series of emails are significant because they clearly show where MacDonald played the key role in not only getting the Sony video surveillance cameras to communicate with the Wireless Internet Technology, but his working knowledge of the Wireless Internet Technology was the driving force in the ultimate design of the overall new wireless video surveillance system ultimately developed.

33.

Active Solutions' role in the wireless video surveillance system was to construct the video cameras and internal components according to the design specifications and recommendations of MacDonald and CamSoft.

34.

In a reply email dated December 8, 2003, Fitzpatrick writes MacDonald about the benefits that the Tropos Wireless Internet Technology brings to the System ("The 'Homeland Defense' nature of this project also lends itself well to a self configuring/re-configuring network that is fault tolerant and can accommodate intentional or non-intentional jamming. This seems to be where the Tropos piece shines. If we lose a network connection it can potentially route traffic to an adjacent site.")

35.

In an email dated December 8, 2003, Drake writes to MacDonald, Perrin and Fitzpatrick regarding the "wireless network." He states, "Please advise of everyone's best estimate of how quickly we could get the 6 cameras working at First District….Please move with any decision making you need to and do not concern yourselves with CommTech or any other outside party. I will deal with that. We just have to get this [Pilot program] done quickly."

36.

In reply, on December 8, 2003, MacDonald writes to Perrin, "Iggie, when can we have our first "Non" tropos box ready, with just a wi-fi antenna on it? That way we can go ahead and put up a tropos antenna and have the cameras connect to it."

37.

In a series of emails dated January 21 – 24, 2004, Drake inquires with MacDonald regarding his idea to build a for-profit "Neighborhood Area Network" using the Tropos Wirless Internet Technology.

38.

This email is significant because it constitutes the first mention by Drake, a city employee, of his desire to use his new found knowledge of the Wireless Internet Technology for his own personal benefit.

39.

In an email from January 24, 2004 from Drake to MacDonald, he writes, "Thanks for all your help, Carlo. The City, Greg and the Mayor all appreciate your help. I have had to put this together on less than a shoestring and could not have done without the help of Verge, Tropos, Southern Electronics and others." Notably, Drake's email did not acknowledge either Fitzpatrick or Active Solutions.

40.

In an email dated January 27, 2004, MacDonald writes to Drake, Fitzpatrick and Perrin, "I am sending someone out today to check speeds on the mesh…I was able to get full access to the 6th camera area on my laptop…from both networks…so signals are good there….we just need to iron the bottle necks…and check out why that camera was not letting us configure it…not sure if Brian told you, but we could not get the LAN port on the camera to work."

41.

This email is significant because MacDonald clearly acknowledges his role in designing, installing and implementing the Wireless Internet Technology, along with his role in testing the functionality of the Sony cameras with said system.

42.

In a reply email dated January 27, 2004, Drake replies, "I am very pleased with the performance so far and think the technology holds great promise for the City. FYI, I am bringing Mark St. Pierre (MOT, program manager) and George Huval (MOT, works on NOPD projects) by today to see the Tropos network in action. I have prepared them with regard to the

fact that the cameras are killing it.  Just want to show them the range, ease of set up, etc.  I believe that we will at least seriously consider Tropos/Verge for the NOPD wireless network."

43.

During the installation process, Fitzpatrick and an employee of CamSoft apparently exchanged words during a camera installation for the Pilot project.  Fitzpatrick wrote, "Being told by someone's [MacDonald's] employee that "I thought you were the camera expert" was certainly not appropriate or professional."  Then, Fitzpatrick stated that he had left the camera with CamSoft's employee "expecting him to configure it to work with either the 100mw tropos piece or a wifi card that we discussed in case the tropos unit wouldn't work."  Then Fitzpatrick complained that the CamSoft employee's "programming was incorrect and could in no way talk to verge1 as programmed."  Fitzpatrick then wrote, "Not only did I look inept after having explained to Patrick and Det Caranbat that the _'wireless experts'_ had checked everything out and that it would be a five minute install.  Fitzpatrick also wrote, "The original system design as we conceived it was to put no more than three cameras on a tropos mesh."  He also wrote, "We are delighted to perform all camera configuration.  But please don't tell us something is configured when it is not.  _We are depending on you guys._"  He then states, "I will work on the passwords and will be happy to turn off the ssid's _if you can walk me through one_."

44.

Notably, Fitzpatrick's own comments clearly identified CamSoft and its employees as the "wireless experts" and furthermore show that Fitzpatrick was relying upon CamSoft for its role and help in the operation of the Wireless Internet Technology.

**C.**  **After Designing the New Wireless Video Surveillance System, CamSoft, Active Solutions and Southern Electronics Form a Joint Venture to Market, Sell and Install Said System**

45.

In the aforementioned January 27, 2004 email, Fitzpatrick writes, "Please understand that we have been friends for a long time and I brought you into this project because I know I can trust you and count on you…We have this project and a much larger (Verge/Tropos wise) project in the NOPD vehicle communications project riding on our performance now.  We have gone too far along this route to fall down now…Thanks again for all of your (and Aaron's) hard work.  It is very much appreciated by all parties involved and will certainly pay off soon.  Brian."

9

46.

This email clearly signifies that Fitzpatrick, Perrin and MacDonald all clearly expected to mutually benefit from future income derived from the sale of the newly developed wireless video surveillance system.  The use of the words "we" clearly indicate that the parties had formed a joint venture for the future sale of said wireless video surveillance system.  As will be later revealed, unfortunately, MacDonald should not have "trusted" Fitzpatrick and Perrin.

47.

In an email dated February 10, 2004, Drake wrote to MacDonald, and carbon copied Perrin and Fitzpatrick, "Mark was pretty impressed with the Verge/Tropos equipment when he saw the camera demo last week.  We would like to set up a more formal demonstration of the technology, focused specifically on the Tropos mesh network and its suitability for use as a wireless network to support NOPD Mobile Data Terminal (MDT) technology."

48.

