UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAMSOFT DATA SYSTEMS, INC.

                                    CIVIL ACTION

VERSUS

                                    NUMBER 09-1047-RET-SCR

SOUTHERN ELECTRONICS SUPPLY,
INC., ET AL

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 2, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CAMSOFT DATA SYSTEMS, INC.

VERSUS

SOUTHERN ELECTRONICS SUPPLY,
INC., ET AL

CIVIL ACTION

NUMBER 09-1047-RET-SCR


**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion for Remand filed by plaintiff Camsoft Data Systems Inc.  Record document number 16.  The motion is opposed.[1]

### Background

Plaintiff filed suit in state court asserting a variety of claims against multiple defendants.  Defendants Active Solutions, LLC, Southern Electronics Supply, Inc., Brian Fitzpatrick, Henry J. Burkhardt and Ignace Perrin (collectively, the "Active Defendants") removed the case asserting federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Specifically, the Active Defendants alleged that the plaintiff is asserting a right to relief which necessarily depends on the resolution of substantial questions of federal patent law.

Plaintiff moved to remand the suit to state court arguing that this court lacks subject matter jurisdiction because federal patent

---

[1]  Record document number 28.  Plaintiff filed a reply memorandum.  Record document number 31.

laws do not create the plaintiff's state law causes of action, and none of its theories of recovery necessarily depend on resolution of a substantial question of federal patent law.  Alternatively, the plaintiff argued that the Active Defendants waived their right to remove by invoking the state court's judicial process when they filed a motion for new trial following the issuance of an ex parte seizure order, thereby seeking affirmative relief from the state trial court.

## Applicable Law

The party invoking removal jurisdiction bears the burden of establishing federal jurisdiction over the state court suit. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Frank v. Bear Stearns & Company*, 128 F.3d 919, 921-22 (5th Cir. 1997).  The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns.  *Frank, supra*.  Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.  *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

Absent diversity of citizenship, removal is appropriate only for those claims within the federal question jurisdiction of the district courts.  28 U.S.C. § 1331.  Under the "well pleaded complaint" rule, as discussed in *Franchise Tax Board v.*

*Construction Laborers Vacation Trust*,[2] federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. A case may not be removed to federal court unless the plaintiff's complaint establishes that the cause of action arises under federal law.[3] However, a federal court may find that a plaintiff's claim arises under federal law even though the plaintiff has not characterized it as a federal claim. *Frank*, 128 F.3d at 922; *Aquafaith Shipping Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.), *cert. denied*, 506 U.S. 955, 113 S.Ct. 413 (1992).

It is well established that the "arising under" language of § 1331 has a narrower meaning than the corresponding language in Article III of the U. S. Constitution, which defines the limits of the judicial power of the United States. Federal question jurisdiction under § 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of the substantial question of federal law. *Franchise Tax Board*, 463 U.S. at 27-28, 103 S.Ct. at 2855-56; *Frank v. Bear Stearns & Company*, *supra*. A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is "an element, and an

---

[2] 463 U.S. 1, 103 S.Ct. 2841 (1983).

[3] *Id.*, at 10-11, 103 S.Ct. at 2846-47.

essential one, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 111, 57 S.Ct. 96, 97 (1936).

The relevant federal statute, 28 U.S.C. § 1338(a), confers jurisdiction on federal courts to hear any action arising under any act of Congress relating to patents. The United States Supreme Court has clarified that jurisdiction under this statute extends only to those cases in which a well-pleaded complaint establishes "either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). Thus, to exercise jurisdiction under § 1338(a), federal patent law must explicitly provide a cause of action or, alternatively, the plaintiff's right to relief must depend on resolution of a question of federal patent law.

The procedure for naming inventors on pending patent applications, 35 U.S.C. § 116, vests the decision regarding inventorship solely in the Director of the U.S. Patent and Trademark Office ("PTO"):

> Whenever through error a person is named in an application for patent as the inventor, or through error an inventor is not named in an application, and such error arose without any deceptive intention on his part, the Director may permit the application to be amended accordingly, under such terms as he prescribes.

5

Courts have consistently interpreted this language to mean that only the Director of the PTO may determine who should be named an inventor on a pending patent application.[4] *E.g. Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1357 n. 1 (Fed.Cir. 2004); *Sagoma Plastics, Inc. v. Gelardi*, 366 F.Supp.2d 185 (D.Me. 2005).

It is well established that an intent to waive the right to removal must be clear and unequivocal. *Carpenter v. Illinois Central Gulf R.R.*, 524 F.Supp. 249, 251 (D.C. La. 1981)("Actions which are preliminary and nonconclusive in character have generally been held not to constitute waiver. An intent to waive the right to remove to federal court and submit to the jurisdiction of state court must be clear and unequivocal and the waiving party's actions must be inconsistent with his right to remove."); *Biggers v. State Farm Mutual Automobile Ins. Co.*, 1992 WL 266166, at *2 (E.D. La. Sept. 29, 1992)("Thus, appearing in court, filing an answer, resisting a temporary restraining order, or filing other preliminary and non-dispositive motions generally have not been considered sufficient acts from which to infer an intent to waive.")

---

[4] For patents that have already issued, 35 U.S.C. § 256, entitled "Correction of Named Inventor," provides that, on application of the parties and assignees, the Director of the PTO may issue a certificate correcting the name of the inventors. Alternatively, a court may also order that a patent be corrected, and the Director of the PTO "shall issue a certificate accordingly." *Id.* There is no allegation in this case that a patent has already been issued to the Active Defendants regarding the wireless video surveillance system.

