UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CAMSOFT DATA SYSTEMS, INC.

CIVIL ACTION

VERSUS

NO. 09-1047-JJB-SCR

SOUTHERN ELECTRONICS SUPPLY, INC., ET AL.

**RULING ON MOTIONS TO AMEND OR ALTER
THE ORDER DENYING REMAND**

This matter is before the Court on Plaintiff's motion (doc. 46) to amend the Court's order denying remand and Plaintiff's motion (doc. 47) to alter judgment on the Court's order denying remand.  Defendant Southern Electronics Supply, Inc., filed an opposition (doc. 63) to the motion to amend and an opposition (doc. 64) to the motion to alter judgment.  The Court has jurisdiction under 28 U.S.C. § 1331.  There is no need for oral argument.  For the following reasons, the Court DENIES Plaintiff's motion (doc. 46) to amend and motion (doc. 47) to alter judgment.

Background

Plaintiff, CamSoft Data Systems, Inc. ("CamSoft"), began working in 2003 with Defendants Southern Electronics Supply, Inc. ("Southern") and Active Solutions, LLC ("Active") to create and market a wireless crime surveillance system.  In 2004, the companies entered into a joint venture to market the system to the City of New Orleans. CamSoft claims Southern and Active took the system and secretly met with New Orleans municipal employees and Defendant Dell, Inc. ("Dell").  Dell, Active, and Southern then allegedly used proprietary information from the joint venture to create a separate system, which they sold to the City of Baton Rouge.  CamSoft sued Defendants in Louisiana state court, seeking a declaration of ownership rights and

1

alleging breach of a fiduciary duty, breach of contract, and violations of the Louisiana Unfair and Deceptive Trade Practices Act, LOUISIANA REVISED STATUTE § 51:1401, *et seq.* Defendants removed to federal court under federal question jurisdiction, and the Court denied CamSoft's motion to remand. CamSoft then moved the Court to amend the judgment to allow for an interlocutory appeal or alter the judgment.

Law and Argument

Federal courts have jurisdiction over patent claims under 28 U.S.C. § 1338(a) when patent law either creates the cause of action or when a plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988). Neither party alleges a cause of action created out of patent law, so the question before the Court is whether CamSoft raises any substantial questions of federal patent law.

First, the Court addresses CamSoft's motion to alter the judgment denying remand to state court. Courts should grant a motion to alter a judgment only to correct a manifest error of law or to consider newly discovered evidence that could not have been previously discovered. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). CamSoft claims the Court erred because it did not consider *Becher v. Contoure Laboratories*, yet CamSoft fails to show that *Becher* controls the instant matter. 279 U.S. 388 (1929). *Becher* held that state courts can address ownership issues related to patents. 279 U.S. at 391-92. The question of whether a state court can decide ownership of an existing patent for purposes of state claims is different from the question of whether CamSoft's alleged ownership of the surveillance system can be

determined without also determining inventorship of a pending patent.  Because the Magistrate Judge appropriately found the two questions inextricable and denied remand,[1] the Court denies CamSoft's motion to alter the judgment.  *See Post Performance, LLC v. Renaissance Imp., Inc.*, 333 F. Supp. 2d 834, 840 (finding inventorship creates substantial federal question).

The Court next addresses CamSoft's motion to amend the judgment in order to file an interlocutory appeal with the Court of Appeals for the Federal Circuit.  To certify an issue for interlocutory appeal, the case must involve: (1) a controlling question of law; (2) substantial ground for difference of opinion; and, (3) a question that may, on appeal from the order, materially advance the ultimate termination of the litigation.  *Aparacio v. Swan Lake*, 643 F.2d 1109, 1110 (5th Cir. 1981).  CamSoft argues there is substantial ground for a difference of opinion based upon cases in which courts found that federal patent law was not a necessary element of the state claim.  *See Thompson v. Microsoft Corp.*, 471 F.3d 1288, 1291 (Fed. Cir. 2006) (finding no subject matter jurisdiction when inventorship issue was "irrelevant" and "not critical" to state claim); *Bd. of Regents v. Nippon Tel. & Tel. Corp.*, 414 F.3d 1358, 1364 (Fed. Cir. 2005) (finding presence of question of inventorship does not convert state law action into action arising under federal patent laws).  Here, as the Magistrate Judge observed, the analysis is different because neither the claims nor the relief—a proportional share of profits, if any, from the pending patent—could be decided without necessarily determining inventorship.[2]  Given CamSoft's inability to find a case on point holding differently, there

---

[1] Magistrate Judge's Report 8 (doc. 32) ("Given the breath [sic] of plaintiff's allegations, its claim of ownership cannot be decided without also determining, either explicitly or implicitly, inventorship under federal patent law.")
[2] Magistrate Judge's Report 8-10 (noting, among other factors, CamSoft's only plausible ownership claim is based on alleged inventorship)

is no substantial ground for difference of opinion regarding the legal issue.  Thus, there is no need to amend the Court's order to allow for an interlocutory appeal.

Conclusion

The Court finds no manifest error in the ruling denying remand and no showing of newly discovered evidence that was unavailable earlier.  Further, the Court finds no substantial ground for a difference of opinion regarding the appropriateness of federal question jurisdiction under 28 U.S.C. § 1338(a). Accordingly, CamSoft's motions to amend (doc. 46) and alter (doc. 47) the order denying remand are DENIED.

Signed in Baton Rouge, Louisiana, this 3rd day of August 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**