UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CAMSOFT DATA SYSTEMS, INC.

VERSUS

SOUTHERN ELECTRONICS SUPPLY, INC., ET AL.

CIVIL ACTION

NO. 09-1047-JJB-SCR

**RULING ON MOTION FOR A LIMITED STAY**

This matter is before the Court on Defendant Mark St. Pierre's motion (doc. 75) for a limited stay of proceedings. Plaintiff filed an opposition (doc. 82) and Defendant filed a reply (doc. 87). The Court has jurisdiction pursuant to 28 U.S.C. § 1331. There is no need for oral argument. For the following reasons, the Court GRANTS Defendant's motion (doc. 75) for a limited stay of proceedings.

Background

This motion arises out of much larger litigation between Plaintiff, CamSoft Data Systems, Inc. ("CamSoft"), and individual and corporate defendants, including Defendant Mark St. Pierre ("St. Pierre") and, NetMethods LLC ("NetMethods"), a company St. Pierre founded. CamSoft alleges multiple defendants engaged in fraud and violations of the Louisiana Unfair and Deceptive Trade Practices Act, LOUISIANA REVISED STATUTE § 51:1401, *et seq.*, in developing and selling wireless technology created by CamSoft. A civil suit that did not include CamSoft as a party recently concluded in the Orleans Parish Civil District Court, and a criminal trial against Defendant Mark St. Pierre ("St. Pierre") is scheduled to begin in January 2011. St. Pierre filed a limited motion to stay discovery as it pertains to him until the criminal trial concludes in order to preserve his Fifth Amendment right against self-incrimination.

1

Analysis

Although district courts have broad discretion in determining whether to grant a stay of proceedings, a court should grant a stay when doing so prevents a party from suffering substantial and irreparable prejudice. *SEC v. First Fin. Group of Texas*, 659 F.2d 660, 668 (5th Cir. 1981). The Fifth Circuit has not listed specific factors a court should consider when deciding whether to grant a stay but has granted a stay in similar proceedings. *See Wehling v. CBS*, 608 F.2d 1084, 1087-89 (5th Cir. 1979) (granting stay for plaintiff when civil and Department of Justice proceedings run concurrently). Here, the Court finds several factors support the decision to grant a limited stay of proceedings against St. Pierre.

First, granting a stay will likely have little, if any, prejudicial effect against CamSoft. *See Tr. Of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.* 886 F. Supp. 1134, 1140-41 (S.D.N.Y. 1995) (finding inconvenience and delay to plaintiffs outweighed by defendant's Fifth Amendment concerns). St. Pierre is only one of nineteen named defendants, including eleven corporations and eight individuals. CamSoft can still proceed against any other defendant, and any of the companies, including NetMethods, because this stay applies only to St. Pierre in his individual capacity. Additionally, St. Pierre's criminal trial is scheduled to begin in January 2011, while CamSoft's civil suit is in its fledgling stages. In *Wehling*, the Fifth Circuit granted a stay even when doing so would likely delay the civil suit for approximately three years. 608 F.2d at 1089. Here, any likely delay will be measured in months, not years.

Second, denying a stay could have a significantly prejudicial effect on St. Pierre. Even though many of the Supreme Court cases cited by St. Pierre in support of his

motion are not on point because St. Pierre would not be convicted or punished *solely because* he invoked the Fifth Amendment, he still faces the untenable position of choosing between mounting a civil defense at the expense of his criminal defense or preserving his criminal defense at the expense of his civil defense.  *See id.*  Many courts have held that when a defendant must choose between keeping his silence in a criminal suit or maintaining a defense in a civil suit, the courts should grant a stay.  *See id.* at n.10 (citing similar instances in which stay was granted); *Transworld Mech. Inc.*, 886 F. Supp. at 1140-41.

Last, the timing of the suits supports the Court's decision to grant the stay.  Although CamSoft cannot proceed against St. Pierre individually, it can still access a plethora of documents from the Orleans Parish Civil District Court trial in which CamSoft was not a party.  That suit arose from the same underlying facts and included many of the defendants against whom CamSoft filed claims.  Further, facts and findings arising out of the criminal trial could materially impact some of CamSoft's claims against St. Pierre and others. Thus, it makes sense to let CamSoft proceed against other defendants until St. Pierre's criminal trial concludes, at which point CamSoft may proceed in its civil suit against St. Pierre.

## Conclusion

The Court finds granting a limited stay of proceedings against St. Pierre will not hamper CamSoft's suit and could prevent substantial and irreparable prejudice against St. Pierre. Accordingly, St. Pierre's motion for a limited stay (doc. 75) is GRANTED and St. Pierre is ORDERED to notify the Court when his criminal trial concludes.

Signed in Baton Rouge, Louisiana, this 11th day of August 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**