UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CAMSOFT DATA SYSTEMS, INC.

CIVIL ACTION

VERSUS

NO. 09-1047-JJB-SCR

SOUTHERN ELECTRONICS SUPPLY, INC., ET AL.

**RULING ON THE MOTION TO DISMISS OR TRANSFER**

This matter is before the Court on a motion to transfer (doc. 72) by Defendant Tropos Networks, Inc ("Tropos").  Plaintiff, CamSoft Data Systems, Inc. ("CamSoft"), filed an opposition (doc. 81), and Tropos filed a reply (doc. 89).  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  There is no need for oral argument.  For the following reasons, the Court GRANTS Tropos' motion (doc. 72) to transfer.

<u>Background</u>

CamSoft allegedly began working with other Defendants in 2003 to create a wireless surveillance system.   At the time, CamSoft was a non-exclusive, licensed reseller of Tropos (then FHP Wireless) equipment under the parties' Premium Reseller Agreement (the "Agreement").  CamSoft alleges that other Defendants took the system and met with, among others, New Orleans municipal employees who started their own company, NetMethods, LLC ("NetMethods"). CamSoft further alleges that NetMethods then secretly executed another reseller agreement with Tropos and that Tropos knew NetMethods was using misappropriated trade secrets.  CamSoft asserts multiple claims against multiple defendants, and against Tropos, CamSoft claims (1) violations of the Louisiana Uniform Trade Secrets Act; (2) conspiracy to fraudulently obtain CamSoft's intellectual property rights; (3) conspiracy to violate the Louisiana Unfair Trade Practices Act; (4) unjust enrichment; and (5) detrimental reliance.  Tropos moved to dismiss or

transfer CamSoft's claims against it on the basis of a forum selection clause in the Agreement.[1]

Analysis

Forum selection clauses are prima facie valid and enforceable unless the resisting party can show enforcement would be unreasonable and unjust for reasons such as fraud or overreaching.  *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 15 (1972); *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114 (5th Cir. 1996). CamSoft does not argue that the clause should fail because of fraud or overreaching; rather, CamSoft argues its claims do not arise out of the agreement containing the forum selection clause.

When addressing a forum selection clause, the Court must first determine if the clause is mandatory, in which case the agreed upon forum is exclusive of any other forum, or permissive, in which case the parties have agreed to jurisdiction in one forum without necessarily excluding jurisdiction in another.  *See City of New Orleans v. Mun. Admin. Serv., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004).  A clause is mandatory when it clearly demonstrates intent to make a particular jurisdiction exclusive.  *Id.*  The pertinent section of the clause in question reads, "The state and federal courts of San Mateo County shall have sole and exclusive jurisdiction . . ."[2]  Here, the use of "shall" combined with the phrase "sole and exclusive" demonstrates clear intent to limit all claims to the courts of San Mateo County, and CamSoft is silent as to whether the clause is mandatory.  *See Interactive Music Tech., LLC v. Roland Corp. U.S.*, No. 07-

---

[1] Mem. Supp. Mot. Dismiss Ex. A at 5 (doc. 72) ("[The] [a]greement shall be governed and construed under the laws of the State of California, without regard to the choice of laws thereof. The state and federal courts of San Mateo County shall have sole and exclusive jurisdiction over any dispute arising hereunder and the parties submit to the jurisdiction hereof.")

[2] Id.

282, 2008 WL 245142, at *3-4 (E.D. Tex. Jan. 29, 2008) ("Where an agreement contains clear, unequivocal, and mandatory language showing that jurisdiction is appropriate only in a designated forum, the clause is considered mandatory").  Finding the forum selection clause mandatory does not end the inquiry, however, as the Court must also determine whether CamSoft's claims are subject to the forum selection clause and which method of transfer is appropriate.

To determine whether a claim arises out of an agreement, a court must look to the language of the clause, the subject matter of the claim, and the contractual relationship defined by the contract in light of the language of the clause.  *See Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 221-23 (5th Cir. 1998); *Smith v. Lucent Tech., Inc.*, No. 02-0481, 2004 WL 515769, at *9 (E.D. La. March 16, 2004). The Agreement granted CamSoft a "non-exclusive, non-transferable license, without a right to sublicense, to market and distribute" Tropos products.[3]  CamSoft advances several arguments for why its claims do not arise out of the agreement, but none are persuasive.

CamSoft first argues that its claims do not arise out of the Agreement because the claims involve Tropos' alleged surreptitious dealings with NetMethods and other companies.  A central question in this claim is whether CamSoft had the right to develop the system using Tropos' equipment.  Tropos states that the Agreement prohibited CamSoft from using Tropos' materials for CamSoft's own benefit, but CamSoft alleges Tropos waived any such prohibition in an e-mail stating that CamSoft can "deploy or use [Tropos equipment] as you see fit."[4]  If the prohibition was still in effect, CamSoft had no

---

[3] Id. at 1
[4] Mem. in Opp. to Tropos Networks, Inc.'s Mot. Dismiss 2-3 (doc. 81)

right to create the intellectual property specified in CamSoft's claims.  Thus, CamSoft's claim that Tropos conspired to fraudulently obtain CamSoft's intellectual property rights arises out of the disputed question of whether CamSoft had a right to develop the intellectual property in question.  CamSoft's allegations, then, arise out of the contract because they necessarily involve the Court's interpretation of the clause prohibiting CamSoft from using for its own benefit any confidential information from Tropos.

CamSoft further notes it is not suing Tropos for breach of contract, but this fact is not dispositive of whether the claims arise out of the contract and the parties' contractual relationship with each other.  *See Marinechance*, 143 F.3d at 221-22 (finding no distinction between contract claims and tort claims when deciding applicability of forum selection clause).   CamSoft relies heavily upon *Smith*, where the court found the forum selection clause did not apply because (1) the plaintiff's claims did not implicate the precise contractual relationship and (2) the events underlying the claim arose before the parties signed the agreement.  2004 WL 515769, at *14.  Here, however, the very nature of the contractual relationship, which prohibited CamSoft from using Tropos material for its own benefit, is called into question.  Thus, CamSoft's claims arise out of the Agreement and fall under the scope of the forum selection clause.

Because the forum selection clause covers the claims at hand, the Court must decide whether the transfer will occur under 18 U.S.C. § 1404(a), which governs transfer from one proper venue to another, or 18 U.S.C. § 1406(a), which governs transfer from an improper venue to a proper one.  In so doing, the Court charges headfirst into a tangled legal thicket in which there is no controlling decision from the

4

Fifth Circuit and no consensus among circuits as to which transfer method is appropriate.  *See Interactive Music Tech., LLC v. Roland Corp.*, 07-282, 2008 WL 245142, at *7 (E.D. Tex. 2008) (citing multiple district court cases throughout the Fifth Circuit in which forum clause transfers occurred under § 1404(a)); *but cf. Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005) (holding dismissals based on forum selection clauses are dismissals under Federal Rule of Civil Procedure 12(b)(3) for improper venue).   Tropos seeks shelter in *Jackson v. West Telemarketing Corp. Outbound*, where the Fifth Circuit inferred the use of § 1406 when a California court did not specify which method of transfer it used to transfer a suit because of a valid forum selection clause.  245 F.3d 518, 522-23 (5th Cir. 2001).  However, *Jackson* does not stand for the proposition that in the Fifth Circuit a valid forum selection clause mandates a § 1406(a) transfer; *Jackson* merely states that the Fifth Circuit inferred that the *transferring court* used § 1406(a) because the transferring court did not specify which provision it used and did not include any analysis indicating the use of § 1404(a).   *See id*.

In spite of the lack of consensus in the Fifth Circuit or in the country, the Court finds that transfer because of a forum selection clause is governed by § 1404(a).  *See Chapman v. Dell, Inc.*, No. 09-7, 2009 WL 1024635, at *3 (W.D. Tex. April 15, 2009) (discussing disagreement over which transfer method governs but finding most Fifth Circuit district courts use § 1404(a)).

Because the Court finds the matter governed by § 1404(a), the Court must decide whether transfer is appropriate by examining several factors, including the existence of the valid forum selection clause, the convenience of the alternate forum,

the parties relative bargaining power in consenting to the clause, and whether the transfer contravenes state public policy.  *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988).  In considering the various factors, the existence of a valid forum selection clause is a significant factor that figures centrally in the Court's calculus.  *Id.* at 29; *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir. 1996).

CamSoft argues that the convenience factor weighs heavily in favor of keeping the suit in Louisiana because the underlying events occurred in Louisiana and most, if not all, of the witnesses live in Louisiana.  This argument, however, is unpersuasive. District courts in the Fifth Circuit have held any supposed inconvenience can be negated if the parties take advantage of time and money-saving measures such as entering into stipulations, using deposition testimony rather than live testimony, and handling pre-trial matters via phone, e-mail, or mail.  *See Mouch v. Bell-South Adver. & Publ'g Corp.*, No. 04-962, 2004 WL 1687231, at *3 (E.D. La. July 22, 2004) (citing *Workers' Comp. Legal Clinic of Louisiana v. BellSouth Telecomm. Inc.*, 2003 WL 21750628, at *5 (E.D. La. July 28, 2003)).  Further, although CamSoft makes no argument regarding the parties' respective bargaining power at the time the agreement was signed, this factor also weighs in favor of transfer because two businesses freely chose to enter into an agreement regarding the use and distribution of products.  Thus, the Court finds the *Stewart* analysis supports transfer to the Northern District of California.

Lastly, the Court analyzed the issue of severance and finds severance of CamSoft's claims against Tropos appropriate.  *See Shifferaw v. Emson USA*, No. 09-54, 2010 WL 1064380, at *2-*4 (E.D. Tex. March 18, 2010).

<u>Conclusion</u>

The Court finds CamSoft's claims arise out of the Agreement containing a mandatory, valid forum selection clause and that transfer is appropriate under § 1404(a).  Accordingly, Tropos' motion (doc. 72) to transfer to the United States District Court in the Northern District of California is hereby GRANTED.

It is ORDERED that the claims against Tropos be SEVERED and that the severed claims against Tropos be TRANSFERRED to the Northern District of California.

Signed in Baton Rouge, Louisiana, this 11th day of August 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**