## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

CAMSOFT DATA SYSTEMS, INC.

CIVIL ACTION

VERSUS

NO. 09-1047-JJB

SOUTHERN ELECTRONICS SUPPLY,
INC., ET AL.

## RULING ON MOTION TO DISMISS

This matter is before the Court on Defendant Mark Kurt's motion to dismiss (doc. 98).  Plaintiff CamSoft Data Systems, Inc. ("CamSoft") filed an opposition (doc. 105).  Defendant Kurt moves to dismiss CamSoft's claims against him under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Oral argument is not necessary.  For the following reasons, Defendant Kurt's motion is GRANTED.

## Background

CamSoft commenced this litigation by filing suit against Active Solutions, LLC ("Active") and Southern Electronics Supply, Inc. ("Southern") in the 19th Judicial District Court for the Parish of East Baton Rouge on September 18, 2009, alleging the existence of a joint venture between CamSoft, Active and Southern, seeking a declaration of CamSoft's ownership interest in proceeds from a settlement related to the joint venture, and alleging violations of Louisiana Unfair Trade Practices Act, Louisiana Uniform Trade Secrets Act, civil conspiracy

1

to misappropriate CamSoft's trade secrets, as well as claims for unjust enrichment and detrimental reliance. In its First Supplemental and Amended Petition for Declaratory Judgment and Damages (hereinafter "Amended Petition"), CamSoft added numerous other defendants, including Kurt. The case was subsequently removed to this court on December 14, 2009. Kurt seeks a dismissal for failure to state a claim under Rule 12(b)(6) based on the dearth of factual allegations made against Kurt.[1]

## Law and Analysis

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Courts do not, however, accept as true all legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff is entitled to relief based upon the context of the case and the court's "judicial experience and common sense." *Id.* at 1949-50.

---

[1] Kurt also raises the defense of discretionary immunity and alleges that CamSoft's claims have prescribed and are barred by res judicata. Because our ruling on the 12(b)(6) motion is sufficiently dispositive, the court presently declines to reach the merits of the immunity, res judicata, and prescription arguments raised by Kurt.

Courts, therefore, must first identify the conclusory allegations, which do not receive a presumption of truth, and then determine whether the remaining factual allegations plausibly give rise to an entitlement of relief.  *Id.* at 1950. Upon reviewing CamSoft's allegations in its Amended Petition, it becomes clear that there are sparse factual allegations against Kurt; rather CamSoft's allegations are primarily legal conclusions.

CamSoft alleges in paragraph 207 of the Amended Petition, "the Dell Team, Ciber, and Kurt conspired to disrupt the July 19, 2004 Contract . . . . Said Defendants conspired to form a conglomerate of companies that would eventually misappropriate CamSoft's intellectual property rights." The *Twombly* court specifically addressed these types of conclusory allegations, finding them insufficient to form the basis of a conspiracy or otherwise cognizable claim for relief able to withstand a 12(b)(6) motion to dismiss. 550 U.S. at 556-57.

Similarly in paragraphs 215-16 of the Amended Petition, CamSoft claims "the aforementioned actions of the Dell Team, Ciber, and Kurt constitute an improper means of misappropriating the trade secrets of CamSoft;" further, "CamSoft alleges that the Dell Team, Ciber, and Kurt violated [LUTSA]." The Supreme Court has noted, though, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 1964-65, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The only non-conclusory allegation relied upon in CamSoft's opposition is paragraph 206 of the Amended Petition.  In paragraph 206, CamSoft alleges, "Ciber continued to receive significant technology consulting fees from the City of New Orleans under the tenure of Kurt."  Similarly, paragraph 224 provides, "Kurt, St. Pierre's former business partner in Imagine, played a key role in continuing the financial support of the Dell Team and Ciber for their role in the civil conspiracy."  While these statements do not represent mere legal conclusions and thus are entitled to a presumption of truth, these allegations alone are not sufficient to give rise to a plausible entitlement to relief, as required by Supreme Court precedent in *Twombly* and *Iqbal*.

## Conclusion

Accordingly, Defendant Kurt's motion to dismiss (doc. 98) is hereby GRANTED.  Plaintiff CamSoft has 30 days to amend its petition; otherwise, all claims against Mark Kurt will be dismissed.

Signed in Baton Rouge, Louisiana, on August 31, 2010.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA