UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CAMSOFT DATA SYSTEMS, INC.

VERSUS

SOUTHERN ELECTRONICS SUPPLY,
INC., ET AL.

CIVIL ACTION

NO. 09-1047-JJB

## RULING ON MOTION TO DISSOLVE STATE COURT WRIT

The matter before the Court is a motion filed by Defendants Southern Electronics Supply, Inc. ("Southern"), Ignace Perrin, Active Solutions, LLC ("Active"), Brian Fitzpatrick, and Henry J. Burkhardt (collectively, the "Active Defendants") seeking to dissolve a state court writ (doc. 91). Plaintiff CamSoft Data Systems, Inc. ("CamSoft") filed an opposition (doc. 94), and Active Defendants filed a reply memorandum in further support of the motion (doc. 99). There is no need for oral argument. For the following reasons, the Court GRANTS Defendants' motion and ORDERS that the state court writ issued on October 29, 2009 is HEREBY DISSOLVED.

### Background

CamSoft filed the present lawsuit in the 19th Judicial District Court for the Parish of East Baton Rouge on September 18, 2009. The case was subsequently removed to this court on December 14, 2009. In its petition, CamSoft raises numerous allegations against the Active Defendants and others,

1

alleging violations of Louisiana Unfair Trade Practices Act, Louisiana Uniform Trade Secrets Act, civil conspiracy to misappropriate CamSoft's trade secrets, unjust enrichment, and detrimental reliance. CamSoft also seeks a declaration of its ownership or co-ownership interest in the proceeds of a settlement entered into by Active, Southern, and other defendants, based on plaintiff's allegations that CamSoft, Active, and Southern were engaged in a joint venture which formed the basis for Active and Southern's previous state court suit and related settlement.

Prior to removal to federal court, the 19th Judicial District Court entered an *ex parte* order, dated October 29, 2009, requiring Active and Southern to deposit into the court registry any proceeds received from the settlement of the aforementioned lawsuit. The writ was issued without notice to defendants; indeed, defendants had not yet been served with the underlying lawsuit. The writ was also ordered without a hearing and did not require plaintiffs to post a bond. Defendants now request that this court dissolve the state court writ issued on October 29, 2009.

## Law and Analysis

According to 28 U.S.C. § 1450, whenever a case is removed from state to federal district court, "any attachment or sequestration of the goods or estate of the defendant in such action in the State court shall hold the goods . . . in the same manner as they would have been held to answer final judgment or decree had it been rendered by the State court." Similarly, if the writ at issue was not

2

validly issued under governing state law, the writ's invalidity is not somehow cured by removal.  This court has continuing jurisdiction to modify or dissolve equitable remedies, such as a preliminary injunction or writ of sequestration, and may elect to so modify or dissolve such equitable remedies for any "good reason."  *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567, 578 (5th Cir. 1974).  The Fifth Circuit has also noted, "where as in the present case a state court's ruling is purely interlocutory, it remains subject to reconsideration just as it had been prior to removal." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988).

Defendants contend that the state court writ should be dissolved because it was issued without a verifying affidavit and without requiring CamSoft to post a bond.  Louisiana Code of Civil Procedure article 3501 requires that a writ of sequestration or attachment "shall issue only when . . . the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent."  Further, articles 3501 and 3574 require the party applying for a writ to furnish security to protect a defendant from damages for wrongful issuance of such a writ.  LA. CODE CIV. PROC. arts. 3501, 3574.

Defendants also correctly point to Louisiana Code of Civil Procedure article 963, which only permits *ex parte* orders where the mover is clearly entitled to relief without any supporting proof.  Otherwise, article 963 requires notice to the opposing party and a contradictory hearing.

3

The Louisiana Supreme Court has observed, the "extremely harsh remedy" of sequestration should only be utilized where the petitioner "strictly and literally" complies with the formalities of law, further noting, "it is a prerequisite to their issuance that the proper grounds be alleged and sworn to." *Hancock Bank v. Alexander*, 237 So.2d 669, 672 (La. 1970).

The state court writ issued on October 29, 2009 fails to meet the aforementioned requirements. Defendants received no notice, and there was no hearing. CamSoft did not submit a verified petition or affidavit in support of the issuance of the writ, nor was any security furnished.

## Conclusion

The Court finds that the writ entered by the 19th Judicial District Court on October 29, 2009 was not properly issued. Accordingly, the Defendants' motion to dissolve the state court writ (doc. 91) is hereby GRANTED and the state court writ issued October 29, 2009 is hereby DISSOLVED. This court is willing to consider a motion for sequestration if the parties comply with applicable law.

Signed in Baton Rouge, Louisiana, on September 1, 2010.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA