UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CAMSOFT DATA SYSTEMS, INC.

VERSUS

SOUTHERN ELECTRONICS SUPPLY, INC., ET AL.

CIVIL ACTION

NO. 09-1047-JJB-SCR

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a motion for summary judgment (doc. 11) filed by Defendant CIBER, Inc. ("CIBER"). Plaintiff Camsoft Data Systems, Inc. ("Camsoft"), filed an opposition (doc. 33) and CIBER filed a reply (doc. 35). There is no need for oral argument. For the following reasons, the Court DENIES the motion for summary judgment.

Background[1]

This present suit follows a related suit in New Orleans, filed in April 2007 ("New Orleans litigation").[2] In the New Orleans litigation, Active Solutions, LLC ("Active"), and Southern Electronics Supply, Inc. ("Southern"), sued CIBER—and various other defendants—for tortious interference, civil conspiracy, conspiracy to violate the Louisiana Uniform Trade Secrets Act, violation of the Louisiana Unfair Trade Practices Act, and unjust enrichment. CamSoft originally sought to

---

[1] As always, statements within the background section are not findings of fact. Where the fact is contested, it should be understood that it remains a contested fact. The Court does not haphazardly resolve genuine disputes of fact, as to do so would violate the standard applicable on motions for summary judgment. *See Armstrong v. Potter*, 2010 WL 2584885, at *2 (D. Conn. 2010); *Doyle v. City of Medford*, 2007 WL 2248161, at *1 n.1 (D. Or. 2007).

[2] *See Active Solutions, et al. v. Dell, Inc., et al.* No. 07-3665 Div.: "B", Orleans Parish Civil District Court, State of Louisiana.

1

intervene in the New Orleans litigation, alleging that it, Active, and Southern had entered into a joint venture to develop the wireless camera technology that was at the heart of Active's and Southern's claims. CamSoft's Intervention was subsequently dismissed without prejudice.[3]

In September 2009, CIBER settled the claims against it with Active and Southern. The parties then submitted a joint motion to dismiss; the court issued a judgment of dismissal with prejudice on October 28, 2009.

CamSoft brought the present case in September 2009, suing CIBER, among various other defendants. Against CIBER, Camsoft alleges violation of the Louisiana Uniform Trade Secrets Act, conspiracy to obtain CamSoft's intellectual property, conspiracy to violate the Louisiana Unfair Trade Practices Act, and unjust enrichment. CIBER argues that because CamSoft, Active, and Southern had entered into a joint venture,[4] CIBER's previous settlement with Active and Southern and the ensuing judgment of dismissal bar CamSoft's current claim through res judicata.

Summary Judgment Standard

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there

---

[3] There is some disagreement among the parties regarding whether CamSoft voluntarily withdrew its petition for intervention or the trial court dismissed CamSoft without prejudice. A review of the September 17, 2009 Hearing Transcript, Docket No. 2007-3665, pg. 11 indicates, albeit with some ambiguity, that CamSoft's Intervention was dismissed without prejudice.

[4] Although other parties to this lawsuit dispute whether CamSoft entered into a joint venture with Southern and Active, both parties to this motion agree to that issue. Therefore, it is not a disputed issue of fact and the Court will assume its truthfulness for purposes of this motion.

is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When the burden at trial rests on the non-movant, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case.  *See id.*  The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case.  *Id.*

## Analysis

CIBER argues that the doctrine of res judicata bars CamSoft from maintaining its claims against it.  Because CIBER relies on a prior Louisiana court judgment as grounds for res judicata, the Court must apply Louisiana law.  *See Lafreniere Park Foundation v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000).  Yet, Louisiana's law on res judicata is modeled on federal doctrine, thus Courts look to federal jurisprudence for guidance when necessary.  *Id.*

The basis for Louisiana res judicata law is Louisiana Revised Statute 13:4231, which provides, in part, "a valid and final judgment is conclusive between the same parties."  Louisiana jurisprudence holds that claims are barred by res judicata when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first suit; and (5) "the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation."

*Burguieres v. Pollingue*, 843 So.2d 1049, 1053 (La. 2003).  These requirements are strictly construed, and each element must be proved beyond question.  *La. Workers' Comp. Corp. v. Betz*, 792 So.2d 763 (La. App. 4th Cir. 2001).  Likewise, any doubts regarding whether each element has been satisfied are resolved in favor of overruling the motion for res judicata.  *Id.*; *Goodman v. Spillers*, 686 So.2d 160 (La. App. 2d. Cir. 1997).

      Neither party to this motion disputes that a valid final judgment was entered in the New Orleans litigation.  Nor does either party dispute that the cause of action presently asserted by CamSoft existed at the time of the final judgment in the New Orleans litigation.  At issue are the third and fifth factors as described by the Louisiana Supreme Court—namely, whether the parties are the same and whether the causes of action arise out of the same transaction or occurrence.  Because this court finds the third element, identity of the parties, to be dispositive, we need not address whether CamSoft's cause or causes of action arose out of the transaction or occurrence that was the subject matter of the New Orleans litigation.

      A review of Louisiana jurisprudence is necessary to determine the meaning and proper application of the phrase "same parties," also termed "identity of parties."  While consistently holding that identity of the parties is required for res judicata, Louisiana jurisprudence has also found that litigation is barred against not only the precisely same party that litigated the prior suit, but also against "privies" of that party.  *See Burguieres v. Pollingue*, 843 So.2d 1049,

4

1053 (La. 2003); *Hudson v. City of Bossier*, 766 So.2d 738 (La. App. 2d Cir. 2000). However, the term "privy" has been very narrowly defined:

> In connection with the doctrine of res judicata, a "privy" is one who, after the commencement of the action, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, purchase or assignment.

*Five N Co., LLC v. Stewart*, 850 So.2d 51, 61 (La. App. 1st Cir. 2003). None of these examples of what constitutes a privy for purposes of Louisiana res judicata law applies to CamSoft's position relative to the New Orleans litigation. CamSoft did not acquire an interest in the litigation after its commencement and is thus not the "same party" as Active and Southern.[5]

Particularly applicable to the present matter is *Certified Finance, Inc. v. Cunard*, 838 So.2d 1 (La. App. 1st Cir. 2002). In *Certified Finance*, the court held that res judicata did not apply in an action against a fellow joint venture participant. Because the joint venture participant was not a privy for res judicata purposes, the court held that the requirement of "identity of the parties" was not satisfied. *Id.*

Moreover, even when a court finds that a present litigant is the privy of a prior litigant, the present claims are only barred by res judicata when there has been adequate representation of the privy's interests.[6] *See Certified Finance, Inc. v. Cunard*, 838 So.2d 1 (La. App. 1st Cir. 2002); *Hudson v. City of Bossier*,

---

[5] *See also Hudson v. City of Bossier*, 766 So.2d 738 (La. App. 2d Cir. 2000), in which the court declined to find an action barred by res judicata, rejecting an argument by defendants very similar to the position of CIBER.

[6] Though there are two other narrow circumstances in which the privy exception would apply, neither of those exceptions is applicable here, nor does either party argue that those exceptions apply.

766 So.2d 738 (La. App. 2d Cir. 2000). For instance, in *Thomas v. Janzen*, 800 So.2d 81, 89 (La. App. 2d Cir. 2001), the court denied an exception of res judicata based on lack of adequate representation.  Here, as in *Thomas*, CamSoft's interests were not represented in the New Orleans litigation, therefore even if this court determined that CamSoft was a privy of Active and Southern during or after the New Orleans litigation, CamSoft's interests were in no way represented during the litigation,[7] settlement negotiation, or subsequent dismissal based on the settlement between CIBER, Active, and Southern.

While Louisiana courts discussing adequate representation have done so alongside the concept of "virtual representation," the cases also emphasize that the concepts are narrowly construed and "are not satisfied merely by showing that the party and the nonparty have common or parallel interest in the factual and legal issues." *Certified Finance*, 838 So.2d at 5, citing *Thomas*, 800 So.2d at 89.  Moreover, because Louisiana res judicata law has been modeled on federal res judicata law since the 1990 revision, it is likely a Louisiana court addressing the issue presently would no longer use the term "virtual representation" in light of *Taylor v. Sturgell*, 553 U.S. 880 (2008), in which the Supreme Court rejected "virtual representation" in favor of simply "adequate representation."

Finally, this court finds that CIBER's reliance on *Condrey v. Howard*, 679 So.2d 563 (La. App. 2d Cir. 1996) is misplaced.  The court in *Condrey* applied

---

[7] While CamSoft was briefly involved in the New Orleans litigation as an Intervenor, the court  appears to have dismissed CamSoft without prejudice.  Neither party contends that this dismissal without prejudice was a final judgment to be given res judicata effects.  CamSoft was certainly not involved in the bulk of the litigation, nor in the portion of litigation potentially warranting res judicata (the dismissal of CIBER).

6

federal law to address the res judicata effects of a federal court judgment. Furthermore, it is even more likely (if not certain) that the *Taylor* decision would be applied to override the application of "virtual representation" in *Condrey* because of the applicability of federal law to a determination of the res judicata effect of a federal court judgment.

In any event, because of the narrow construction of "virtual representation," the lack of adequate representation of CamSoft by Active and Southern, and particularly because we find that CamSoft was not a privy of Active and Southern in the course of the New Orleans litigation, a determination regarding whether a Louisiana court would utilize "virtual representation" terminology is not necessary to our decision.

## Conclusion

For the foregoing reasons, the court hereby DENIES defendant CIBER'S motion for summary judgment.

Signed in Baton Rouge, Louisiana, on September 15, 2010.

	_____
	**JUDGE JAMES J. BRADY**
	**UNITED STATES DISTRICT COURT**
	**MIDDLE DISTRICT OF LOUISIANA**