UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAMSOFT DATA SYSTEMS, INC.  
                                              CIVIL ACTION  
VERSUS  
                                              NUMBER 09-1047-JJB-SCR  
SOUTHERN ELECTRONICS SUPPLY,  
INC., ET AL

**RULING ON MOTION QUASH LEGISLATIVE AUDITOR SUBPOENA**

Before the court is the Non-Party Louisiana Legislative Auditor's Motion for Protective Order and Motion to Quash. Record document number 169. The motion is opposed by plaintiff CamSoft Data Systems, Inc.[1]

Plaintiff CamSoft Data Systems, Inc., issued a subpoena on October 1, 2010 to the Louisiana Legislative Auditor for the production of "all documents during the investigation of the City of New Orleans Compliance Audit Report issued May 19, 2010." Although initially unclear, it is now clear that the documents sought are all of the Legislative Auditor's "work papers." The Court understands this term to include every document obtained by the Legislative Auditor in connection with the City of New Orleans Compliance Audit Issued May 19, 2010 (hereafter, "Audit Report") as well as documents prepared by the Legislative Auditor during the audit but not included in the Audit Report. In other words, the work papers include everything the Legislative Auditor has which is

---

[1] Record document number 170.

related to the audit except the actual Audit Report itself.

The Legislative Auditor objected to the subpoena and subsequently filed his Non-Party Louisiana Legislative Auditor's Motion for Protective Order and Motion to Quash (hereafter, "Motion to Quash") after efforts to resolve the dispute were unsuccessful. The Legislative Auditor moved to quash the subpoena on multiple grounds.

It is important to keep in mind that the issue before the Court is compliance with a subpoena issued pursuant to Rule 45, Fed.R.Civ.P., not compliance with a public records request made pursuant to the state's Public Record Law, LSA-R.S. 44:1, et seq. Therefore, the Court must determine whether the Legislative Auditor is entitled to relief under Rule 45.

Rule 45(c)(1) provides as follows:

> **(1)** ***Avoiding Undue Burden or Expenses; Sanctions***. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

Rule 45(c)(3) provides, in relevant part, as follows:

> **(3)** ***Quashing or Modifying a Subpoena***.
> **(A)** *When Required*. On timely motion, the issuing court must quash or modify a subpoena that:
> ...
> (iv) subjects a person to undue burden.
>
> **(B)** *When Permitted*. To protect a person

> subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
> ...
> (i) disclosing a trade secret or other confidential research, development or commercial information;

The Legislative Auditor argues essentially that the subpoena imposes an undue burden on it because it calls for production of irrelevant information, the plaintiff does not need the information, the subpoena is overbroad, it is not particularized, and compliance would impose unreasonable costs and labor on the Legislative Auditor.[2]

Plaintiff first argued in response that production is mandated by Louisiana law.[3] Plaintiff then addressed the Legislative Auditor's burdensomeness arguments, but did so based on the argument that Louisiana law does not exempt the Legislative Auditor from production of public records because of undue burden.[4] Lastly, the plaintiff addressed the Legislative Auditor's relevancy argument, contending that:

> CamSoft also used much of the information contained within the Compliance Audit to make its factual allegations relative to the business structure and dealings between the several defendants, Ciber, Inc., Imagine Software, LLC, NetMethods, LLC, Veracent, LLC, Mark St. Pierre, Mark Kurt and Gregory Meffert.

---

[2] Record document number 169-1, supporting memorandum, pp. 5-6.

[3] Record document number 170, opposition memorandum, pp. 1-4.

[4] *Id.* at 4.

>   Moreover, the Compliance Audit was further used to make additional factual allegations relative to those new causes of action (i.e. Robinson-Patman Act, RICO, etc.) as identified in CamSoft's pending Second Supplemental and Amended Complaint for Declaratory Judgment and Damages.[5]

The Legislative Auditor's arguments are persuasive, and the plaintiff's are not.

Plaintiff's reliance on the allegations in its proposed Second Supplemental and Amended Complaint for Declaratory Judgment and Damages is unavailing. After the plaintiff issued the subpoena, it's Second Supplemental and Amended Complaint for Declaratory Judgment and Damages was stricken[6] and the Court has not ruled yet on the plaintiffs motion for leave to file its Second Supplemental and Amended Complaint for Declaratory Judgment and Damages.[7] Consequently, the allegations in the proposed Second Supplemental and Amended Complaint for Declaratory Judgment and Damages are not before the court at this time.

Nonetheless, a careful review of the Audit Report reveals only a scant few references to crime cameras (Audit Report, pp. 6, 12; City of New Orleans Response, p. 3), and only two references to alleged "client gifts" by defendant CIBER, Inc. (Audit Report, p. 6; CIBER Response, p. 5.) Defendant Imagine Software, LLC is

---

[5] *Id.* at 5.

[6] Record document number 163.

[7] Record document number 165.

mentioned one time, but not in connection with crime cameras (CIBER Response Attachment C).  NetMethods, LLC, Veracent, LLC are not mentioned at all.  Defendant Mark Kurt is mentioned one time, but again not in connection with crime cameras (CIBER Response, p. 4). Defendant Gregory Meffert's name appears in an address (CIBER Response, Attachment D).  Most of the Audit Report addresses other matters and the City's general failures regarding contracting and documentation of contract performance.

Discovery via a subpoena is not exempted from the allowable scope of discovery as provided by Rule 26(b), Fed.R.Civ.P.  *See* Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459, pp. 441-42 ("[Discovery] extends to any nonprivileged matter that is relevant to the claim or defense of any party in the pending action.  This discovery relevance standard has been applied to subpoenas in many cases." (footnote omitted)).  It is not apparent how most of the Legislative Auditor's work papers are relevant to the plaintiff' claims, or are reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's characterization of the Legislative Auditor's relevance argument as self-serving is unpersuasive in the absence of a cogent explanation of how the audit work papers not related to crime cameras or alleged CIBER client gifts would be relevant to its claims.

Plaintiff also argued that there is no undue burden on the Legislative Auditor because it will pay the cost for a litigation

5

service to pick up the audit work papers, copy and return them. Plaintiff's offer does not address the cost the Legislative Auditor will incur to covert the audit work papers to PDF format. But even if the plaintiff offered to pay all the costs, that is only one of the factors the court must consider.[8] Plaintiff's offer to pay the costs is outweighed by the other factors.

The Legislative Auditor also sought entry of protective order preventing further discovery of the audit work papers. Rule 26(c)(1), Fed.R.Civ.P., requires a showing of good cause for entry of a protective order. The Legislative Auditor's arguments in support of a blanket protective order are unpersuasive.

The Legislative Auditor argued that production of the audit work papers would be contrary to state law, specifically LSA-R.S. 24:513(I), and the work papers are exempt from production pursuant to a public records request.

R.S. 24:513(I) provides, in relevant part, as follows:

> However, the legislative auditor shall comply with any and all restrictions imposed by law on documents, data, or information deemed confidential by law and furnished to the legislative auditor.

The Legislative Auditor did not identify any particular law which specifically classifies, characterizes or deems all of the

---

[8] *See*, e.g., *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D.Tex. 1998)(court considers (1) relevance of information requested, (2) need for documents, (3) breath of request, (4) time period covered by request (5) particularity of request, and (6) burden imposed).

audit work papers as confidential.  Nor did the Court find one. LSA-R.S. 44:4  provides, in relevant part, as follows:

> This Chapter shall not apply:
> ...
> (6) To any records, writings, accounts, letters, letter books, photographs, or copies or memoranda thereof in the custody or control of the legislative auditor ... unless otherwise provided.

The import of this provision is that the materials described in subsection (6) cannot be obtained pursuant to a state law public records request to the Legislative Auditor.  The Attorney General's Opinion No. 08-0055A cited by the Legislative Auditor is not to the contrary, and it does not state that all audit work papers are confidential.  Rather, it simply notes the obligation imposed by R.S. 24:513(I).[9]

Consequently, the Legislative Auditor has not shown good cause for the blanket protective order he seeks.

## Conclusion

Accordingly, Non-Party Louisiana Legislative Auditor's Motion for Protective Order and Motion to Quash is granted in part and denied in part.  The motion is granted insofar as the Legislative Auditor sought to quash the plaintiff's October 1, 2010 subpoena.

---

[9] The Opinion also noted the position of the Legislative Auditor at the time it was issued: "According to the Legislative Auditor, it has been their policy that unless a subpoena has been issued, or a confidentiality agreement has been entered into, they refuse access to records exempted from the Public Records Act." If this is still the Legislative Auditor's policy, then it would seem that he would release audit work papers in response to a properly limited subpoena and/or confidentiality agreement.

The motion is denied insofar as the Legislative Auditor sought a protective order preventing further discovery of the City of New Orleans Compliance Audit Report audit work papers.

Plaintiff and the Legislative Auditor shall bear their respective costs incurred in connection with this motion.

Baton Rouge, Louisiana, November 16, 2010.

                                                      *Stephen C. Riedlinger*
                                                      STEPHEN C. RIEDLINGER
                                                      UNITED STATES MAGISTRATE JUDGE