UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CAMSOFT DATA SYSTEMS, INC.

VERSUS

SOUTHERN ELECTRONICS SUPPLY, INC., ET AL.

CIVIL ACTION

NO. 09-1047-JJB

RULING

This matter is before the court on a motion (doc. 296) for certification of judgment under Rule 54(b) or alternatively for certification pursuant to 28 U.S.C. § 1292(b), filed by First Financial Insurance Company ("First Financial"). Third party plaintiffs Active Solutions, LLC, Brian Fitzpatrick, and Henry Burkhardt (collectively "Active") have filed an opposition (doc. 306) to this motion. Oral argument is not necessary.

First Financial asks the Court to permit an interlocutory appeal of this court's May 6, 2011 ruling that First Financial has a "duty to defend" Active. The ruling was on a motion for partial summary judgment. First Financial moves the court to direct entry of final judgment on the "duty to defend" claim pursuant to Fed. R. Civ. P. 54(b). Alternatively, First Financial requests that the Court certify the partial summary judgment as immediately appealable pursuant to 28 U.S.C. § 1292(b).

Federal Rule of Civil Procedure 54(b) provides that when a lawsuit involves more than one claim for relief or when multiple parties are involved, the

1

court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Rule 54(b) "was not designed to overturn the settled federal rule against piecemeal appeals. It grants 'a discretionary power to afford a remedy in the infrequent harsh case.'" *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984). In *Landry v. G.B.A.,* 762 F.2d 462 (5th Cir. 1985)*,* the Fifth Circuit held that Rule 54(b) did not apply to a judgment or order which disposed only of the duty to defend and not the requested fees or penalties for having breached that duty. In the interest of following the federal rule against piecemeal appeals, the court declines First Financial's request to direct entry of final judgment on the limited issue of First Financial's duty to defend Active.

First Financial argues, alternatively, for an immediate appeal pursuant to 28 U.S.C. § 1292(b). To certify an interlocutory appeal under §1292(b), the court must find that the order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. Regardless of whether or not the court agrees with First Financial on the first two elements required for 1292(b) certification, First Financial has certainly not established that an immediate appeal may materially advance the ultimate termination of this litigation. Indeed, the court finds that an immediate appeal on this limited issue would not materially advance the ultimate termination of this litigation. As such, the court will not grant §1292(b) certification.

Accordingly, First Financial's motion (doc. 296) for certification of judgment is HEREBY DENIED.

Signed in Baton Rouge, Louisiana, on July 5, 2011.

```
                                  _____
                                  JUDGE JAMES J. BRADY
                                  UNITED STATES DISTRICT COURT
                                  MIDDLE DISTRICT OF LOUISIANA
```