UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CAMSOFT DATA SYSTEMS, INC.

VERSUS

SOUTHERN ELECTRONICS SUPPLY,
INC., ET AL.

CIVIL ACTION

NO. 09-1047-JJB

RULING

This matter is before the Court on numerous motions to dismiss filed by various defendants in this matter. Defendants Active Solutions, LLC, Brian Fitzpatrick, Henry J. Burkhardt, Ignace A. Perrin III, and Southerns Electronics Supply, Inc. ("Southern") (collectively, the "Active-Southern Defendants") have filed a motion to dismiss (doc. 233), which plaintiff CamSoft Data Systems, Inc. ("CamSoft") has opposed (doc. 249). CIBER, Inc. ("CIBER") (doc. 234) and Mark Kurt (doc. 238) have also filed motions to dismiss, which plaintiff has opposed (doc. 251). Defendants Dell Inc. and Dell Marketing, L.P. ("Dell") have filed a motion to dismiss (doc. 239), which plaintiff has opposed (doc. 250). Defendants Steve Reneker (doc. 240), Billy Ridge (doc. 241), and Heather Smith (doc. 242) have each filed motions to dismiss, which plaintiff has opposed (doc. 250). Defendant EarthLink, Inc. ("EarthLink") has filed a motion to dismiss (doc. 243), which plaintiff has opposed (doc. 253). Defendants Donald Berryman and Bill Tolpegin ("EarthLink Employee Defendants") have filed a motion to dismiss (doc. 245), which plaintiff has opposed (doc. 253). Defendant Motorola Solutions, Inc.

1

("Motorola") has filed a motion to dismiss (doc. 244), which plaintiff has opposed (doc. 253). Defendant MMR Constructors, Inc. ("MMR") has also filed a motion to dismiss (doc. 246), which plaintiff has opposed (doc. 251).

Plaintiff has requested oral argument (doc. 281). The Active-Southern Defendants (doc. 282) and CIBER (doc. 283) have opposed plaintiff's request for oral argument. After the filing of the aforementioned motions, the court granted CamSoft's request to file another amended complaint. The amendment was limited to CamSoft's claims under Sherman Act, Robinson-Patman, RICO, and state antitrust law. This ruling, therefore, does not address the merits of defendants' arguments regarding dismissal of plaintiff's Sherman Act, Robinson-Patman, RICO, or state antitrust law claims.

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Courts do not, however, accept as true all legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff

is entitled to relief based upon the context of the case and the court's "judicial experience and common sense." *Id.* at 1949-50.

Courts, therefore, must first identify the conclusory allegations, which do not receive a presumption of truth, and then determine whether the remaining factual allegations plausibly give rise to an entitlement of relief. *Id.* at 1950.

Active-Southern Defendants

The Active-Southern Defendants have moved to dismiss CamSoft's Second Supplemental and Amended Complaint (doc. 205) (hereinafter "Complaint"[1]). First, the Active-Southern Defendants contend that "all delictual actions[2] have prescribed," citing the one year liberative prescriptive period applicable under Louisiana law. These defendants contend that CamSoft knew of its state law tort causes of action by January 10, 2006 and thus these claims have prescribed. However, the portions of the complaint cited by the Active-Southern Defendants do not support this argument and are mischaracterized by the defendants. Paragraphs 173, 184, and 191 show that CamSoft likely knew it had been excluded or "pushed aside" by the City of New Orleans and possibly others, but not necessarily the Active-Southern Defendants.

---

[1] Although plaintiff has filed a subsequent amended complaint (doc. 308), the amendment is limited to its Sherman, Robinson-Patman, RICO and state antitrust claims. As such, the third amended complaint (doc. 308) does not affect the outcome of this ruling.

[2] Referring to CamSoft's claims for fraud, tortious interference with business relations, breach of duty of confidential business relations, promissory estoppel, and violations of state antitrust laws.

In opposition, CamSoft asserts that its state law delictual causes of action did not accrue until September of 2009 when CamSoft asserts that it first learned of the Active-Southern Defendant's participation in the July 8, 2004 meeting and subsequent agreements with Dell and city employees. (Complaint, ¶ 86). *See Jordan v. Emp. Transfer Corp.*, 509 So.2d 420 (La. 1987); *Griffin v. Kinberger*, 507 So.2d 821 (La. 1987). Accepting as true the factual allegations of the Complaint, the court presently declines to find that these delictual causes of action have prescribed.

Next, the Active-Southern Defendants seek dismissal of plaintiff's claim under the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1409, based on peremption. In opposition, CamSoft contends that its LUTPA claims involve the continuing violation doctrine and are limited in damages to one year before filing suit and thereafter. In support, CamSoft cites *Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp.*, 292 F.3d 471, 481-82 (5th Cir. 2002), for the proposition that Louisiana's one year peremptive period for unfair trade practices is subject to the continuing violation doctrine. However, this Court is also aware of *Glod v. Baker*, 899 So.2d 642, 647 (La. App. 3d Cir. 2005), which distinguishes *Tubos* and notes that a "strong line of Louisiana jurisprudence" holds that the continuing tort doctrine does not apply to suspend a peremptive period, including the peremptive period applicable in Louisiana unfair trade practices claims. *See Canal Marine Supply, Inc. v. Outboard Marine Corp.*, 522

So.2d 1201 (La. App. 4th Cir. 1988). This court is persuaded by the reasoning and authorities cited in *Glod*. As such, we hold that CamSoft's LUTPA claims against the Active-Southern defendants are prescribed and should therefore be dismissed.

The Active-Southern Defendants also seek dismissal of plaintiff's claims for misappropriation of trade secrets. Louisiana Revised Statute § 51:1436 provides, "[a]n action for misappropriation must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." CamSoft alleges that Active-Southern Defendants misappropriated plaintiff's trade secrets by disclosing them to city employees and Dell at a meeting on July 8, 2004. However, CamSoft alleges that it was not aware of this action until September 2009 (Complaint, ¶ 86). Whether or not the Active-Southern Defendants can eventually produce evidence regarding when plaintiff actually knew or should have known of the misappropriation of trade secrets is not presently before the court. Accepting as true the factual allegations in the Complaint, compared with the language of § 51:1436, the court declines to hold that plaintiff's misappropriation of trade secrets claim against the Active-Southern Defendants has prescribed.

Defendants also assert that plaintiff has disclosed its trade secrets to third parties with no obligation to maintain the confidentiality of the information. However, the court finds that plaintiff has alleged sufficient factual allegations to

assert that it reasonably attempted to prevent disclosure of its trade secrets. As such, the court will not presently grant dismissal on this basis.

Defendants next contend that all claims asserted against them are time-barred under La. R.S. § 12:1502, which is entitled "Actions against persons who control business organizations." CamSoft alleges that CamSoft, Active, and Southern were involved in a joint venture. Louisiana Revised Statute § 12:1502(B) notes that the statute specifically applies to partnerships, and as defendants correctly assert, joint ventures are governed by Louisiana partnership law. *Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Auth.*, 867 So.2d 651, 663 (La. 2004). As such, the time periods of §1502 are applicable to certain specified claims by CamSoft against the Active-Southern Defendants.

Subsection (C) of §1502 establishes a one year prescriptive period for claims including breach of fiduciary duty and gross negligence. Subsection (D) provides a two year prescriptive period for claims of intentional tortious misconduct, intentional breach of duty of loyalty, intentional unlawful distribution, and acts or omissions in bad faith or involving fraud or a knowing and intentional violation of law. Subsections (C) and (D) also establish a three year peremptive period that runs from the date of the alleged act or omission. La. R.S. §12:1502 ("but in no event shall an action covered by the provisions of this Subsection be brought more than three years from the date of the alleged act or omission").

Because the three year preemptive period runs from the date of the alleged act or omission, the Active-Southern Defendants assert that the acts or omissions alleged against the Active-Southern Defendants largely occurred in 2004 and 2005 and, according to the Complaint, no later than January 2006. CamSoft did not file suit until September 2009.

In opposition, CamSoft attempts to invoke the continuing tort theory, asserting that Active-Southern Defendants believed they were still participating in the complained of conspiracy in February of 2007. CamSoft asserts that the prescriptive periods should run from either February 5, 2007 (the date of involuntary termination of the alleged conspiracy) or April 13, 2009 ("the timeframe after the Active-Defendants last direct, concerted and fraudulent concealment of facts tending to cover up their involvement in the conspiracy"). However, the court is persuaded by a recent Louisiana appellate court decision, which addressed this matter.

> We agree . . . as to the hybrid prescriptive and peremptive nature of La. R.S. 12:1502. This statute is a prescriptive statute that is subject to time limitations that have peremptive attributes. Nevertheless, the time limitations contained within this statute do not allow for plaintiffs . . . to levy claims under the continuous tort doctrine.
>
> Albeit that the statute at issue is not a strictly peremptive statute, the peremptive elements of the subject liberative prescription statute still do not permit the application of a continuing tort theory. . . . The application of [the continuing tort] doctrine stands in direct opposition, however, to the specific wording of this statute, which provides in La. R.S. 12:1502(E)

> that actions brought under La. R.S. 12:1502 are not subject to
> suspension or interruption, unless a suit is timely filed. The
> continuing tort doctrine is a suspension principle based on
> *contra non valentem.*

*Suhren v. Gibert*, 55 So.3d 941, 947 (La. App. 4th Cir. 2011).

The plain language of §1502(E) makes clear that the three year limitation period in §1502 "shall not be subject to suspension on any grounds or interruption except by timely suit." This court adopts the reasoning set forth in *Suhren*, 55 So.3d at 945-47. Accordingly, the court finds that the three year period has expired and any state law claims asserted by CamSoft against the Active-Southern Defendants based on breach of fiduciary duty, applicable gross negligence, intentional tortious misconduct, intentional breach of duty of loyalty, intentional unlawful distribution, and acts or omissions in bad faith or involving fraud or a knowing and intentional violation of law should be dismissed. (Hereinafter, these claims are collectively referred to as "business torts based on joint venture.") The court does not find that §1502 applies to bar any federal law claims nor state law claims other than those specified.

The Active-Southern Defendants also assert that plaintiff's claims should be dismissed pursuant to the *Noerr-Pennington* doctrine. However, the court presently defers ruling on the merits of the *Noerr-Pennington* assertions because we find that this matter turns on factual issues inappropriate for a 12(b)(6) motion.

Defendants also contend that plaintiff has not alleged an actionable conspiracy under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The basis for defendants' argument is that plaintiff's characterization of the purported conspiracy is "nonsensical," noting that *Twombly* "requires a complaint with enough factual information (taken as true) to suggest that an agreement was made." 550 U.S. at 556. According to defendants, "[w]here Camsoft further alleges that the other participants in the July 8, 2004 meeting were actively conspiring against the Active-Southern Defendants," the claim for conspiracy must fail as a matter of law because "the Active-Southern Defendants could not be both perpetrators and victims of the same conspiracy." The court disagrees with defendants and finds that plaintiff has alleged sufficient facts to suggest that an agreement was made involving these defendants. That some purported co-conspirators are later alleged to have turned on the Active-Southern Defendants does not warrant dismissal of plaintiff's Complaint.

Finally, defendants contend, and CamSoft agrees, that plaintiff's unjust enrichment claim fails as a matter of law. As such, plaintiff's unjust enrichment claim against the Active-Southern Defendants should be dismissed.

CIBER

CIBER seeks dismissal of the allegations against it pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. CIBER contends, and CamSoft does not dispute, that plaintiff's claim arising under Louisiana's

Unfair Trade Practices Act (LUTPA) is perempted. Therefore, the LUPTA claim against CIBER should be dismissed.[3]

CIBER also seeks dismissal of plaintiff's claim under Louisiana Uniform Trade Secrets Act (LUTSA). On this matter, the court agrees with CIBER that plaintiff has not alleged sufficient facts indicating that CIBER engaged in any activity to misappropriate[4] CamSoft's trade secrets, nor that CIBER was involved in a conspiracy to misappropriate CamSoft's trade secrets. In other words, CamSoft has not adequately alleged that CIBER either acquired its trade secret with knowledge it was acquired through improper means, or disclosed or used CamSoft's trade secret without express or implied consent. The closest the Complaint comes to making such an allegation is in paragraph 346, however this paragraph only alleges that CIBER knew or should have known of what other actors were doing, combined with the conclusory allegation that CIBER is "imported with the MOT Employees' knowledge . . . given their employment as subcontractors to Ciber." Mere knowledge does not constitute an agreement, and CIBER's actions in furtherance of a conspiracy to violate other laws does not mean that CIBER agreed to misappropriate plaintiff's trade secrets. The court is not persuaded by plaintiff's attempt to use vicarious liability to establish CIBER's liability under LUTSA. Though plaintiff has made one non-factual, conclusory

---

[3] Plaintiff requests that the dismissal be without prejudice in the event discovery produces additional relevant facts. However, plaintiff has already been given the opportunity to amend its Complaint in light of discovery. As such, the dismissal of the LUTPA claims—along with the other claims dismissed in this ruling—is *with prejudice*.

[4] *See* La. R.S. 51:1431(2) for the definition of misappropriation under LUTSA.

allegation that MOT Employees "were working within the course and scope of their employment with Ciber,"[5] plaintiff's own Complaint generally characterizes the MOT Employees and their privately held companies as independent subcontractors of CIBER. *See* Complaint, ¶¶ 299, 300, 306. Moreover, plaintiff has pointed to no *factual* allegations in the Complaint that would justify the conclusion that the MOT Employees and/or their privately held companies were controlled by or employed by CIBER, nor that they were anything other than independent subcontractors. As such, plaintiff's LUTSA claim against CIBER should be dismissed.

CIBER also seeks dismissal of CamSoft's fraud claim against it. CIBER correctly points to the statement in the Complaint where CamSoft "admits that no direct Ciber employee made any affirmative material misrepresentations to either MacDonald or CamSoft." (Complaint, ¶355). However, CamSoft asserts (in conclusory language) that CIBER "is vicariously liable for the MOT Employees' fraudulent misrepresentations," and that CIBER "either knew or should have known of CamSoft, and accordingly conspired with the MOT Employees, Active Solutions and Southern Electronics, who did in fact make delictual and fraudulent misrepresentations." *Id.* Given the court's previous determination regarding CIBER's purported vicarious liability for MOT Employees, and considering the

---

[5] Complaint, ¶ 355. While plaintiff's Complaint does allege that Kurt eventually came to be employed by CIBER, this employment did not begin, according to the Complaint, until May 2007.

law cited by CIBER,[6] the court finds these allegations insufficient. Regarding CIBER, CamSoft has not adequately alleged misrepresentation of a material fact, nor has it adequately alleged fraudulent intent. As such, plaintiff's claim against CIBER for fraud should be dismissed.

CIBER seeks dismissal of plaintiff's claim for unjust enrichment. Plaintiff does not dispute dismissal of its unjust enrichment claim against CIBER. As such, the unjust enrichment claim against CIBER should be dismissed.

Finally, CIBER seeks dismissal of CamSoft's conspiracy claim against it. While CIBER is correct that conspiracy is not an independent tort under Louisiana law, Louisiana law does impose liability for conspiracy to commit an underlying tort. *Aranyosi v. Delchamps, Inc.*, 739 So.2d 911, 917 (La. App. 1st Cir. 1999). As correctly noted by CIBER, it is the underlying tort that constitutes the actionable element of the claim. *Id.* Plaintiff has alleged sufficient factual allegations to constitute a conspiracy involving CIBER. While the court will not recognize an independent tort of conspiracy under Louisiana law, insofar as plaintiff has other remaining causes of actions related to the purported conspiracy, its conspiracy allegations are not dismissed.

Mark Kurt

First, Kurt seeks dismissal of plaintiff's Complaint for violations of Rule 8. Kurt contends that the Complaint is "overly verbose and confusing" (doc. 238-1,

---

[6] *See* Opposition, doc. 234-5, page 38.

p. 5). While Kurt cites examples where courts have chosen to dismiss complaints under Rule 8, the cases also indicate that a district court is vested with much discretion in the matter. This court finds that plaintiff's Complaint should not be dismissed under Rule 8.

Kurt also seeks dismissal of the claims against him pursuant to qualified immunity based on his role as Chief Technology Officer of the MOT for the City of New Orleans. Kurt cites La. R.S. 9:2798.1(B), which states: "Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties." CamSoft cites also to subsection C of the same statute, which provides, in part, that subsection B immunity does not apply to "acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct." The court presently declines to reach the merits of Kurt's immunity argument because resolution would require factual determinations more appropriate for summary judgment or trial.

Kurt also seeks dismissal of plaintiff's claims against him pursuant to Rule 12(b)(6). According to Kurt's motion, Kurt is "improperly lumped in" with his alleged co-conspirators and the Complaint does not detail the role Kurt played in plaintiff's causes of action. However, a review of plaintiff's Complaint reveals

otherwise. Paragraphs 218, 222, 231, 235, 280, and 300, among others, detail the role specifically played by Kurt in the overall conspiracy and causes of action (doc. 205). These allegations are in addition to other allegations throughout the Complaint in which plaintiff discusses actions by groups of defendants collectively.

Kurt also seeks dismissal of plaintiff's claim under LUTPA. The court agrees with Kurt that CamSoft's claims has prescribed under the one year time period of La. R.S. 51:1409(E). As such, CamSoft's state law claim against Kurt for unfair trade practices under LUTPA should be dismissed.

Kurt seeks dismissal of plaintiff's claim under LUTSA as well. However, Kurt's primary arguments in this regard are more appropriate for summary judgment or trial than the present motion. Kurt claims plaintiff's purported trade secret was revealed in the public record and thus cannot support a LUTSA claim. However, for purposes of the present motion, the court assumes the factual allegations of the Complaint are true and finds that plaintiff has properly asserted a claim under LUTSA. Plaintiff has alleged facts to indicate that Kurt was involved in the conspiracy to misappropriate plaintiff's wireless network designs. Whether plaintiff can eventually prevail on the merits of its LUTSA claim is not presently before the court.

Kurt seeks dismissal of plaintiff's claims against Kurt for declaration of ownership interest under Louisiana law, breach of fiduciary duty, breach of

confidential relations, promissory estoppel, breach of contract, and unjust enrichment. Plaintiff concedes that it has no claim against Kurt for these causes of action. With the exception of the unjust enrichment claim, plaintiff correctly asserts that its Complaint does not attempt to state causes of action for the aforementioned claims against Kurt. The court agrees with both plaintiff and defendant that CamSoft's claim against Kurt for unjust enrichment should be dismissed.

Kurt seeks dismissal of plaintiff's fraud claim against him. CamSoft's opposition in no way responds to Kurt's assertion that the Complaint fails to comply with Rule 9(b)'s heightened pleading requirements for fraud. As such, the court finds that CamSoft's state law fraud claim against Kurt should be dismissed.

Kurt also seeks dismissal of plaintiff's claim for tortious interference with business relations. Kurt claims that the allegations against Kurt do not constitute a cognizable claim for tortious interference with business relations. In its opposition, CamSoft focuses on the roles played by other actors. However, CamSoft does not sufficiently address why its allegations are sufficient to state a cognizable claim for relief against Kurt for tortious interference with business relations. As such, the court finds this claim against Kurt should be dismissed.

Kurt contends that CamSoft has failed to state a claim for conspiracy under Louisiana law. The court has already addressed that conspiracy is not an

independent tort under Louisiana law and that the actionable element in a conspiracy claim is not the conspiracy itself but the underlying tort. In this case, as we have cited to numerous allegations in the Complaint related to Kurt and his involvement in a conspiracy to engage in purported violations of law, the court finds that plaintiff has adequately alleged Kurt was involved in a civil conspiracy under Louisiana law. Plaintiff cannot recover for an independent state law tort based solely on this conspiracy, but as plaintiff has other causes of action remaining which serve as an underlying tort, the conspiracy claim should not presently be dismissed.

Finally, Kurt contends that CamSoft fails to state a claim for fraudulent concealment. However, plaintiff's Complaint does not attempt to state a cause of action for fraudulent concealment, but only seeks to raise the issue of fraudulent concealment as a defense against prescription. The court thus finds it unnecessary at present to address Kurt's arguments in this regard.

Dell, Steve Reneker, Billy Ridge and Heather Smith

Dell seeks dismissal of all claims against it and its named employees. Reneker, Ridge, and Smith ("Dell employees") each contend that the state law claims for LUTPA violations, fraud, unjust enrichment, and conspiracy should be dismissed because the allegations are based on actions committed within the scope of their employment with Dell. These defendants correctly assert that under Louisiana law, an employee will not be held personally liable for the

delictual or contractual obligations of his or her employer unless the employee acts outside the scope of his employment. *See Korson v. Independence Mall I, Ltd.*, 595 So.2d 1174, 1177-78 (La. App. 5th Cir. 1992). Accepting as true the factual allegations of the Complaint, CamSoft has failed to state a claim against the Dell employees on these causes of action. As such, the LUTPA, fraud, unjust enrichment, and conspiracy claims against the Dell employees should be dismissed.

Dell contends that plaintiff's LUTPA claim should be dismissed because the claim is perempted. This ruling has already addressed the peremptive nature of the one year LUTPA period. Dell also argues that CamSoft's LUTPA claim against Dell is perempted even if the continuing violation doctrine applies because, based on the factual allegations of the Complaint, Dell's "continual unlawful acts" stopped in January 2007. The court is persuaded by Dell's analysis in this regard and finds that CamSoft's claim against Dell for violations of LUTPA should be dismissed.

Dell also seeks dismissal of CamSoft's LUTSA claim. To establish a claim under LUTSA, CamSoft must allege: (1) the existence of a trade secret; (2) a misappropriation of the trade secret, and (3) actual loss caused by the misappropriation. Some of Dell's LUTSA arguments—such as whether plaintiff destroyed its trade secret by voluntarily disclosing it to third parties—are more appropriate for a later motion for summary judgment or a trial on the merits. For

purposes of this motion, the court assumes the factual allegations of the Complaint are true. The court finds that the Complaint adequately states a claim for relief under LUTSA; plaintiff has alleged the existence of its purported trade secret and has alleged misappropriation of the trade secret as well as actual loss. Specifically, regarding Dell's arguments related to misappropriation, the court finds that paragraph 345 of the Complaint, combined with the other factual allegations, alleges sufficient facts to state a claim for misappropriation of trade secrets. This ruling has already addressed why plaintiff's LUTSA claim has not necessarily prescribed. As such, CamSoft's LUTSA claim against Dell should not be dismissed.

Dell also seeks dismissal of CamSoft's state law fraud claim. To state a claim for fraud, CamSoft must allege that Dell made a misrepresentation of material fact to CamSoft with the intent to deceive and that CamSoft justifiably relied on the misrepresentation and suffered injury as a result. *Newport Ltd. v. Sears, Roebuck & Co.*, 6 F.3d 1058, 1068 (5th Cir. 1993). CamSoft concedes that it has "alleged no facts suggesting that any representative of Dell made any false statements to CamSoft" (doc. 250, p. 49). Instead, CamSoft relies on the effects of conspiracy law to hold Dell liable for the fraudulent conduct of other defendants.

Separating the factual allegations, which are entitled to a presumption of truth, from the legal conclusions which are not entitled to such a presumption,

reveals that plaintiff has not properly alleged that Dell engaged in a conspiracy to defraud CamSoft. Paragraph 354 of the Complaint provides one illustration of the conclusory nature of CamSoft's allegations regarding Dell's involvement with the purported conspiracy to defraud ("CamSoft alleges that Dell either knew or should have known of CamSoft, and accordingly conspired with the MOT Employees, Active Solutions and Southern Electronics, who did in fact make delictual and fraudulent misrepresentations, for the purpose of benefitting all Dell Alliance Members"). In short, the factual allegations related to Dell's involvement in the conspiracy to defraud do not state claim to relief that is plausible on its face. For instance, plaintiff appears to propose that the agreement forming the basis of the conspiracy was entered into at the July 8, 2004 meeting. However, the factual allegations later in the Complaint directly contradict that Dell reached such an agreement in 2004 or at all. *See, e.g.*, Complaint, ¶¶ 129, 138, 210. As such, the court finds that plaintiff's fraud claim against Dell should be dismissed.

Dell also seeks dismissal of plaintiff's claim for unjust enrichment. CamSoft does not oppose Dell's request in this regard. Accordingly, plaintiff's unjust enrichment claim against Dell should be dismissed. Finally, Dell seeks dismissal of CamSoft's conspiracy claim. However, CamSoft readily admits that it does not seek to allege an independent cause of action for conspiracy. As such, there is no need to dismiss the conspiracy "claim" because it does not represent a separate cause of action.

EarthLink and EarthLink Employee Defendants

EarthLink and the EarthLink Employee defendants (collectively, "EarthLink defendants") seek dismissal of plaintiff's claims for LUTPA, unjust enrichment, and conspiracy. Plaintiff concedes in its opposition that the court should dismiss the LUTPA, fraud, and unjust enrichment claims against these defendants. Accordingly, the court finds that these claims against the EarthLink defendants should be dismissed. CamSoft asserts that it has not stated a separate cause of action for conspiracy. As such, there is no need to dismiss plaintiff's conspiracy "claim" against these defendants as there is no independent cause of action to dismiss. Insofar as plaintiff's conspiracy allegations relate to its antitrust claims, we have already stated that this ruling does not address the parties' arguments regarding plaintiff's antitrust claims.

Motorola

Motorola has also filed a motion to dismiss. Plaintiff concedes that its fraud, LUTPA, and unjust enrichment claims against Motorola should be dismissed. As such, the court finds that these claims against Motorola should be dismissed.

MMR

MMR also seeks dismissal of plaintiff's claims against it. CamSoft concedes in its opposition that its claims against MMR are "solely" based on "the legal theory of successor liability" (doc. 251, p. 47). Plaintiff also makes clear that

it "does not allege that MMR Constructors or its employees played any independent role in the alleged activities" described in the Complaint (*id.*, pp. 47-48). MMR correctly points out, though, that CamSoft has failed to allege facts sufficient to establish successor liability of MMR. In its opposition, CamSoft cites to no specific allegations in the Complaint; plaintiff simply asserts that it has established successor liability based on the fraud or continuation exceptions to the general rule of non-liability.[7] However, plaintiff has not alleged sufficient facts in its Complaint to indicate MMR was formed to defraud creditors of NetMethods. Plaintiff's only option, then, is to have alleged facts sufficient to establish that MMR was a continuation of NetMethods. CamSoft's allegations fall short in this regard as well. Plaintiff has not alleged that MMR purchased all the assets of NetMethods,[8] nor that the owners of the selling company had a substantial or almost identical interest in the purchasing corporation.[9] The closest the Complaint comes to making such allegations is its assertion that MMR "acquired"[10] NetMethods; however, the Complaint also alleges that St. Pierre, the former owner of NetMethods, was merely a "contractor"[11] of MMR.

---

[7] 8 GLENN MORRIS & WENDELL HOLMES, LA CIVIL LAW TREATISE § 37.02 (2010).  Plaintiff has also not alleged facts sufficient to invoke either of the other noted exceptions—based on assumption of liabilities or "de facto" merger/consolidation.

[8] *See Pichon v. Asbestos Defendants*, 52 So.3d 240, 244 (La. App. 4th Cir. 2010), citing *Golden State Bottling Co. v. N.L.R.B.*, 414 U.S. 168 (1973).  *See also*, *LeBlanc v. Adams*, 510 So.2d 678, 682 (La. App. 4th Cir. 1987) (continuing business operations of company does not constitute an acquiring of assets and liabilities).

[9] *See Nat'l Sur. Corp. v. Pope Park, Inc.*, 121 So.2d 240, 243 (La. 1960).

[10] *See, e.g.,* Complaint, ¶¶ 257, 326, 356.  See also, Complaint, ¶ 259, which alleges that MMR merely assumed a "part of NetMethods business."

[11] Complaint, ¶¶ 254, 356.

Based solely on the factual allegations contained in the Complaint, CamSoft has failed to state a claim against MMR for violation of LUTPA, violation of LUTSA, fraud, conspiracy, or unjust enrichment, as CamSoft has failed to allege facts sufficient to establish successor liability. As such, these claims against MMR should be dismissed.

Accordingly, the Active-Southern Defendants' motion (doc. 233) is GRANTED INSOFAR as it seeks dismissal of plaintiff's claims against the Active-Southern Defendants for violation of LUTPA, state law business torts based on joint venture,[12] and unjust enrichment, and is DENIED in all other respects, except that the court makes no determination on the merits of the parties' arguments regarding RICO and antitrust claims. CIBER's motion (doc. 234) is GRANTED INSOFAR as it seeks dismissal of plaintiff's claims against CIBER for violation of LUTPA, violation of LUTSA, fraud, and unjust enrichment, and is DENIED in all other respects, except that the court makes no determination on the merits of the parties' arguments regarding RICO and antitrust claims. Mark Kurt's motion (doc. 238) is GRANTED INSOFAR as it seeks dismissal of plaintiff's claims against Kurt for violation of LUTPA, state law fraud, tortious interference with business relations, and unjust enrichment, and is DENIED in all other respects, except that the court makes no determination on the merits of the

---

[12] As noted earlier in our ruling, the phrase "business torts based on joint venture" refers specifically to state law claims asserted by CamSoft against the Active-Southern Defendants based on breach of fiduciary duty, applicable gross negligence, intentional tortious misconduct, intentional breach of duty of loyalty, intentional unlawful distribution, and acts or omissions in bad faith or involving fraud or a knowing and intentional violation of law.

parties' arguments regarding RICO and antitrust claims. The Dell employees' motions (docs. 240, 241, 242) are GRANTED INSOFAR as they seek dismissal of plaintiff's claims for LUTPA violations, fraud, unjust enrichment, and conspiracy; however the court makes no determination regarding the merits of the parties' arguments regarding antitrust and RICO claims.

Dell's motion (doc. 239) is GRANTED INSOFAR as it seeks dismissal of plaintiff's LUTPA, fraud, and unjust enrichment claims, and DENIED in all other respects, except that the court makes no determination on the merits of the parties' arguments regarding RICO and antitrust claims. The EarthLink defendants' motions (docs. 243, 245) are GRANTED IN PART, and plaintiff's claims against these defendants for fraud, LUTPA, and unjust enrichment are DISMISSED; however, the court makes no determination on the merits of the parties' arguments regarding RICO and antitrust claims. Motorola's motion (doc. 244) is GRANTED IN PART, and plaintiff's claims against Motorola for fraud, LUTPA, and unjust enrichment are DISMISSED; however, the court makes no determination on the merits of the parties' arguments regarding RICO and antitrust claims. MMR's motion (doc. 246) is GRANTED INSOFAR as it seeks dismissal of plaintiff's claims against MMR for violation of LUTPA, violation of LUTSA, fraud, conspiracy, and unjust enrichment; however, the court makes no determination on the merits of the parties' arguments regarding RICO and

antitrust claims. Plaintiff's request for oral argument (doc. 281) is HEREBY DENIED.

Signed in Baton Rouge, Louisiana, on July 26, 2011.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**