UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CAMSOFT DATA SYSTEMS, INC.

VERSUS

SOUTHERN ELECTRONICS SUPPLY,
INC., ET AL.

CIVIL ACTION

NO. 09-1047-JJB

RULING AND ORDER

This matter is before the Court on multiple motions. Plaintiff CamSoft Data Systems ("CamSoft") brings a motion to certify the April 30, 2012 judgment (doc. 382) as final. (Doc. 389). The Active-Southern Defendants as well as Defendants Dell and CIBER filed a joint opposition. (Doc. 401). CamSoft has also filed a motion to amend or alter the Court's July 27, 2011 ruling (doc.399). Several Defendants filed individual oppositions (docs. 409, 410, 411, 412). CamSoft also filed a motion for leave to file a supplemental memorandum in support of this motion to amend (doc. 427), which defendants jointly opposed and CamSoft seeks leave to reply (doc. 429). Defendant CIBER also seeks summary judgment on the one remaining claim against it. (Doc. 391). CamSoft opposed the motion (doc. 393) and CIBER replied (doc. 398). For the following reasons, Plaintiff's motion to file a reply (doc. 429) is GRANTED. The other motions are DENIED.

Motion to Certify April 30, 2012 Ruling as Final Judgment

Federal Rule of Civil Procedure 54(b) provides, in relevant part, that a district court may direct entry of final judgment on fewer than all of the claims and parties involved only upon an express determination that "there is not just reason for delay." The Fifth Circuit has held that these judgments should be issued only in "exceptional occasions when an immediate appeal would avoid imposing an undue hardship or injustice on the party seeking appeal." *PYCA Industries v. Harrison County Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

In motion, CamSoft asks the Court to certify its April 30, 2012 judgment for interlocutory appeal. (Doc. 389). In this ruling, the Court dismissed all RICO and federal antitrust claims for lack of standing. (Doc. 382). In the process several Defendants were dismissed. CamSoft correctly notes that the effect of this ruling is the complete dismissal of these claims and defendants. CamSoft argues that there is no just cause for delay for the following reasons: the appeal arises from the same transaction or occurrence; the only remaining claims involve state law; and all parties would be in an uncertain state if forced to proceed without appeal of this ruling.

CamSoft contends there is a danger of duplicative discovery and trial relating to the RICO and federal antitrust claims in that, if the Court's ruling is reversed after trial, all parties would have to go back and litigate these claims. Defendant counter, and the Court agrees, that this is not the sort of hardship and

prejudice Rule 54(b) is designed to prevent—otherwise appeals under this rule would be common.

CamSoft also wishes the Court's earlier ruling denying remand to be certified. However, the motion currently under consideration is to have the April 30, 2012 ruling certified. That ruling only dealt with joint venture, RICO, and federal antitrust claims. The issue of jurisdiction, which was the subject of the remand motion, was not a part of the current 54(b) motion and thus would not be presented to the Federal Circuit for appeal even if the Court were to grant the motion.

As the Court finds CamSoft has not shown the sort of exceptional circumstances that justify this rare certification, the motion (doc. 389) is DENIED.

Motion to Amend July 27, 2011 Ruling Pursuant to Rule 54(b)

Next is CamSoft's motion to amend the Court's July 27, 2011 ruling (doc. 313) under Rule 54(b). For this motion, the relevant part of Rule 54(b) states that, if a district court does not direct entry of final judgment on ruling or order that adjudicates fewer than all of the claims or parties, such a ruling or order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Though less exacting than the standard of a Rule 59(e) motion to amend, courts are guided by the same principles. *Livingston Downs Racing Ass'n, Inc., v. Jefferson Downs Corp.,* 259 F.Supp. 2d

471, 475 (M.D. La, 2002). Generally, a Rule 59(e) motion should be granted where the judgment is based on manifest error of fact or law; newly discovered or previously unavailable evidence; an intervening change in the controlling law; or manifest injustice would otherwise result. Thus, the Court will attempt to balance the interests of finality and fairness in deciding whether to reconsider the July 27, 2011 ruling. *Id.* at 477.

Before getting to the merits of this motion, the Court will address a motion to file a supplemental memorandum in support of its motion to amend by CamSoft (doc. 427). In its motion, CamSoft announces it has "recently obtained the affidavit of Gregory Meffert, which contains previously unavailable facts relevant" to its motion to amend. (Doc. 427). In opposition, Defendants first argue the reply is untimely in that it was filed 49 days after their opposition. They also note that the Court denied Defendants' motion for an extension of the deadline to file their opposition. (Doc. 422). CamSoft sought leave to file a reply to this opposition. (Doc. 429). This motion (doc. 429) is GRANTED. The motion to file a supplemental memorandum (doc. 427), however, is DENIED. Though styled a supplemental memorandum, the Court finds it is really a reply brief. Reply briefs are not the proper place to raise new arguments. As that is the entirely of the substance of the brief, the motion is DENIED. Of course, CamSoft is free to file a new motion to amend under Rule 54(b).

As for the merits of the motion to amend, Plaintiff seeks to have three things amended regarding the Court's July 27, 2011 ruling: first, based on the Court's recent finding that there was no joint venture between CamSoft and the Active-Southern Defendants, CamSoft seeks to have the business torts based on joint venture restored; second, it seeks to have its trade secret claim against CIBER revived; third it seeks to have the trade secret claim against MMR revived. The Court will address these in reverse order.

Prior to the Court's July 27, 2011 ruling in which it dismissed CamSoft's trade secret claim against CIBER, CamSoft had sought leave to amend its complaint in order to add allegations relating to it RICO and antitrust violations and also to add two new parties. (Doc. 291 at 1, 3). This motion was granted and CamSoft was allowed to file a third amended complaint but was limited to adding the claims relating to RICO and antitrust. (Doc. 305). CamSoft now asserts it was prevented by the Court from amending its petition to add allegations relating to its trade secret claim against CIBER. (Doc. 399-1 at 3). The Court agrees with CIBER that CamSoft is far too late in the game to raise this issue; if it was unhappy with the limitation presented by the Court—which simply granted CamSoft exactly what it asked for—it should have said so then. Waiting until CIBER is on the cusp of dismissal is too late. In short, the "new evidence" CamSoft bases its Rule 54(b) motion on is not new at all—it is more than a year old. It is too late to seek reconsideration of the dismissal of the trade

5

secret claim against CIBER.  This request is DENIED. The request as it relates to MMR is DENIED for the same reasons.

As for the revival of the business torts, CamSoft's argument is without merit. CamSoft claims that, since there is no joint venture, the peremptive period imposed by Louisiana partnership law does not apply.  See La. R.S. 12:1502(B). The Court's earlier ruling, however, found these business torts had prescribed precisely because they were based on joint venture. (Doc. 313 at 8).  As there is now no joint venture, then there can be no claims for torts based on joint venture brought.  The motion is DENIED.

CIBER's Motion for Summary Judgment

CIBER seeks to have the sole remaining claim, for state law conspiracy. CIBER correctly notes that civil conspiracy is not an independent tort and requires a substantive tort.  (Doc. 391-2 at 3-4).  CIBER then points out that there are no other claims against it remaining and asks for the conspiracy claim to be dismissed. CamSoft correctly notes that CIBER overlooks is the fact that the underlying tort does not have be pending against it, rather it must be pending against any of its alleged coconspirators. (doc. 393 at 3).   In its reply, CIBER concedes this point and counters that the only remaining claim a conspiracy allegation could attach to is for misappropriation of trade secrets.  As the Court has already said there is no evidence of CIBER's part in such a conspiracy, CIBER argues the conspiracy claim must be dismissed.  (Doc. 398 at 3, citing

6

doc. 313 at 10). As the record is unclear as to whether there are any remaining claims a conspiracy allegation to attach, the motion (doc. 391) is DENIED.

It appears to the Court that there is some confusion among the parties as to exactly what claims remain at this point and against whom they are pending. In light of this, each party is given ten (10) days to outline what claims remain as to that party. In doing so, each defendant is to state what claims were originally pending and, if applicable, the document in which a particular claim was dismissed. CamSoft is to list, defendant by defendant, its original claims and, if applicable, the document in which a particular claim was dismissed. No argument or discussion is needed.

## CONCLUSION

For these reasons, Plaintiff's motion to file a reply memorandum (doc. 429) is GRANTED; its motion to file a supplemental memorandum (doc. 427) is DENIED. The motion to alter or amend the July 27, 2011 ruling (doc. 399) is DENIED. The motion to certify the April 30, 2012 ruling as a final judgment is DENIED. CIBER's motion for summary judgment (doc. 391) is DENIED. Further, all parties are ORDERED to file briefs as described above.

Signed in Baton Rouge, Louisiana, on August 16, 2012.

_____
JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

8