UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CAMSOFT DATA SYSTEMS, ET AL

VERSUS

SOUTHERN ELECTRONIC
SUPPLY, INC., ET AL

CIVIL ACTION

NO. 09-1047-JJB

**RULING AND ORDER OF REMAND**

In its August 16, 2012 Ruling, the Court ordered each party in this proceeding to "outline what claims remain as to that party." *R. 430*. Upon reviewing the parties' outlines, the parties are in agreement that only state law claims remain pending in this action. For the reasons explained below, the Court will *sua sponte* decline to exercise supplemental jurisdiction over plaintiff's state law claims and will remand this action to state court.

*Background*

CamSoft Data Systems, Inc. ("CamSoft") filed this law suit on August 21, 2009, in the Nineteenth Judicial District Court of Baton Rouge, Louisiana. CamSoft named a number of defendants claiming that they misappropriated and eventually sold a wireless video crime surveillance system owned in part and developed by CamSoft. The case was removed to this Court on December 14, 2009. *R. 1*. In addition to other civil suits, several criminal actions stemming from the same allegations as in this case have been prosecuted and resolved through trial or plea agreements. While the criminal cases were pending, the Court declined to issue a scheduling order in this case, but allowed the parties to conduct limited discovery

related to the defendants' motions to dismiss. The Court issued rulings dismissing all of CamSoft's federal causes of action, leaving only its state claims pending.

Because the Court originally had federal question jurisdiction, it is accepted that this Court has discretion to retain supplemental jurisdiction pursuant to the Court's reliance on the facts asserted in the removal notice. *See Brown v. Southwestern Bell*, 901 F.2d 1250, 1254–55 (5th Cir.1990) (holding that whether the court has a basis to remove a case is determined at the time of removal and if that basis is later deleted the court still has the discretion to hear or to remand the remaining claims). That the Court has discretion to exercise supplemental jurisdiction, however, does not mean that the court is compelled to or should retain federal jurisdiction. In fact, the "'general rule' " is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial. *Batiste v. Island Records Inc*. ., 179 F.3d 217, 227 (5th Cir.1999) (quoting *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir.1998)). When supplemental jurisdiction is discretionary, courts are instructed to consider the statutory factors set forth in 28 U.S.C. § 1367(c) as well as the common-law factors the Supreme Court listed in *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 (1988): "judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas County*, 641 F.3d 155 (5th Cir.2011).

### 28 U.S.C. § 1367(c) Factors

Chapter 28 U.S.C. § 1367(c) provides the following pertinent language:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

No single § 1367(c) factor is dispositive. *Batiste*, 179 F.3d at 227.

In *Enochs*, the Fifth Circuit cautioned district courts against exercising jurisdiction over lawsuits involving only supplemental state-law claims: "The courts in this circuit must remain diligent in following the Supreme Court's almost fifty-year-old command that federal courts avoid needless decisions of state law." *Enochs*, 641 F.3d at 163. Applying *Enochs* to this dispute leads to the conclusion that remand is appropriate. The statutory factors favor remand. The first statutory factor—whether the state-law claims raise novel or complex issues of state law—favors remand. CamSoft's state-law claims including breach of contract, tortious interference, unjust enrichment, fraud and promissory estoppel, as well as its claims surrounding the misappropriation of trade secrets under La. R.S. 51:1431 are neither novel nor complex. In fact, a related case, *Active Solutions, LLC v. Dell, Inc*, 73 So.3d 934 (La. App. 4 Cir., 2011), involving many of the same claims was recently decided in state court. This weighs in favor of removal. The second and third § 1367(c) factors strongly favor remand: all that remains in this case are state-law claims. The fourth factor does not apply as it is only to be invoked in rare and/or unusual cases, involving compelling

3

reasons to decline jurisdiction; no such "competing reasons" exist in this case.  *See Hawkins v. Coleman*, 2011 WL 4954621, at * 1, n. 3 (W.D.La. Oct.17 2011) . The applicable § 1367(c) factors support remand.

**Judicial Economy, Convenience, Fairness, and Comity**

The *Carnegie–Mellon* factors of judicial economy, convenience, fairness, and comity also support remand.  This case was removed to federal court within three (3) months after it was filed. A scheduling order was never entered based on the related criminal trial pending in state court.  The criminal cases were very recently resolved for the most part.  For that reason, although the case is three years, only minimal discovery has been completed - all of which  will be available to the parties in state court.  Only CamSoft's federal claims have been dismissed under Federal Rule of Civil Procedure 12(b).  As to the pending state law claims, little if anything  has been done in terms of trial preparation.   As *Enochs* emphasizes, it is both "certainly fair" to have the remaining state-law claims heard by a Louisiana state court, *id.* at 160, and consistent with interests of federalism.

In consideration of the above, the Court finds that no circumstances prevent it from following the general rule that it "should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."   *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Accordingly, this case will be remanded to the Nineteenth Judicial District Court, East Baton Rouge Parish, Baton Rouge, Louisiana.

Baton Rouge, Louisiana, <u>September 28, 2012</u>.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA