UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CAMSOFT DATA SYSTEMS, INC.                        CIVIL ACTION

VERSUS
                                                  NO. 09-1047-JJB
SOUTHERN ELECTRONICS SUPPLY, INC., ET AL.

**RULING ON MOTION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS**

This matter is before the Court on a Motion for Attorneys' Fees, Expenses, and Costs (Doc. 504) filed by the plaintiff, Camsoft Data Systems, Inc. (Camsoft). All defendants filed oppositions, and Camsoft filed a reply. Camsoft also moved for oral argument on the motion.

**Background**

In 2009, Camsoft sued multiple defendants over a patent dispute. (Doc. 1). Several defendants filed a notice of removal, which Camsoft challenged. *Id.*; (Doc. 16). The Magistrate Judge recommended that the case remain in federal court, and this Court denied Camsoft's objection of that recommendation. (Docs. 32, 41). Camsoft then appealed to the Federal Circuit, which transferred the appeal to the Fifth Circuit. (Doc. 498). While its appeals were pending, Camsoft filed an amended complaint asserting claims under several federal statutes. (Doc. 205). In 2014, the Fifth Circuit ruled that there was no subject matter jurisdiction and remanded the case to state court. (Doc. 530). Camsoft subsequently filed its motion seeking attorneys' fees, costs, and expenses. (Doc. 504). After several defendants objected, claiming they did not seek removal, Camsoft clarified that it was only seeking recovery from the defendants who removed the case initially. (Doc. 523 at 1). Those remaining defendants are: Southern Electronics Supply, Inc., Active Solutions LLC, Brian Fitzpatrick, Henry J. Burkhardt, Ignace A. Perrin III, CIBER, Inc., Dell Inc., Dell Marking, L.P., Steve Renecker, Bill Ridge, Heather Smith, and Mark Kurt.

1

DG

Later, Camsoft moved for oral argument on the motion, and the remaining defendants filed an opposition to which Camsoft replied. (Docs. 534, 535, 538).

## Law

Title 28 U.S.C. §1447(c) provides for "payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of improper removal." Attorneys' fees are not automatic. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir 2000). Courts consider the objective "merits of the defendant's case at time of removal" when determining whether to award attorneys' fees, not subjective bad faith. *Id*. The Court may award attorneys' fees only when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Courts have also rejected attorneys' fees when plaintiff's "conduct after removal plays a substantial role in causing the case to remain in federal court." *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

## Analysis

I. Attorneys' Fees

The Court has carefully reviewed all arguments and finds that the defendants' arguments are persuasive. The defendants did not lack an objectively reasonable basis for removal, and by filing multiple claims under federal law, the plaintiffs played a significant role in prolonging the suit's stay in federal court. Consequently, the Court will not award attorneys' fees even though the Fifth Circuit ultimately found removal improper.

II. Expenses and Costs

Under Local Rule 54.3, plaintiff should make an application with the Clerk's Office to have costs and expenses taxed against the removing defendants.

III. Oral argument

In light of the Court's ruling on attorneys fees' and the requirement in Local Rule 54.3 to make an application with the Clerk's Office for costs and expenses, Camsoft's Motion for Oral Argument is moot.

## **Conclusion**

Camsoft's Motion for Attorneys' Fees, Expenses, and Costs (Doc. 504) is DENIED in part with respect to attorneys' fees and referred to the Clerk's Office regarding costs and expenses. Camsoft's Motion for Oral Argument (Doc. 534) is MOOT.

Signed in Baton Rouge, Louisiana, on February 5, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**