This email is significant because it memorializes the recognition that CamSoft's Wireless Internet Technology not only played a significant role in the utilization of the wireless video surveillance system, but that the Wireless Internet Technology also permitted a wide range of municipal and police applications.

49.

In an email dated February 11, 2004, Drake wrote to MacDonald, and carbon copied Perrin and Fitzpatrick, "Let's think about getting you in next week to do a quick rundown on the tech...We are pretty sold on the Tropos piece.  We are just not sure how far we can go with applications and extended services."

50.

In an email dated February 13, 2004, Drake responds to MacDonald's question regarding ideas and technical specifications for using the Tropos system with police car laptops.  Notably, Drake wrote, "At some point in the future we would like to have the ability to view video from the security cameras, but this is not a priority."

51.

These series of email are important because it establishes the time window when Drake and St. Pierre began to understand that the Wireless Internet Technology included more

10

important police and municipal functions than simply providing a communication conduit for the wireless video surveillance system.

52.

In an email dated February 27, 2004, MacDonald wrote to Drake and Mark St. Pierre ("St. Pierre"), "Chris & Mark, we are testing some lower priced 200 mw cards that also sustain 5volts full power all the time...these are half the price of the Zcomax...will let you know what we find out...we are also going to test them in the cameras."

53.

Again, MacDonald and CamSoft clearly played a role in defining the complete package of electrical component parts most suitable for the "box" used in the wireless video surveillance system.

54.

In a reply email dated March 2, 2004, Drake wrote to MacDonald, "We need to coordinate integrating the camera/Tropos network with NOPD through ACS internally and that may take a few days."

55.

In an email dated March 10, 2004, St. Pierre wrote MacDonald, and carbon copied Perrin, "Thanks to all of you for taking the time/effort and expense to show us the product. It certainly is impressive. I look forward to figuring out how we can utilize it at NOPD."

56.

In an email dated March 12, 2004, Drake wrote to MacDonald, "I know we have really leaned on your good will in the camera deployment and I really appreciate your help."

57.

In an email from Drake to MacDonald dated April 1, 2004, Drake wrote, "FYI, I sent this guy your way. He is doing a lot of work out at the lakefront and he loved the Tropos/Verge idea. I may be your #1 salesman before long with all the people we have poking around this pilot! :-)"

58.

This email from Drake to MacDonald is important because it establishes an acknowledgment of the significant monetary gain that MacDonald and CamSoft stood to gain as the licensed provider of Tropos Wireless Internet Technology in the State of Louisiana.

11

59.

On April 26, 2004, Fitzpatrick wrote to Perrin and MacDonald regarding a comment made by Tropos officials announcing a major rollout of their "wireless video solution in both city and county installations...." Fitzpatrick stated, "I would like to learn more about this. What exactly is their 'wireless video solution.'"

60.

MacDonald replied on April 26, 2004, stating that Tropos' comment was "in general about Wireless camera technology on TROPOS products...."

61.

Drake replied on April 26, 2004 stating, "I am upset by the whole thing, not just particular comments. Tropos is either a team player or they are not on the *team*. That simple."

62.

On April 26, 2004, Drake sought from MacDonald the contact information for the Tropos representative making the aforementioned comment ("Carlo  Can u send me Burt's contact info in case I need to call him later?  Don't take it all personally, but this is about more than cameras and I have to keep a handle on things."

63.

This email from Drake to MacDonald is significant because it marks the time period when Drake first obtained the direct contact information for Tropos representatives. Clearly, this is when Drake began to obtain the information he would later need to compete against Southern Electronics, Active Solutions and CamSoft in the sale of wireless video surveillance systems.

64.

Moreover, during this time period, Drake and St. Pierre first learned of the Padcom, Inc.'s mobile communication solution that would allow the police units to speak with all different types of telecommunications networks, including the Wireless Internet Technology installed by CamSoft.  It appears that between April and August of 2004 Drake and St. Pierre had accumulated enough contacts to eventually develop their own company.

65.

As one Tropos sales representative explained to MacDonald, NetMethods, the company formed by former New Orleans' city official St. Pierre, had "the connections."

**D.**   **In August of 2003, CamSoft, Active Solutions and Southern Electronics Prepare Their First Joint Proposal to the City of New Orleans for the Sale and Installation of the Newly Wireless Video Surveillance System**

66.

On August 3, 2004, MacDonald wrote to Perrin requesting a copy of Southern Electronics' contract.  In reply, on August 3, 2004, Perrin attached the file "City of New Orleans Final Contract 7-19-04.doc".

67.

In an email sent approximately August 25, 2004, MacDonald wrote regarding their proposed System to Baton Rouge officials, "BR Police wants an estimated price for each camera + backhaul back to precinct to start looking for some money.  How do you want to go about this."

68.

MacDonald was responsible for coordinating the meeting between MacDonald, Perrin, Fitzpatrick and Drake because he used his prior contacts developed during the deployment of the Wireless Internet Technology in downtown Baton Rouge.   This contradicts Fitzpatrick's deposition testimony that he could not remember who set up the meeting.  *See* Fitzpatrick Depo., p. 504:8 – 504:12.

69.

On September 27, 2004, Perrin writes MacDonald in an email indicating that the 6th District installation is about to begin.

70.

On October 10, 2004, MacDonald wrote Perrin wanting IP addresses and naming convention for all devices.  MacDonald also references tests results determining a 3 megabytes speed, ping test results and recommendations regarding the use of larger antennas and retest if the System was too slow.  He also discusses Qcheck tests.  He also stated that CamSoft would use a "NetStumbler" to document the noise in the area once the Tropos equipment and cameras were installed.  Perrin replied that he would get CamSoft the requested information.

71.

Again, MacDonald required this information because CamSoft was responsible for designing, installing, implementing, coordinating and maintaining the communication link between the Wireless Internet Technology and the Sony video surveillance cameras.

72.

In later emails dated October 10, 2004, MacDonald wrote Perrin with a subject line, "CamSoft Scope to be attached to your contract". The email stated, "Iggie, please review this. Its pretty straight forward. I didn't put any pricing for any hardware but tropos and our labor. Since we have to basically propose each camera location, we assume camera costs will change depending on locations. Check it out and let talk about it."

73.

On October 10, 2004, Perrin replied that they need an average price for each camera.

74.

These emails confirm that CamSoft was responsible for not only determining the type of "box" configuration used for each camera depending upon its location, but that CamSoft's employees were actually responsible for installing the final camera unit and Wireless Internet Technology.

75.

On October 15, 2004, Perrin wrote MacDonald an email giving CamSoft the proposal for the Southern Electric's City of Baton Rouge quote.

76.

On October 27, 2004, Perrin emailed MacDonald with the latest camera count and locations for the 6th District installation.

77.

Ultimately, CamSoft was responsible for installing the wireless video surveillance system on the pilot project, 1st district project, 3rd district project and 6th district project.

78.

Due to CamSofts and MacDonald's hard work and extensive research in achieving the world's first fully functioning remote wireless video surveillance system utilizing CamSoft's

Wireless Internet Technology and other point to multi-point technology, Mayor Ray Nagin issued the following proclamation on November 4, 2004 :

> "Be it known that C. Ray Nagin, Mayor of the City of New Orleans has this day Proclaimed a special day of honor to Carlo MacDonald as the city of new Orleans congratulates you on your appointment to the governors broadband advisory council. Attested to the seventh day of November two thousand and four".

E. **In July of 2003, CamSoft, Active Solutions and Southern Electronics Prepare a Proposal to the City of Baton Rouge for the Sale and Installation of the Newly Developed Wireless Video Surveillance Technology**

79.

In an email dated July of 2004, MacDonald writes, "Iggie [Perrin] says we might be on for BTR on Wednesday. I have a meeting at 9am and I have lunch plans with Gary LaGrange, the irector of the Port of New Orleans at 11:30. I can't make BTR until about 3:00. I can do it any time on Thursday or Friday. Thanks, Brian"

80.

In August of 2004, Mike Murphy with the Baton Rouge Police Department contacted MacDonald regarding a potential wireless video camera solution built on a public safety wi-fi network between downtown and LSU.

81.

In an email dated August 17, 2004, Mike Murphy writes, "Concerning the project, I am trying to explore all our options. Did you ever send Charles any sort of proposal of what your company could provide? If so, would you send it to me, if not, could you please put something together, with some ball park figures. Lets see if we can move this thing forward. Thanks, Mike"

82.

While trying to provide Mike Murphy with real numbers, in an email dated August 25, 2004, MacDonald writes Perrin asking the pricing information for the video surveillance cameras, "Iggie can you email me that info ...I cant remember exactly what you said....its been crazy today...."

83.

In October of 2004, MacDonald, Perrin and Fitzpatrick all met with City of Baton Rouge officials to discuss the sale and installation of wireless video surveillance system for the city.

15

84.

After the October 2004 meeting, officials with the City of Baton Rouge never contacted either company involved in the proposal.

85.

CamSoft, Southern Electronics and Active Solutions equally sought to contract with the City of Baton Rouge for the sale and wireless video surveillance system in Baton Rouge.

86.

Venue is proper in East Baton Rouge Parish because the joint venture between CamSoft, Southern Electronics and Active Solutions sought to contract in East Baton Rouge Parish, and an action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or *was to be performed under the terms of the contract*." *See Hubbard v. Pike, ELR, LLC*, 42,233 (La.App. 2 Cir. 7/11/07), 962 So.2d 1094.

F.      **Solutions, Southern ElectronicActive Solutions and Southern Electronics Secretly Meet With Dell Officials Only Days Before Submitting Their Joint Proposal with CamSoft to the City of New Orleans in August of 2003**

87.

On Wednesday, September 16, 2009, MacDonald learned for the first time that Active Solutions and Southern Electronics had received phone calls from representatives of Dell, Inc. ("Dell") on July 5, 2004.  During this phone call, Dell set up a secret meeting with Active Solutions, Southern Electronics and City of New Orleans' officials, Drake and St. Pierre.

88.

On or about July 8, 2004, Fitzpatrick, on behalf of Active Solutions, and Perrin, on behalf of Southern Electronics secretly met at City offices.

89.

While CamSoft had spent months determining camera placement location sites and the type and amount of wireless internet technology for its August of 2003, proposal, its business partners Southern Electronics and Active Solutions were surreptitiously meeting with Dell officials and City of New Orleans officials to have Dell provide the technology instead of CamSoft.

16

90.

Emails obtained from Dell clearly indicate that Dell corporate officials wanted to expand their business to include the potential for multi-billion dollar a year video surveillance contracts.

91.

Upon information and belief, Dell used its contract with the State as a means of negotiating with Tropos for the reseller/technology exchange.

92.

Tropos wanted Dell's ability to circumvent the public bid laws on public projects because municipalities could piggy-back off the State's technology provider contract with Dell.

93.

Ultimately, Dell and Tropos contracted with one another to provide a wireless video surveillance system by using the information and technology derived from the creation of the new wireless video surveillance system developed through the materials and workmanship provided by CamSoft, Southern Electronics and Active Solutions.

94.

Unbeknownst to CamSoft, Southern Electronics and Active Solutions began to negotiate with Dell for the sale of the video camera equipment and Tropos Wireless Internet Technology.

95.

On July 20 and 21, 2004, Southern Electronics and Active Solutions signed Non-Disclosure Agreements ("NDA") with Dell, respectively.

96.

On Wednesday, September 16, 2009, CamSoft and MacDonald learned for the first time that its business partners Southern Electronics and Active Solutions had contracted with Dell to its direct detriment only days before CamSoft provided Southern Electronics its part of the August, 2003 proposal to the City of New Orleans.

97.

Between August of 2003 through the end of 2004, CamSoft, Southern Electronics and Active Solutions proposed, sold and installed its newly developed wireless video surveillance system in the 1st District, 3rd District and 6th District, all the while CamSoft had no idea that its business partners had stabbed CamSoft in the back in July of 2003.

98.

More importantly, CamSoft had no idea that Southern Electronics and Active Solutions had given CamSoft's proprietary information to Dell and its corporate officials after Southern Electronics and Active Solutions signed the NDA.

99.

Unbeknownst to Southern Electronics and Active Solutions, St. Pierre had formed his own company, NetMethods, to directly compete with Southern Electronics and Active Solutions. St. Pierre and NetMethods took the proprietary knowledge and intellectual property it learned from the pilot project in the Iberville Projects and subsequent emails and communications with CamSoft to the direct detriment of CamSoft, Active Solutions and Southern Electronics.

100.

As what goes around comes around, Dell and Tropos began to directly negotiate with NetMethods and St. Pierre for all future proposal to provide wireless video surveillance systems to the City of New Orleans, City of Baton Rouge and other future business related to wireless video surveillance systems.

101.

Ultimately, after forming its alliance with Dell and Tropos, NetMethods began to directly compete with CamSoft, Active Solutions and Southern Electronics for the installation of the video surveillance system initially designed and created by CamSoft, Active Solutions and Southern Electronics, which design information, component parts and ultimate system constitute intellectual property.

102.

Upon information and belief, Dell, Tropos and NetMethods continue to compete for business in the wireless video surveillance industry with proprietary information and intellectual property rights taken from CamSoft.

103.

Ultimately, the key component part and material used in the development of the wireless video surveillance system by CamSoft, Southern Electronics and Active Solutions was the Tropos Wireless Internet Technology brought to the table by CamSoft. The Wireless Internet Technology was superior in value to any other component part not just due to shear cost. Rather,

18

the Wireless Internet Technology not only provided an information delivery conduit for the video surveillance images, but it also provided for expanded application utilities for other important municipal and police department applications.

104.

Ultimately, Active Solutions and Southern Electronics conspired with Dell to the direct detriment of CamSoft, but then Dell conspired with NetMethods, Drake and St. Pierre to the detriment of Active Solutions and Southern Electronics.  Dell reformed its alliance because as Tropos told MacDonald, NetMethods, Drake and St. Pierre  "had the contacts" with other municipal players.

**LEGAL REMEDIES**

**CAMSOFT EITHER OWNS A LARGER PROPORTIONATE SHARE OF THE WIRELESS VIDEO SURVEILLANCE SYSTEM OR THE ENTIRE OWNERSHIP RIGHTS IN THE SYSTEM PURSUANT TO THE LA CODE OF CIVIL PROCEDURE**

105.

On April 24, 2007, Active Solutions and Southern Electronics filed a lawsuit against Dell and Dell corporate officials claiming breach of contract, unfair trade practices, unjust enrichment and tortuous interference.  Active Solutions and Southern Electronics claims were based upon its NDA with Dell, of which MacDonald and CamSoft were not aware of the contracts execution dates until September 16, 2009.

106.

Ultimately, Active Solutions and Southern Electronics filed a Fourth Supplemental and Amended Petition for Damages.  In its Petitions, Active Solutions and Southern Electronics alleged:

1. Plaintiffs "collaborated to develop" a city wide camera system for the City of New Orleans. "[A]fter extensive research and testing", Plaintiffs developed "a prototype self-contained camera system, networking and wireless gear and software with communications capability, designed to protect against the harsh weather conditions in New Orleans, which could be installed on already-existing power poles, connect to the New Orleans power grid and provide real time live coverage of the immediate areas where the cameras were placed to the local district police stations (the "System.") Plaintiffs also recognized that the System "was the first of its kind."

2.  Plaintiffs claimed to negotiate with Entergy over light pole access, negotiated with building owners for rooftop access and equipment placement and developed a process that allowed for high speed wired data service to be possible.

3.  Plaintiffs claimed that they "set up a pilot program and demonstrated the System for the City.", and that, "Within two days, Plaintiffs set up and connected six cameras in the City's First District, which enabled wireless video communications to be sent to police stations." Plaintiffs claimed that the System was the "first system designed to provide high speed, high resolutions images over a wireless network intended to metro scale deployment."

4.  Plaintiffs claimed that their "hard work and extensive effort on multiple fronts worked. Live coverage of high crime areas was accomplished, crime spiraled down to new lows, and the System became a celebrated breakthrough in municipal crime fighting and technological advancement in the United States."

107.

After reading Fitzpatrick's deposition for the first time on Saturday, September 12, 2009, MacDonald learned that Fitzpatrick expressly denied that MacDonald and CamSoft played any role in the development of the "box" housing the wireless electrical component parts, and even went so far as to testify that MacDonald had never seen the inside of Fitzpatrick's prized "box." See Fitzpatrick Depo., p. 356 – 357.

108.

In his deposition, Fitzpatrick refused to acknowledge that his understanding of the Wireless Internet Technology resulted from his involvement with CamSoft and the video surveillance project. *See* Fitzpatrick Depo., pp. 547:24 – 549:6.

109.

CamSoft files the instant Petition for Declaratory Judgment to have the court judicially declare its either its sole ownership right or co-ownership right in indivision with CamSoft. CamSoft also seeks to have the Court judicially declare CamSoft's entitlement to any and all future fruits derived from CamSoft's intellectual property ownership rights connected with the wireless video surveillance system developed in 2003, which includes CamSoft's right to any monetary proceeds either derived from settlement or judgment in the matter of *Active Solutions,*

20

*et al. v. Dell, Inc.*, Docket No. Docket No. 2007-3665  Div.: "B", Orleans Civil District Court, State of Louisiana.

110.

CamSoft sets forth the following Louisiana codal provision and facts establishing its alleged ownership rights to the wireless video surveillance system in question.

111.

La. C.C. art. 448 provides that, "Things are divided into common, public, and private; corporeals and incorporeal; and movables and immovables."

112.

La. C.C. art. 461 provides that, "Corporeals are things that have a body, whether animate or inanimate, and can be felt or touched.  Incorporeals are things that have no body, but are comprehended by the understanding, such as the rights of inheritance, servitudes, obligations, and right of intellectual property."

113.

La. C.C. art. 471 provides that, "Corporeal movables are things, whether animate or inanimate, that normally move or can be moved from one place to another."

114.

La. C.C. art. 473 provides that, "Rights, obligations, and actions that apply to a movable thing are incorporeal movables."

115.

La. C.C. art. 477 provides that, "Ownership is the right that confers on a person direct, immediate, and exclusive authority over a thing."

116.

La. C.C. art. 479 provides that, "The right of ownership may exist only in favor of a natural person or a juridical person."

117.

La. C.C. art. 480 provides that, "Two or more persons may own the same thing in indivision, each having an undivided share."

21

118.

La. C.C. art. 482 provides that, "The ownership of a thing includes by accession the ownership of everything that it produces or is united with it, either naturally or artificially, in accordance with the following provisions."

119.

La. C.C. art. 507 provides that, "In the absence of other provisions of law or contract, the consequences of accession as between movables are determined according to the following rules."

120.

La. C.C. art. 513 provides that, "When one used partly his own materials and partly the materials of another to make a new thing, unless the materials can be conveniently separated, the thing belongs to the owners of the materials in indivision. The share of one is determined in proportion to the value of his materials and of the other in proportion to the value of his materials and workmanship."

121.

La. C.C. art. 514 provides that, "When a new thing is formed by the mixture of materials of different owners, and none of them may be considered as principal, an owner who has not consented to the mixture may demand separation of it can be conveniently made. If the separation cannot be conveniently made, the thing resulting from the mixture belongs to the owners of the materials in indivision. The share of each is determined in proportion to the value of his materials. One whose materials are far superior in value in comparison with those of any one of the others, may claim the thing resulting from the mixture. He is then bound to reimburse the others the value of their materials."

122.

La. C.C. art. 526 provides that, "The owner of a thing is entitled to recover it from anyone who possesses or detains it without right and to obtain judgment recognizing his ownership and ordering delivery of the thing to him."

123.

La. C.C. art. 797 provides that, "Ownership of the same thing by two or more persons is ownership in indivision. In the absence of other provisions of law or juridical act, the shares of all co-owners are presumed equal."

124.

La. C.C. art. 798 provides that, "Co-owners share the fruits and products of the thing held in indivision in proportion to their ownership. When fruits or products are produced by a co-owner, other co-owners are entitled to their shares of the fruits or products after deduction of the costs of production."

125.

La. C.C. art. 803 provides that, "When the mode of use and management of the thing held in indivision is not determined by an agreement of all the co-owners and partition is not available, a court, upon petition by co-owner, may determine the use and management."

126.

La. C.C. art. 818 provides that, "The provisions governing co-ownership apply to other rights held in indivision to the extent compatible with the nature of those rights."

127.

In paragraph 23 of their Fourth Supplemental and Amended Complaint, Plaintiffs, Southern Electronics and Active Solutions, erroneously failed to acknowledge the ownership rights of CamSoft to the wireless video surveillance system when the Plaintiffs took sole credit for said systems creation and development. ("Over the next year, Plaintiffs collaborated to develop said system. The result of the collaboration between Active Solutions and Southern Electronics, after extensive research and testing, was a prototype self-contained camera system, networking and wireless gear and software with communications capability, designed to protect against the harsh weather conditions in New Orleans, which could be installed on already-existing power poles, connect to the New Orleans power grid and provide real time live coverage of the immediate areas where the cameras were placed to the local district police stations (the "System.") Plaintiffs also recognized that the System "was the first of its kind.")

128.

Southern Electronics and Active Solutions never notified CamSoft of their purported ownership rights to the System, nor did Southern Electronics or Active Solutions notify CamSoft of their patent application for said System. CamSoft did not learn about the patent application until reading about same in Dell's Emergency Motion to Stay proceedings. Moreover, CamSoft did not learn the extent of Fitzpatrick's claim as the inventor of said System until reading his depositions for the first time this weekend.

129.

The System constitutes both a corporeal movable and incorporeal movable. The finished System product is corporeal and the design of those corporeal parts utilized in said System constitutes intellectual property that is incorporeal.

130.

The overall System is a thing under Louisiana law comprised of the Tropos Wireless Internet Technology, a wireless video camera, wireless wi-fi card, wireless antenna, cat5 cables, Ethernet bridge, plastic encasement, metal encasement and other nominal electrical component parts.

131.

The monetary value of the Tropos Wireless Internet Technology far exceeds the value of the other materials used to construct a fully functioning System, particulary considering that the Wireless Internet Technology can be used for a multitude of municipal and police applications involving the transfer of data via the Internet.

132.

CamSoft was the acknowledged reseller of the Tropos Wireless Internet Technology and used these materials to construct the System.

133.

The workmanship, skill and technological understanding of the Tropos Wireless Internet Technology provided by CamSoft in creating the System included the initial research and testing of the Sony wireless video surveillance cameras to communicate with the Wireless Internet Technology; determining the location points for the cameras; determining the location points for the Wireless Internet Technology to speak with the installed cameras; determining the most cost

24

effective electrical component parts for use in the "box;" installing the actual hardware for the Wireless Internet Technology; installing the camera and "box;" programming the cameras to communicate with the Wireless Internet Technology; testing the cameras to ensure functionality with the Wireless Internet Technology; testing background noise levels; and maintaining a functioning System from a network administrative standpoint.

134.

CamSoft's workmanship, skill, technological understanding and overall labor far exceeded the workmanship of Southern Electronics and Active Solutions in developing a fully functioning system.

135.

Pursuant to La. C.C. art. 513, CamSoft claims entitlement to either the entire ownership or a proportionate ownership of the System and intellectual property regarding same in an amount to be determined by the trier of fact.

136.

Pursuant to La. C.C. art. 514, CamSoft claims entire ownership over the System as a legal thing because the materials provided by CamSoft are far superior in value in comparison with those other materials used in the System, or, in the alternative, a proportionate ownership of the System in proportion to the value of those materials used in the construction of said System.

137.

Pursuant to La. C.C. art. 526, as an outright owner or owner in indivision of the System, CamSoft is entitled to a judgment recognizing its ownership interest in the thing because Southern Electronics and Active Solutions improperly detained the right of full ownership over the System to the legal detriment of CamSoft.

138.

Pursuant to La. C.C. art. 798, CamSoft is entitled to either all the fruits derived from the System or entitled to share in the fruits of the System as a co-owner in proportion to its ownership interest, which would include any judgment obtained from the underlying lawsuit or any future monetary compensation received for the licensing of said system.

139.

Pursuant to La. C.C. art. 803, CamSoft prays that the Court enter an order defining the use and management of the System in accordance with the trier of facts determination of ownership and findings relative to the proportionate share of CamSoft, Active Solutions and Southern Electronics.

140.

Pursuant to La. C.C. art. 818, CamSoft further prays that the Court enter an order defining the use and management of the intellectual property concerning the System in accordance with the trier of facts determination of ownership and findings relative to the proportionate share of CamSoft, Active Solutions and Southern Electronics.

**SOUTHERN ELECTRONICS AND ACTIVE SOLUTIONS BREACHED THEIR FIDUCIARY DUTY OWED TO CAMSOFT BY NEGOTIATING WITH DELL TO PROVIDE THE TROPOS WIRELESS INTERNET TECHNOLOGY**

141.

A joint venture has been defined as "a special combination of two or more persons, where in some specific venture a profit is jointly sought without any actual partnership or corporate designation." Generally, the object and the motive behind a joint venture are the anticipated profits derived from a specific business enterprise.

142.

In order to form a valid joint venture in Louisiana, the following elements are required:

(A) All parties must consent to formation of a partnership;

(B) There must be a sharing of losses of the venture as well as the profits; and

(C) Each party must have some proprietary interest in, and be allowed to exercise some right of control over, the business.

143.

Joint ventures are generally treated by our law as a species of partnership, and governed by the law of partnerships. For example, there is a fiduciary duty between members of a joint venture similar to that which exists between partners in a partnership. The principal difference between a partnership and a joint venture recognized by the jurisprudence is that a partnership is ordinarily formed for the transaction of a general business of a particular kind, while a joint venture is usually limited to a single transaction.

26

144.

The relationship between joint venturers, like that existing between partners, is fiduciary in character. A fiduciary obligation is imposed on all participants of loyalty and the utmost good faith, fairness and honestly in their dealings. The dual requirements of good faith between joint venturers and the principle that a joint venture contemplates a division of all the profits growing out of the transaction among all the venturers forbid one co-venturer from acquiring and retaining for himself any private or secret advantage in connection with the common.

145.

A partner owes a fiduciary duty to the partnership and to his partners under La. C.C. art. 2809, which provides that a partner may not conduct any activity for himself or on behalf of a third person that is contrary to his fiduciary duty and is prejudicial to the partnership. If he does, he must account to the partnership and to his partners for the resulting profits. Pursuant to La. C.C. art. 1757, obligations may arise directly from the law. The fiduciary duty owed to a partner or a co-joint venturer is one such obligation.

146.

A fiduciary relationship is defined in terms of a trust, a confidence and the advantage that one party may have over another. The duty imposed on a fiduciary embraces the obligation to render a full and fair disclosure to the beneficiary of all facts which materially affect his rights and interests. This definition is made in the context of a business or financial relationship. Each partner must refrain from taking any advantage of another partner by the slightest misrepresentation or concealment of material facts. The obligation is especially stringent on a partner who is managing the business, his duty being analogous to that of a trustee. This duty of disclosure holds true despite the fact that the relations between the partners have become strained or in conflict.

147.

When the question is one of the general partner's fiduciary duty, concepts of reasonableness and good faith have no application. The standard of a fiduciary's duty to his beneficiary, depending on the facts of the case, lies somewhere between simple negligence and willful misconduct or fraud with the intent to deceive; the actual intent to deceive is not required where one party is placed in such an advantageous position to the other.

148.

The fiduciary relation upon which such obligations are consequent does not necessarily await the inception of the relationship of joint venturers. It may be predicated upon an arrangement to assume such a relationship. Thus, it is the plain and imperative duty of promoters of a venture, toward persons who are invited to cooperate in the enterprise, not only to abstain from stating as a fact that which is not a fact, but not to omit to state any circumstances within their knowledge the existence of which might in any way affect the extent or quality of the advantages held out as inducements to the others.

149.

A joint venture is a mandatary to the other members of the joint venture and fiduciary owing a duty of full disclosure of relevant business information and may not conduct any activity, for himself or on behalf of a third person, that is contrary to his fiduciary duty and is prejudicial to the joint venture. The mandatary is bound to restore all profits to his principals, "including things he received unduly." A mandatary owes interest, from the date used, on sums of money of the principal that the mandatary applies to his own use.

150.

There is a 10 year prescriptive period for breach of fiduciary obligation.

151.

The basic theory of reparation for the breach of a fiduciary duty is that the damaged party should be returned as nearly as possible to his condition prior to the act causing damage. Likewise, since such breach by a fiduciary has been characterized as a constructive fraud or fraudulent breach of trust, the principle of La. C.C. art.1997 is implicated.

152.

La. C.C. art. 1997 provides, "An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform."

153.

CamSoft, Active Solutions and Southern Electronics formed a joint venture for the sale of the wireless video surveillance system designed, developed and created during the pilot project in the Iberville Projects.

154.

CamSoft, Active Solutions and Southern Electronics all consented to forming a partnership for the sale of the wireless video surveillance system to the City of New Orleans, City of Baton Rouge and other future municipal or private entities.

155.

In his deposition, Perrin, owner of Southern Electronics, specifically acknowledged that CamSoft, referred to as Verge Wireless, was an "original wireless partner" in the New Orleans pilot project:

Page 91

23 Q. Who did you deal with in the City of
24 Baton Rouge, sir?
25 A. We were actually working with Verge
1 Wireless, Carlo McDonald, who is our *original*
2 *wireless partner in this New Orleans project*, and
3 it was people that were responsible for the
4 Downtown Development District.

156.

In his deposition, Perrin further acknowledged that CamSoft, refereed to as Verge Wireless, was an integrator of the pilot project:

Page 96

5 Q. Who was the integrator for the pilot
6 project for the City of New Orleans, in your
7 view?
8 A. That is -- it's probably kind of
9 hard to say, because everybody was working
10 together, meaning Active Solutions, Southern
11 Electronics, and Verge Wireless *were the three*
12 *main companies that were putting that program*
13 *togethe*r. There was probably not a definitive
14 line between Southern, maybe, and Active at that
15 time about who was doing what because we were
16 crossing over, doing different parts of the job.

157.

In the aforementioned email by Fitzpatrick dated January 27, 2002, Fitzpatrick clearly acknowledged CamSoft's right to share in the future profits to be derived from the installation of the wireless video surveillance system sold to the City of New Orleans in the 1st District, 3rd District and 6th District. Moreover, CamSoft did share in those profits.

29

158.

In those projects, CamSoft was responsible for designing, geographically locating and installing the Wireless Internet Technology and other wireless technology sold by CamSoft, and determining how the camera should communicate with the wireless technology, including the type of wireless electronic component parts required for use in the camera's communication "box," which depended upon the camera's location and proximity to the Wireless Internet Technology.

159.

Active Solutions was responsible for constructing the "box" and housing system for the video camera, and would thereafter provide said "box" and camera system to CamSoft for installation.

160.

CamSoft would then program the camera by connecting a cat5 cable from a laptop into a port on a LAN port on the "box." This programming allowed the camera system to communicate with the previously installed Wireless Internet Technology or other wireless technology sold or installed by CamSoft. After programming, CamSoft would install the camera in the field and program the wireless internet technology.

161.

There existed a fiduciary relationship between CamSoft, Active Solutions and Southern Electronics.

162.

In their petition, Active Solutions and Southern Electronics judicially admitted that they were first contacted by Dell representatives on July 8, 2004 to "discuss Plaintiffs' System." Plaintiffs further admitted that they met with Dell officials and City of New Orleans' officials Drake and St. Pierre to discuss partnering with Dell. Plaintiffs alleged that they were "flattered" and "economically excited" about partnering with Dell to take "Plaintiffs' system national and indeed perhaps international."

163.

Neither Active Solutions nor Southern Electronics ever told CamSoft or MacDonald about their secret meeting with Dell, or specifically that Dell was going to replace CamSoft's

30

role in providing the wireless technology used in the wireless video surveillance system. Active Solutions and Southern Electronics clearly wanted to reap the potential benefits of a partnership with Dell, while knowingly excluding their on-going joint venture partner, CamSoft.

164.

As previously stated, on July 20, 2004, Fitzpatrick on behalf of Active Solutions signed a Non-Disclosure Agreement ("NDA") with Dell on July 20, 2004. On July 21, 2004, Perrin on behalf of Southern Electronics signed a NDA with Dell. The effective date of the NDA was August 1, 2004. In their petition, Plaintiffs stated that they wanted the NDA because they were "concerned about maintaining the confidentiality of their elaborately designed system." Plaintiffs were obviously not concerned about protecting CamSoft's ownership interest in the elaborately designed system.

165.

In fact, the August 3, 2004 emails between MacDonald to Perrin attached the proposed written contracts between the CamSoft and Southern Electronics for the proposed installation of the wireless video surveillance system for the City of New Orleans.

166.

The August 25, 2004 email between MacDonald also establishes that the joint venture was also coordinating for the proposed wireless video surveillance system for the City of New Orleans.

167.

The September 27, 2004 email from Perrin to MacDonald indicates that the 6th District installation was about to begin.

168.

The October 10, 2004 email from MacDonald to Perrin confirms that CamSoft was installing and testing the wireless video surveillance system in the City of New Orleans.

169.

Notably, the meetings, conferences, contractual negotiations and actual signing of contracts between Active Solutions, Southern Electronics and Dell all took place during the time that Active Solutions and Southern Electronics were conducting their joint venture business relationship with CamSoft. While CamSoft was busy designing, installing and testing the

31

wireless video surveillance system in the City of New Orleans, its joint venture partners were secretly conspiring to remove CamSoft from the joint venture.

170.

In subsequent emails, MacDonald clearly recognizes that something is wrong with the joint venture due to lack of communication and payment.

171.

Active Solutions and Southern Electronics treatment of CamSoft constitutes a patent example of breach the fiduciary obligations.  Plaintiffs violated the legally expected loyalty, good faith, fairness and honestly in their dealings with CamSoft. Plaintiffs actions were clearly designed to acquire and retain for themselves a private or secret advantage in connection with the common purpose of selling their previously created wireless video surveillance system.

172.

Active Solutions and Southern Electronics further violated the trust and confidence between the parties by taking advantage of CamSoft's ownership interest in the wireless video surveillance system and divulging same to Dell and City of New Orleans officials.  Plaintiffs actions breached their obligation to render a full and fair disclosure to CamSoft of those contracts with Dell materially affect CamSoft's rights and interests in the joint venture. Plaintiff failed took advantage of CamSoft to the highest degree through the aforementioned misrepresentations and concealment of material facts. The fiduciary obligation was especially stringent upon both Southern Electronics and Active Solutions who were managing the business while CamSoft was designing, installing and ensuring a working video surveillance system for the City of New Orleans.  This duty of disclosure holds true despite the fact that the relations between the partners have become strained or in conflict.

173.

Moreover, the fiduciary relation between Active Solutions, Southern Electronics and CamSoft do not await the formal inception of the relationship of joint venturers. There was clearly an arrangement to form the joint venture when the parties united to create the wireless video surveillance system.  The duty of promoters of a venture applies even toward persons who are invited to cooperate in the enterprise.  Plaintiffs had a duty to not only to abstain from stating as a fact that which is not a fact, but not to omit to state any circumstances within their

knowledge the existence of which might in any way affect the extent or quality of the advantages held out as inducements to the others. Plaintiffs breached these duties.

### 174.

Moreover, it was not until CamSoft filed its initial Petition for Intervention and Dell subsequently filed its Motion to Stay the trial that CamSoft even learned of a purported pending patent application relevant to the wireless video surveillance system. Upon information and belief, Southern Electronics and Active Solutions allege sole inventorship in this invention. Plaintiffs failure to ever notify that CamSoft or MacDonald that Plaintiffs filed a patent application further constitutes a breach of fiduciary duty and fair dealings.

### 175.

CamSoft maintains that Active Solutions and Southern Electronics are liable unto CamSoft under the basic theory of reparation for the breach of a fiduciary duty. CamSoft should be returned as nearly as possible to his condition prior to the act causing damage. Likewise, Active Solutions and Southern Electronics are liable as obligor in bad faith pursuant to La. C.C. art. 1997. Plaintiffs are therefor liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform.

### 176.

CamSoft maintains that Active Solutions and Southern Electronics are liable unto CamSoft for any damages attributable to Plaintiffs by the actions of Dell in violating the NDA between Dell and Plaintiffs. The NDA was premised upon intellectual property involving the wireless video surveillance system created and owned either in whole or in part by CamSoft. Accordingly, CamSoft seeks entry of a judgment against Active Solutions and Southern Electronics for the entire amount of any judgment rendered in favor of Active Solutions and Southern Electronics and against the original defendants.

**WHEREFORE, PLAINTIFF**, Camsoft Data Systems, Inc., prays for that a certified copy of this petition and citations to appear and answer same, in the form and manner prescribed by law, be duly served upon the Southern Electronics Supply, Inc. and Active Solutions, LLC, in accordance with law, and after all legal delays and due proceedings had, there be judgment herein in favor of Camsoft Data Systems, Inc. and against Southern Electronics Supply, Inc. and Active Solutions, LLC for the following:

33

A. Declaring CamSoft Data Systems, Inc.'s ownership interest in the wireless video surveillance system pursuant to La. C.C. art. 526;

B. Declaring CamSoft Data Systems, Inc.'s as the sole or co-owner in indivision in proportion to the value of the materials and workmanship provided by CamSoft Data Systems, Inc. pursuant to Louisiana Civil Code arts. 513 and 514;

C. Declaring that CamSoft Data Systems, Inc. shall share in any fruits or products derived from the wireless video surveillance system in proportion to its ownership interest pursuant to La. C.C. art. 798, including a proportionate amount of any settlement or judgment rendered in favor of Active Solutions, LLC and Southern Electronics Supply, Inc. in the matter entitled *Active Solutions, et al. v. Dell, Inc.*, Docket No. Docket No. 2007-3665 Div.: "B", Orleans Civil District Court, State of Louisiana;

D. Ordering Active Solutions, LLC and Southern Electronics Supply, Inc. to deposit into the registry of the Clerk of Court for the Parish of East Baton Rouge any monetary proceeds from any settlement or judgment rendered in favor of *Active Solutions, et al. v. Dell, Inc.*, Docket No. Docket No. 2007-3665 Div.: "B", Orleans Civil District Court, State of Louisiana;

E. Declare the use and management of the wireless video surveillance system between CamSoft Data Systems, Inc., Active Solutions, LLC and Southern Electronics Supply, Inc. pursuant to La. C.C. art. 803;

F. Declare the proportionate ownership interest between CamSoft Data Systems, Inc., Active Solutions, LLC and Southern Electronics Supply, Inc. regarding their respective ownership interests in the intellectual property relating to the wireless video surveillance system in proportion to its aforementioned ownership interest pursuant to La. C.C. art. 813;

G. Order disbursement of any monetary proceeds from any settlement or judgment rendered in favor of *Active Solutions, et al. v. Dell, Inc.*, Docket No. Docket No. 2007-3665 Div.: "B", Orleans Civil District Court, State of Louisiana in the proportionate share of ownership between CamSoft Data Systems, Inc., Active

34

Solutions, LLC and Southern Electronics Supply, Inc. as to be determined by the trier-of-fact;

H.  That there be judgment herein rendered in favor of Camsoft Data Systems, Inc. and against Southern Electronics Supply, Inc. and Active Solutions, LLC for a all damages, either foreseeable or unforeseeable, proximately caused by Plaintiffs' alleged breaches of fiduciary duty, together with legal interest from the date of judicial demand until paid, and for all costs of these proceedings.

**PLAINTIFF FURTHER PRAYS** for this Honorable Court to fix the fee for each and every expert witness they may be required to call or use to establish the cause, nature or extent of their losses or damages and to tax same as cost herein.

**PLAINTIFF FURTHER PRAYS** for a trial by jury.

**PLAINTIFF FURTHER PRAYS** for all orders and decrees necessary and proper in the premises which law, equity or the nature of the case may permit.

Respectfully submitted,


_____
**Marx D. Stercow, La. Bar No. 28425**
Sterbcow Law Group, LLC
1734 Prytania Street
New Orleans, Louisiana 70130
Telephone: (504) 523-4930
Fax: (888) 241-6248
Email: marx@yourrealestatelawyer.com

_____
**Jason L. Melancon, La. Bar No. 28152**
**Robert C. Rimes, La. Bar No. 28740**
Melancon | Rimes
8706 Jefferson Hwy., Ste. B
Baton Rouge, LA 70809
Telephone: (225) 303-0455
Fax: (225) 303-0456
Email: jason@melanconrimes.com


**_PLEASE WITHOLD SERVICE:_**

**SOUTHERN ELECTRONICS SUPPLY, INC.**
Through its registered agent for service of process
Elmira S. Perrin
1909 Tulane Ave.
New Orleans, LA 70112


**ACTIVE SOLUTIONS, LLC**
Through its registered agent for service of process
Jeff Burkhardt
6134 Vicksburg
New Orleans, LA 70124