## **Analysis**

A review of the record in light of the applicable law shows the defendants have met their burden of showing that this court has subject matter jurisdiction.

Plaintiff alleged that "the intellectual property involving the wireless video surveillance system [was] created and owned either in whole or part" by it,[5] contrary to the claim by the Active Defendants in their patent application.[6] Plaintiff alleged that the Active Defendants "took sole credit for said systems creation and development"[7] and did not even notify the plaintiff of the patent application.[8] Plaintiff seeks a declaration that it is the sole owner or co-owner,[9] and recovery of "any fruits or products" derived from it in proportion to its ownership interest.[10] Plaintiff seeks equitable relief, including an injunction ordering the defendants to stop marketing, selling and installing the wireless video surveillance system as well as the intellectual

---

[5] Record document number 7, First Supplemental and Amended Petition for Declaratory Judgment and Damages, ¶ 176.

[6] *Id.* ¶ 174.

[7] *Id.* ¶ 127.

[8] *Id.* ¶ 128.

[9] *Id.* prayer for relief, ¶ B.

[10] *Id.* ¶ C.

property associated with the wireless video surveillance system.[11]

Given the breath of the plaintiff's allegations, its claim of ownership cannot be decided without also determining, either explicitly or implicitly, inventorship under federal patent law. Plaintiff did not allege that it is the/an owner of the wireless video surveillance system pursuant to a contract with the defendants or some non-party, or by some means separate from having created, i.e. invented, it.  Thus, plaintiff's claim of ownership is not based on any alleged alternative legal theory.

Plaintiff's reliance on Louisiana Civil Code Article 514 actually undercuts its ownership-but-not-inventorship argument.  As the plaintiff stated in its reply memorandum, Article 514 "expressly recognizes that two or more persons may **create** a 'new thing' by mixing different materials."[12]  Plaintiff has not shown that there is any meaningful way to distinguish among creation, ownership and inventorship in this case, or that the creation/ownership/ inventorship dispute is merely tangential to its other claims.  While there may be some aspects of ownership under state law which do not precisely coincide with ownership for the purposes of obtaining a patent, the plaintiff has not identified any such aspects found in this case.  Plaintiff's

---

[11] *Id.* ¶ J.

[12] Record document number 31, reply memorandum, p. 3 (emphasis added).

apparent attempt to differentiate creation of a thing under state law from invention of a thing under federal patent law is unpersuasive in the context of this case.

Plaintiff disputes the defendants' claim to sole inventorship.[13] Plaintiff has not conceded that the Active Defendants (or others) have the exclusive right to a patent on the wireless video surveillance system notwithstanding the plaintiff's claim of ownership under state law.

The relief sought - declaration of the ownership, control and economic benefits of the wireless video surveillance system - cannot properly be granted without a determination of inventorship under federal patent law. Therefore, resolution of the plaintiff's claims of ownership and control of the wireless video surveillance system depends on the resolution of a substantial question of federal patent law. This is especially so when the wireless video surveillance system is the subject of a pending patent application.[14]

Whether the plaintiff has stated a claim upon which relief can

---

[13] Record document number 7, First Supplemental and Amended Petition for Declaratory Judgment and Damages, ¶ 174.

[14] Plaintiff asserts in its supporting memorandum that it has no actual knowledge or proof that the Active Defendants even filed a patent application. Record document number 16, pp. 13-14. This assertion conflicts with the plaintiff's allegations paragraph 128 of its First Supplemental and Amended Petition for Declaratory Judgment and Damages. The Active Defendants do not deny the existence of a pending patent application regarding the wireless video surveillance system.

be granted under federal patent law is a separate inquiry from whether the case is removable based on federal patent law.  To rule on this motion the court does not need to determine whether the plaintiff can properly assert in this action a claim to ownership/inventorship of the wireless video surveillance system.[15] It is sufficient to find that the plaintiff's claim to be the owner or a co-owner, who is entitled to exercise all the rights of an owner,[16] and that the Active Defendants are not the sole inventors, raises a substantial question of federal patent law.

Plaintiff's argument that the Active Defendants waived their right to remove the case is unpersuasive, for the reasons stated by them in their opposition memorandum.[17]  The actions taken in the state court were only preliminary, and were taken because of the ex parte manner in which the plaintiff chose to proceed there.

---

[15] While courts generally agree that § 116 does not create a cause of action, they differ greatly as to whether courts retain jurisdiction over civil actions seeking a declaratory judgment regarding inventorship on pending patent applications.  *Simonton Bldg. Products, Inc. v. Johnson*, 553 F.Supp.2d 642, 648-50 (D.N.D. 2008).

[16] Louisiana Civil Code Article 477 provides, in relevant part, as follows: "The owner of a thing may use, enjoy, and dispose of it within the limits and under the conditions established by law." Plaintiff has not cited, nor has the court found, any Louisiana state statute or court decision which excludes from an owner's use, enjoyment or disposition of a thing the right to apply for and obtain a patent or the benefits which are derived from a patent (absent a contractual agreement transferring such right and benefits to another).

[17] Record document number 28, pp. 12-15.

**<u>Recommendation</u>**

It is the recommendation of the magistrate judge that the plaintiff's Motion for Remand be denied.

Baton Rouge, Louisiana, February 2, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE